UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

05 11614 WGY

MAGISTRATE JUDGE MBB

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) CIVIL ACTION NO. _____ |
| VESTMONT LIMITED PARTNERSHIP, VESTMONT LIMITED PARTNERSHIP II, VESTMONT LIMITED PARTNERSHIP III, and VESTERRA CORPORATION d/b/a MONTGOMERY SQUARE PARTNERSHIP, | ) ) ) ) ) |
| Defendants. | ) ) ) |

RECEIPT # 65989
AMOUNT $ 250
SUMMONS ISSUED 4
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8 13 05

## COMPLAINT

### Introduction

1.    This is an action for a breach of contract brought by plaintiff John Hancock Life Insurance Company ("John Hancock") against defendants Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation d/b/a Montgomery Square Partnership whereby John Hancock seeks compensation for the Defendants' breach of a Commitment for a First Mortgage Loan (the "Loan Commitment"), pursuant to which John Hancock agreed to provide, and Defendants agreed to obtain from John Hancock, a mortgage loan in the amount of approximately $32,000,000 (the "Loan"). Defendants have breached the Loan Commitment, *inter alia*, by refusing to close the Loan on or before August 1, 2005 as required by the terms of that agreement.

## Parties

2.      Plaintiff John Hancock Life Insurance Company ("John Hancock") is a company, duly formed and existing under the laws of the Commonwealth of Massachusetts, that maintains its corporate headquarters in Boston, Suffolk County, Massachusetts. John Hancock is one of the nation's leading insurance companies, providing a broad array of insurance and investment products to retail and institutional customers, primarily in North America. The Real Estate Investment Group at John Hancock, in particular, provides variable rate commercial mortgage loans on substantial properties, including, *inter alia*, large residential apartment complexes.

3.      Upon information and belief, defendant Vestmont Limited Partnership is a limited partnership duly formed and existing under the laws of the Commonwealth of Pennsylvania, that maintains its principal place of business at 490 Norristown Road, Blue Bell, Pennsylvania. Vestmont Limited Partnership is a general partner of Montgomery Square Partnership.

4.      Upon information and belief, defendant Vestmont Limited Partnership II is a limited partnership duly formed and existing under the laws of the Commonwealth of Pennsylvania, that maintains its principal place of business at 490 Norristown Road, Blue Bell, Pennsylvania. Vestmont Limited Partnership II is a general partner of Montgomery Square Partnership.

5.      Upon information and belief, defendant Vestmont Limited Partnership III is a limited partnership duly formed and existing under the laws of the Commonwealth of Pennsylvania, that maintains its principal place of business at 490 Norristown Road, Blue Bell, Pennsylvania. Vestmont Limited Partnership III is a general partner of Montgomery Square Partnership.

6.      Upon information and belief, defendant Vesterra Corporation is a corporation duly formed and existing under the laws of the Commonwealth of Pennsylvania, that maintains its principal place of business at 490 Norristown Road, Blue Bell, Pennsylvania. Vesterra Corporation is the general partner of Vestmont Limited Partnership, Vestmont Limited Partnership II, and Vestmont Limited Partnership III. Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation hereinafter are collectively referred to as "Montgomery."

## Jurisdiction and Venue

7.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

8.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events giving rise to this Complaint occurred in this district and, further, because Condition 35 of the Loan Commitment states that it "shall be deemed to be executed and performable in and governed by the substantive laws of Massachusetts."

## Facts

9.      Montgomery is the owner of a 256-unit residential apartment complex located in North Wales, Pennsylvania, known as "Avenel at Montgomery Square" (the "Avenel Apartments"). On or about August 17, 2004, John Hancock and Montgomery entered into a binding Loan Commitment whereby John Hancock agreed to finance, and Montgomery agreed to accept, a mortgage loan on the Avenel Apartments in the amount of $32,000,000 (the "Loan").

10.     The terms and conditions of the Loan Commitment are set forth in Montgomery's July 30, 2004 "Application to John Hancock Life Insurance Company for a First Mortgage

-3-

Loan" and the exhibits and supplements thereto (collectively, the "Application"), which Application was accepted by John Hancock on August 17, 2004. Condition 27(b) of the Loan Commitment specifically provides that, "[i]n the event that John Hancock accepts this Application . . . and forwards an executed copy thereof to [Montgomery], [Montgomery] will borrow [the Loan]."

11.     In reliance on Montgomery's commitment to accepting the Loan, John Hancock allocated and set aside assets for the purpose of funding the Loan and made commitments to third parties based thereon.

