UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP, VESTMONT LIMITED PARTNERSHIP II, VESTMONT LIMITED PARTNERSHIP III, and VESTERRA CORPORATION d/b/a MONTGOMERY SQUARE PARTNERSHIP,<br><br>Defendants. | CIVIL ACTION NO. 05-11614-WGY |

## PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM

Plaintiff/Counterclaim Defendant John Hancock Life Insurance Company ("John Hancock"), by its attorneys, hereby answers the Counterclaim of Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation d/b/a Montgomery Square Partnership (collectively, "Vesterra") filed against it in the above-captioned action as follows:

### Counterclaim

With respect to the first, unnumbered paragraph of the Counterclaim, John Hancock admits that Vesterra purports to assert a counterclaim against John Hancock. John Hancock denies, however, that Vesterra has set forth allegations sufficient to support such counterclaim.

1. Paragraph 1 of the Counterclaim sets forth legal conclusions or other non-factual allegations to which no response is required. John Hancock otherwise denies the allegations in Paragraph 1.

### The Parties

2. John Hancock admits the allegations contained in Paragraph 2 of the Counterclaim.

3. John Hancock admits the allegations contained in Paragraph 3 of the Counterclaim.

4. John Hancock admits the allegations contained in Paragraph 4 of the Counterclaim.

5. John Hancock currently is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Counterclaim, except that it admits that Vesterra Corporation is a Pennsylvania corporation.

6. John Hancock admits the allegations contained in Paragraph 6 of the Counterclaim.

### Jurisdiction and Venue

7. Paragraph 7 of the Counterclaim sets forth legal conclusions or other non-factual allegations to which no response is required.

8. Paragraph 8 of the Counterclaim sets forth a legal conclusion to which no response is required.

### Underlying Facts

9. John Hancock admits that, on or about July 30, 2004, Vesterra submitted an "Application to John Hancock Life Insurance Company for a First Mortgage Loan," and that an

incomplete copy of the Loan Application and the exhibits and supplements thereto (collectively, the "Loan Application") is attached to the Counterclaim as <u>Exhibit A</u>. John Hancock otherwise denies the allegations contained in Paragraph 9 of the Counterclaim.

10. John Hancock states that the Loan Application speaks for itself. Answering further, John Hancock admits that the quoted language appears in the text of the Loan Application, and that Vesterra previously paid John Hancock a $5,000 Processing Fee pursuant to the express terms of the Loan Application. John Hancock otherwise denies the allegations contained in Paragraph 10 of the Counterclaim.

11. John Hancock states that the Loan Application speaks for itself. Answering further, John Hancock admits the allegations contained in Paragraph 11 of the Counterclaim.

12. John Hancock admits that the Loan Application was accepted by John Hancock on or about August 17, 2004. John Hancock otherwise denies the allegations contained in Paragraph 12 of the Counterclaim.

13. John Hancock states that the Loan Application speaks for itself. Answering further, John Hancock admits that the quoted language appears in the text of the Loan Application. John Hancock otherwise denies the allegations contained in Paragraph 13 of the Counterclaim.

14. John Hancock states that the Loan Application speaks for itself. Answering further, John Hancock admits that the quoted language appears in the text of the Loan Application. John Hancock otherwise denies the allegations contained in Paragraph 14 of the Counterclaim.

15. John Hancock states that the Loan Application speaks for itself. Answering further, John Hancock admits that the quoted language appears in the text of the Loan

Application. John Hancock otherwise denies the allegations contained in Paragraph 15 of the Counterclaim.

16. John Hancock admits that it drew upon the Letters of Credit, in the amount of $960,000, in early August 2005 pursuant to the express terms of the parties' written agreements. John Hancock otherwise denies the allegations contained in Paragraph 16 of the Counterclaim.

## COUNTERCLAIM – COUNT I
### Declaratory Judgment

17. John Hancock hereby repeats and incorporates by reference its responses to Paragraphs 1 through 16 of the Counterclaim, *supra*.

