UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP,<br>VESTMONT LIMITED PARTNERSHIP II,<br>VESTMONT LIMITED PARTNERSHIP III,<br>and VESTERRA CORPORATION d/b/a<br>MONTGOMERY SQUARE PARTNERSHIP,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 05-11614-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, plaintiff John Hancock Life Insurance Company and defendants Vestmont Limited Partnership; Vestmont Limited Partnership II; Vestmont Limited Partnership III; and Vesterra Corporation d/b/a Montgomery Square Partnership jointly move for the entry of the Stipulated Protective Order filed herewith and attached hereto as Exhibit A. In support thereof, the parties state that confidential or other proprietary commercial information is likely to be produced in connection with this action, and that the parties wish to protect such information against disclosure as set forth in the Stipulated Protective Order.

WHEREFORE, the parties respectfully request that the Court endorse the attached Stipulated Protective Order as a protective order that will govern in this action.

| | |
|---|---|
| VESTMONT LIMITED PARTNERSHIP, VESTMONT LIMITED PARTNERSHIP II, VESTMONT LIMITED PARTNERSHIP III, and VESTERRA CORPORATION d/b/a MONTGOMERY SQUARE PARTNERSHIP | JOHN HANCOCK LIFE INSURANCE COMPANY |
| By their attorneys, | By its attorneys, |
| /s/Robert D. Hillman<br>Steven J. Brooks (BBO # 059140)<br>Robert D. Hillman (BBO # 552637)<br>DEUTSCH WILLIAMS BROOKS<br>DeRENSIS & HOLLAND, P.C.<br>99 Summer Street<br>Boston, MA 02110-1213<br>Tele.: 617-951-2300 | /s/Brian A. Davis<br>Brian A. Davis (BBO # 546462)<br>Lisa M. Gaulin (BBO # 654655)<br>CHOATE, HALL & STEWART LLP<br>Two International Place<br>Boston, MA 02110<br>Tele.: 617-248-4000 |

Howard D. Scher, Esq.
Brian J. McCormick, Jr., Esq.
C. Randolph Ross, Esq.
BUCHANAN INGERSOLL PC
1835 Market Street, Floor 14
Philadelphia, PA 19103
Tele.: 215-665-8700

Date: October 27 2005

4003791 1

# Exhibit A

Case 1:05-cv-11614-WGY   Document 6-2   Filed 10/28/2005   Page 1 of 15

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP,<br>VESTMONT LIMITED PARTNERSHIP II,<br>VESTMONT LIMITED PARTNERSHIP III,<br>and VESTERRA CORPORATION d/b/a<br>MONTGOMERY SQUARE PARTNERSHIP,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-11614-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, certain documents, materials and other information of parties John Hancock Life Insurance Company, Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation d/b/a Montgomery Square Partnership (individually, a "Party," collectively, the "Parties") or other entities subject to discovery or disclosure in this action (the "Litigation") may be claimed to constitute or contain confidential, trade secret, or proprietary commercial information; and

WHEREAS, the interests of the Parties, and the proprietary activities in which they are engaged, would be jeopardized if non-public, product development, marketing, strategic, planning, financial and other confidential, competitively sensitive materials and information that is produced in this Litigation were disclosed; and

WHEREAS, the Parties wish to ensure that any and all proprietary or confidential commercial information that is produced in this Litigation is not disseminated beyond the confines of the Litigation;

NOW, THEREFORE, the Parties hereby stipulate and agree, pursuant to Fed. R. Civ. P.26(c)(7), and this Court hereby orders as follows:

1. This Stipulated Protective Order (the "Stipulated Order") shall govern the handling and treatment of all confidential, trade secret, or proprietary documents, materials and other information, including deposition testimony and deposition transcripts, that are produced or provided in the course of any pre-litigation compliance audit involving the Parties, in pre-trial discovery, and in preparation for trial in this Litigation.

2. Documents produced and testimony given in this Litigation, including without limitation, documents and testimony designated as "CONFIDENTIAL" under the provisions of this Stipulated Order, or information derived therefrom, shall be used solely for purposes of the preparation and trial of the Litigation, for any related appellate proceeding, and for no other purpose, including without limitation any commercial or business purpose.