12.     As acknowledged by Montgomery in the Loan Commitment, the interest rate on the Loan ordinarily would have been locked in for a period of only sixty (60) days, and Montgomery would have been required to close on the Loan within such period. The Loan Commitment, however, allowed Montgomery to lock in the interest rate on the Loan for a period of up to three hundred sixty-five (365) days before it closed the Loan. The extension of the rate lock period was beneficial to Montgomery because it allowed Montgomery to take advantage of then-existing interest rates and protect itself from future, potentially unfavorable rate fluctuations.

13.     The terms of the Loan Commitment obligate Montgomery to close on the Loan with John Hancock on or before August 1, 2005. However, the Loan Commitment also affords Montgomery the opportunity to extend the closing date up to six (6) times for periods of up to thirty (30) days each, *i.e.*, for an aggregate period of one hundred eighty (180) days. To extend the closing date, Montgomery must notify John Hancock in writing no later than ten (10) days prior before the closing date that it had elected to extend the closing date.

-4-

14.     The terms of the Loan Commitment further obligate Montgomery, *inter alia*, to provide John Hancock with various information and materials pertinent to the Loan, including all proposed instruments and documents, at least twenty-one (21) days prior to the scheduled Loan closing date.

15.     Notwithstanding the terms of the Loan Commitment, Montgomery did not provide John Hancock with the required information and materials pertinent to the Loan prior to the scheduled Loan closing date.

16.     Notwithstanding the terms of the Loan Commitment, Montgomery did not close on the Loan on or before the scheduled closing date of August 1, 2005. Nor has Montgomery ever notified John Hancock that it was exercising its right to extend that closing date.

17.     Upon information and belief, notwithstanding the terms of the Loan Commitment, Montgomery has no intention of closing the Loan with John Hancock now or in the future.

## Claim

## COUNT I
## (Breach of Contract)

18.     John Hancock hereby repeats and incorporates herein the allegations set forth in Paragraphs 1 through 17 of the Complaint, *supra*.

19.     The Loan Commitment constitutes a valid and binding agreement between the parties. John Hancock has performed all of its relevant obligations under the Loan Commitment.

20.     Condition 30(d) of the Loan Commitment expressly provides, *inter alia*, that "if the Loan shall not have been Closed by the Closing Date or as the same may be extended . . . John Hancock shall be entitled to recover from [Montgomery] all damages, losses, costs and expenses suffered or incurred by John Hancock as a result of [the failure to close the Loan]."

-5-

21.    Montgomery has breached its obligations to John Hancock under the Loan Commitment, *inter alia*, by failing to provide John Hancock with the required information and materials pertinent to the Loan prior to the scheduled closing date of August 1, 2005, and by failing to close on the Loan as required on or before that date.

22.    As a direct, proximate and foreseeable result of Montgomery's various breaches of the Loan Commitment, John Hancock has suffered, and continues to suffer, losses and monetary damages in an amount to be determined.

## **Prayer for Relief**

WHEREFORE, John Hancock respectfully requests that this Court:

(a)    enter a final judgment in its favor and against Montgomery;

(b)    award John Hancock its losses and monetary damages, including interest, costs and attorney's fees, to which it is entitled under the Loan Commitment and by law; and

(c)    grant such other and further relief as the Court deems appropriate in the circumstances.

JOHN HANCOCK LIFE INSURANCE
COMPANY

By its attorneys,

Brian A. Davis (BBO No. 546462)
Lisa M. Gaulin (BBO No. 654655)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5000
Fax: 617-248-4000

Date:    August 3, 2005

3966074.1

-6-

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)___ John Hancock Life Insurance Company v. Vestmont Limited
   Partnership

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
   rule 40.1(a)(1)).

   [✓]  I.     160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]  II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   [✓]  III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   [ ]  IV.    220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.     150, 152, 153.

   05 11614 WGY

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.


4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES [ ]        NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
   §2403)
                                                                    YES [ ]        NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES [ ]        NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES [ ]        NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                    YES [✓]        NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division  [✓]          Central Division  [ ]          Western Division  [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
        residing in Massachusetts reside?

        Eastern Division  [ ]          Central Division  [ ]          Western Division  [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
   submit a separate sheet identifying the motions)

                                                                    YES [ ]        NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Brian A. Davis, Lisa M. Gaulin
ADDRESS   Two International Place, Boston, MA 02110
TELEPHONE NO.   (617) 248-5000

(CategoryForm.wpd  - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

John Hancock Life Insurance Company

**(b)** County of Residence of First Listed Plaintiff    Suffolk County, MA.
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See Attached

## DEFENDANTS Vestmont Limited Partnership,
Vestmont Limited Partnership II, Vestmont
Limited Partnership III, and Vesterra Corporation
d/b/a Montgomery Square Partnership
County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(a)

Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
08/03/2005

SIGNATURE OF ATTORNEY OF RECORD
Lisa Hauli

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____