18. John Hancock denies the allegations contained in Paragraph 18 of the Counterclaim.

19. John Hancock denies the allegations contained in Paragraph 19 of the Counterclaim.

## COUNTERCLAIM – COUNT II
### Unjust Enrichment

20. John Hancock hereby repeats and incorporates by reference its responses to Paragraphs 1 through 19 of the Counterclaim, *supra*.

21. John Hancock admits that it previously received a $5,000 Processing Fee from Vesterra, and that it subsequently drew upon the Letters of Credit, in the amount of $960,000, in early August 2005 pursuant to the express terms of the parties' written agreements. John Hancock otherwise denies the allegations contained in Paragraph 21 of the Counterclaim.

22. John Hancock denies the allegations contained in Paragraph 22 of the Counterclaim.

## COUNTERCLAIM – COUNT III
### Money Had and Received

23. John Hancock hereby repeats and incorporates by reference its responses to Paragraphs 1 through 22 of the Counterclaim, *supra*.

24. John Hancock admits that it previously received a $5,000 Processing Fee from Vesterra, and that it subsequently drew upon the Letters of Credit, in the amount of $960,000, in early August 2005 pursuant to the express terms of the parties' written agreements. John Hancock otherwise denies the allegations contained in Paragraph 24 of the Counterclaim.

25. John Hancock denies the allegations contained in Paragraph 25 of the Counterclaim.

## COUNTERCLAIM – COUNT IV
### Conversion

26. John Hancock hereby repeats and incorporates by reference its responses to Paragraphs 1 through 25 of the Counterclaim, *supra*.

27. John Hancock denies the allegations contained in Paragraph 27 of the Counterclaim.

28. John Hancock denies the allegations contained in Paragraph 28 of the Counterclaim.

29. John Hancock denies the allegations contained in Paragraph 29 of the Counterclaim.

John Hancock states that the prayer for relief following Paragraph 29 of the Counterclaim sets forth legal conclusions or other non-factual allegations to which no response is required. To the extent that a response is deemed necessary, John Hancock denies that Vesterra is entitled to the relief requested therein, or to any other relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Vesterra has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Vesterra is barred from obtaining any relief from John Hancock by virtue of its unclean hands.

### Third Affirmative Defense

If Vesterra has been harmed at all, such harm was caused by Vesterra or its representatives.

### Fourth Affirmative Defense

Vesterra's claim for damages is barred, in whole or in part, by Vesterra's material violations of the parties' agreements.

### Fifth Affirmative Defense

Vesterra's claim for damages is barred, in whole or in part, by Vesterra's failure to mitigate its alleged damages.

### Sixth Affirmative Defense

Vesterra's claim for damages is barred by the doctrine of waiver and/or estoppel.

### Seventh Affirmative Defense

Some or all of the damages claimed by Vesterra are not recoverable as a matter of law.

### Eighth Affirmative Defense

Vesterra's claims are barred by the terms of the written contract to which it is a party.

### Ninth Affirmative Defense

John Hancock reserves the right to assert further affirmative defenses.

WHEREFORE, John Hancock respectfully requests that this Court dismiss Vesterra's Counterclaim with prejudice, that judgment be entered in favor of John Hancock and against Vesterra with respect to Vesterra's Counterclaim, and that John Hancock be awarded the costs of this action, together with such other and further relief as may be appropriate in the circumstances.

> JOHN HANCOCK LIFE INSURANCE COMPANY
>
> By its attorneys,
>
>    /s/ Brian A. Davis
> Brian A. Davis (BBO No. 546462)
> Lisa M. Gaulin (BBO No. 654655)
> CHOATE, HALL & STEWART LLP
> Two International Place
> Boston, Massachusetts 02110
> Tele: 617-248-5000
> Fax: 617-248-4000

Date: September 26, 2005

3981881 v 1