3. For purposes of this Stipulated Order, the term "Producing Party" shall mean any Party to this Litigation who produces or discloses information or materials in the Litigation, or whose witnesses give deposition testimony. The term "Producing Party" also shall include any non-party who agrees, in writing, to be bound by the terms of this Stipulated Order pursuant to Paragraph 9, *infra,* and produces or discloses confidential or proprietary information in the Litigation. The term "Receiving Party" shall mean any Party or non-party to whom information or materials are produced or disclosed in this Litigation, or who elicits

deposition testimony from a Producing Party. The term "Designating Party" shall mean any Party or non-party who designates documents or information as CONFIDENTIAL pursuant to the terms of this Stipulated Order.

4. For purposes of this Stipulated Order, the words "document" and "documents" shall mean all written or electronic documents, data, materials, videotapes, and other tangible items, and all information contained therein or that can be derived therefrom.

5. A Party may designate as "CONFIDENTIAL" any document or information (including discovery responses or portions thereof), not known to the general public, which the Designating Party, in good faith, deems to incorporate or embody confidential, trade secret, or proprietary commercial information belonging to the Designating Party. Such designation shall be made at the time of delivery of a copy of the document or information by the Producing Party to the Receiving Party. The designation CONFIDENTIAL shall be made by stamping or writing the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the face of the copy of the document or information so designated.

6. A Party or participating non-party may designate any deposition transcript or portion thereof as CONFIDENTIAL by so stating on the record or by giving notice in writing to the other Parties and participating non-parties within twenty-one (21) calendar days of receipt of the deposition transcript, prior to which time all deposition transcripts shall be treated by the Parties as CONFIDENTIAL MATERIAL in their entirety. Whenever CONFIDENTIAL MATERIAL is expected to be disclosed in a deposition, the Producing Party or participating non-party making the confidential designation shall have the right to exclude from attendance at the deposition every person except the deponent, the stenographer,

and those individuals authorized under Paragraph 11 of this Stipulated Order, *infra*, to receive the CONFIDENTIAL MATERIAL. All designations of confidentiality shall be made reasonably and in good faith.

7. If a Producing Party elects to produce original files and records for inspection and the inspecting Party desires to inspect those files, no CONFIDENTIAL designation need be made by the Producing Party in advance of the initial inspection. Thereafter, upon selection of specified documents for copying by the inspecting Party, the Producing Party shall designate the copies of such documents as may contain protected subject matter with the CONFIDENTIAL designation at the time the copies are produced to the inspecting Party in accordance with the provisions of this Stipulated Order. During the time between the inspection of such original files and records and production of copies of such files and records, the Parties agree to treat all of the files and records subject to inspection as if they had been designated CONFIDENTIAL pursuant to the terms of this Stipulated Order.

8. Documents or information designated as CONFIDENTIAL in accordance with the terms of this Stipulated Order hereinafter are referred to collectively as "CONFIDENTIAL MATERIAL." All CONFIDENTIAL MATERIAL not reduced to documentary or tangible form or which cannot reasonably be designated in the manner set forth in Paragraphs 5, 6 or 7, *supra*, shall be designated by a Party as CONFIDENTIAL by informing the other Party of such designation in writing contemporaneous with the production of the CONFIDENTIAL MATERIAL and by labeling the container for such CONFIDENTIAL MATERIAL with the appropriate legend.

9. Non-parties to this Litigation may accept and agree to be bound by the terms of this Stipulated Order, provided that each such non-party first shall execute an acknowledgment and agreement, in the form attached hereto as <u>Exhibit A</u>, and provide a copy of the executed <u>Exhibit A</u> to all current Parties. A non-party to this Litigation that thereby agrees to be bound by the terms of this Stipulated Order may designate any discoverable documents or information not known to the general public which the non-party, in good faith, deems to be confidential, trade secret, or proprietary in nature, as CONFIDENTIAL by means of the procedures described in Paragraphs 5, 6, 7 or 8, *supra*. All documents or information designated as CONFIDENTIAL by a non-party in accordance with the terms of this Stipulated Order shall be treated by the Parties as CONFIDENTIAL MATERIAL.

10. Notwithstanding the foregoing, a Producing Party's or non-party's inadvertent failure to designate a document or information as CONFIDENTIAL MATERIAL as set forth *supra* shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Stipulated Order. Promptly upon learning of an inadvertent failure to designate a document or information as CONFIDENTIAL MATERIAL, the Producing Party or non-party may so designate a document or information as CONFIDENTIAL MATERIAL, with the effect that the designated document or information thereafter shall be subject to the protections of this Stipulated Order. In the event that a belated designation is made, each Receiving Party or non-party promptly shall take all reasonable steps to retrieve the relevant material to the extent it has been disclosed to persons who would not be authorized to view it under Paragraph 11 of this Stipulated Order, *infra,* and shall return any unmarked copies of the relevant material that are recovered to the Producing

Party or non-party within fourteen (14) calendar days of the receipt of properly marked, substitute copies from the Producing Party.

11. All documents designated as CONFIDENTIAL, and any information obtained from such documents, shall be retained by outside counsel, shall be used for the purpose of this Litigation only, and for no other purpose, and shall not be disclosed to any other person; *provided, however, that* documents designated as CONFIDENTIAL may be disclosed to the following:

(a) outside counsel and members, associates and employees of the firms of which outside counsel are members. For purposes of this Stipulated Order, "outside counsel" shall mean the firm Choate, Hall & Stewart LLP for plaintiff John Hancock Life Insurance Company, and the firms Deutsch Williams Brooks Derensis & Holland, P.C. and Buchanan Ingersoll P.C. for defendants Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation d/b/a Montgomery Square Partnership;

(b) present in-house counsel, officers and employees of each Party who are given access to the documents by outside counsel for said Party as is reasonably necessary for the purposes of this Litigation and for no other purpose;

(c) former employees of each Party who are given access to the documents by outside counsel for said Party as is necessary for the purposes of this Litigation and for no other purpose, *provided that* each such former employee first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be hound by the provisions of this Stipulated Order;

(d) the Court, as provided in Paragraph 13, *infra;*

(e) independent stenographic personnel, court reporters, videographers, or photocopying, document imaging or database services providing services in the Litigation;

(f) outside experts or consultants retained by a Party for purposes of the Litigation, *provided that* each such expert or consultant first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order;

(g) any witness or deponent who may or actually does give testimony in the Litigation, *provided that:* (i) such witness or deponent is listed on the face of the CONFIDENTIAL MATERIAL, is the originator, author, or an identified recipient of such CONFIDENTIAL MATERIAL, has personal knowledge concerning such CONFIDENTIAL MATERIAL, or has personal knowledge regarding the subject matter of the CONFIDENTIAL MATERIAL; (ii) such witness or deponent is a current officer, director, or employee of the Producing Party; (iii) the Producing Party consents in writing to the disclosure of the CONFIDENTIAL MATERIAL to such witness or deponent; or (iv) the Court orders such disclosure; and

(h) any other person to whom the Producing Party agrees beforehand, in writing, that disclosure may be made, or to whom the Court determines that disclosure may be made.

12. Counsel of record for the Parties shall employ reasonable protective measures to ensure that the information and documents governed by this Stipulated Order are used only for the purposes specified herein, and disclosed only to authorized persons. All CONFIDENTIAL MATERIAL shall be kept in a secure manner by each Receiving Party and by those who are authorized to have access to such material as set forth in Paragraph 11, *supra*.

13. All CONFIDENTIAL MATERIAL presented to the Court through argument, memoranda, pleadings or otherwise shall be submitted pursuant to the rules for impoundment set forth in Local Rule 7.2 (D. Mass.) (Impounded and Confidential Materials). The Designating Party may file whatever papers it deems appropriate in support of such motion for impoundment. All CONFIDENTIAL MATERIAL that a Party is granted leave to file with the Court shall be submitted under seal by filing the document(s) in a sealed envelope or container bearing a statement substantially in the following form:

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER ENTERED BY THE COURT

This envelope (or container) containing the above-identified papers filed by [name of Party], is not to be opened nor the contents thereof displayed or revealed except by further Order of the Court or by agreement of the Parties.

The contents of such filings shall be kept under seal by the Court and treated in accordance with the provisions of this Stipulated Order.

14. If a Party or participating non-party that has obtained CONFIDENTIAL MATERIAL pursuant to this Stipulated Order: (a) is subpoenaed in another proceeding; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process by one not a Party to this Litigation, for the purpose of obtaining the disclosure of such CONFIDENTIAL MATERIAL, the Receiving Party shall give prompt written notice of its receipt of such subpoena, demand or legal process to counsel of record for all Parties to the Litigation and any participating non-party so as to allow any Party or participating non-party at least ten (10) days, or such lesser time as such subpoena, demand or legal process specifies for production, to intercede and protect its rights. Provided that such notice is given, nothing herein shall be construed as requiring any Party or anyone else covered by this Stipulated Order to challenge or appeal any order requiring production of any CONFIDENTIAL MATERIAL, or to subject itself to *any* penalties for non-compliance with any subpoena, demand or legal process, or to seek any related relief from this or any Court.

15. Nothing in this Stipulated Order is intended to determine or affect, in any way, the use or admissibility of such CONFIDENTIAL MATERIAL in this Litigation. Furthermore, nothing herein shall be deemed to restrict in any manner any Party's dissemination or use of its own CONFIDENTIAL MATERIAL.

16. In the event that any CONFIDENTIAL MATERIAL is, either intentionally or inadvertently, disclosed to someone not authorized to receive such material under this Stipulated Order, or if a person so authorized breaches any of his or her obligations under this Stipulated Order, counsel of record for the Party involved immediately shall disclose the unauthorized disclosure or breach to the Producing Party's counsel of record, and also shall use his or her best efforts to obtain the return of all copies of the CONFIDENTIAL MATERIAL and to prevent any further disclosures of the same.

17. The restrictions concerning CONFIDENTIAL MATERIAL set forth in this Stipulated Order shall not apply to any document or information which, as can be demonstrated from written documents, deposition testimony or other tangible evidence:

    (a)    was, is or becomes public knowledge, not in violation of the provisions of this Stipulated Order;

    (b)    was or is acquired in good faith from a person possessing the right to disclose such information who is not a Producing Party, related to a Producing Party, or a former or present employee of a Producing Party; or

    (c)    was or is discovered or created independently by the Receiving Party.

18. If a Receiving Party objects to the designation by a Producing Party or participating non-party of any document or information as CONFIDENTIAL MATERIAL, the Receiving Party so objecting shall state the objection by letter to counsel of record for the Producing Party, or by letter to the designating non-party directly if no counsel has appeared on their behalf, and copy all counsel of record in this action. After providing this notice of objection, the Parties (and to the extent the challenged designation is made by a participating non-party, such non-party or its counsel) shall confer within seven (7) calendar days in an attempt to resolve the dispute regarding the designation of the documents or information. If

the Parties are unable to resolve the dispute, the Receiving Party may within an additional seven (7) calendar days move the Court to remove the CONFIDENTIAL designation. In resolving any such motion, the Producing Party shall have the burden of demonstrating that the document or information at issue constitutes CONFIDENTIAL MATERIAL. Until the Court rules on the motion, the relevant documents or information shall continue to be treated by each Receiving Party or participating non-party as CONFIDENTIAL as designated by the Producing Party or non-party.

19.   Nothing herein shall preclude any Party or non-party from seeking an order from the Court that any portion of the evidence be taken *in camera,* with all related testimony and CONFIDENTIAL MATERIAL sealed and withheld from the general public.

20.   Upon final termination of this action, and exhaustion of all avenues of appeal, each Receiving Party shall assemble and destroy or return to the appropriate Producing Party, all CONFIDENTIAL MATERIAL (except attorney work product), and all copies thereof, *provided that* nothing herein shall preclude outside counsel of record for each Party from retaining one copy of each CONFIDENTIAL document that was attached or identified as an exhibit (i) to any pleading or paper submitted to the court during the course of this Litigation or (ii) to a deposition taken in this Litigation, or (iii) to a list of exhibits to be used at any trial or hearing in this Litigation, and all such documents shall remain subject to this Stipulated Order.

21.   Nothing herein shall prevent a Party from seeking to amend, modify or change the terms of this Stipulated Order, either by means of a signed agreement between all of the Parties (and relevant non-parties, to the extent that their interests are affected) that is submitted

to the Court, or by moving for relief from the Court. Furthermore, nothing in this Stipulated Order shall be deemed to affect or govern the disclosure, dissemination, production, admissibility or use of documents or information claimed to be protected by the attorney-client privilege, the work product doctrine or any other privilege, immunity or protection.

22. Upon execution, this Stipulated Order shall be binding upon the Parties hereto, upon each non-party that has agreed to abide by its terms, and upon their respective counsel of record, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, partners, limited partners, employees, agents and independent contractors.

23. In the event anyone shall violate or threaten to violate the terms of this Stipulated Order, the aggrieved Party immediately may apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulated Order, and in the event that the aggrieved Party does so, the responding Party, subject to the provisions of this Stipulated Order, shall not employ as a defense thereto the claim that the aggrieved Party possesses an adequate remedy at law.

24. This Stipulated Order is effective immediately and shall survive the conclusion of this Litigation. This Court shall retain jurisdiction for the purpose of enforcing the terms of this Stipulated Order.

[signature page follows]

AGREED TO BY THE PARTIES:

| | |
|---|---|
| VESTMONT LIMITED PARTNERSHIP, VESTMONT LIMITED PARTNERSHIP II, VESTMONT LIMITED PARTNERSHIP III, and VESTERRA CORPORATION d/b/a MONTGOMERY SQUARE PARTNERSHIP | JOHN HANCOCK LIFE INSURANCE COMPANY |
| By their attorneys, | By its attorneys, |
| /s/Robert D. Hillman<br>Steven J. Brooks (BBO # 059140)<br>Robert D. Hillman (BBO # 552637)<br>DEUTSCH WILLIAMS BROOKS<br>DeRENSIS & HOLLAND, P.C.<br>99 Summer Street<br>Boston, MA 02110-1213<br>Tele.: 617-951-2300 | /s/Brian A. Davis<br>Brian A. Davis (BBO # 546462)<br>Lisa M. Gaulin (BBO # 654655)<br>CHOATE, HALL & STEWART LLP<br>Two International Place<br>Boston, MA 02110<br>Tele.: 617-248-4000 |
| /s/Brian J. McCormick<br>Howard D. Scher, Esq.<br>Brian J. McCormick, Jr., Esq.<br>C. Randolph Ross, Esq.<br>BUCHANAN INGERSOLL PC<br>1835 Market Street, Floor 14<br>Philadelphia, PA 19103<br>Tele.: 215-665-8700 | |

SO ORDERED this ___ day of _____, 2005

_____
United States District Court Judge

4003391.1

## EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VESTMONT LIMITED PARTNERSHIP, )<br>VESTMONT LIMITED PARTNERSHIP II, )<br>VESTMONT LIMITED PARTNERSHIP III, )<br>and VESTERRA CORPORATION d/b/a )<br>MONTGOMERY SQUARE PARTNERSHIP, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 05-11614-WGY |

## ACKNOWLEDGMENT OF,
## AND AGREEMENT TO BE BOUND BY,
## STIPULATED PROTECTIVE ORDER

The undersigned, on oath, deposes and states as follows:

I, _____, do hereby acknowledge that I have been provided with a copy of the Stipulated Protective Order governing the treatment of CONFIDENTIAL MATERIAL produced by the Parties or non-parties in the above-referenced litigation (the "Stipulated Order").

I have read, and I understand, the provisions of the Stipulated Order, and I hereby represent and warrant that I am bound by it and agree to abide by it. I further acknowledge that I may be held responsible for any failure on my part to comply with all provisions of the

Stipulated Order, and agree to submit myself to the jurisdiction of this Court for purposes of enforcing the Stipulated Order. I understand that a violation of the Stipulated Order may subject me to sanctions and damages, including for contempt of Court.

    Signed under the pains and penalties of perjury in_____ (city, state).

Date:_____, 200__        Signature:_____