UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP,<br>VESTMONT LIMITED PARTNERSHIP II,<br>VESTMONT LIMITED PARTNERSHIP III,<br>and VESTERRA CORPORATION d/b/a<br>MONTGOMERY SQUARE PARTNERSHIP,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 05-11614-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF JOHN HANCOCK LIFE INSURANCE COMPANY'S
MOTION FOR PRELIMINARY INJUNCTIVE RELIEF
PROHIBITING DEFENDANTS FROM DISPOSING OF CERTAIN ASSETS**

Plaintiff John Hancock Life Insurance Company ("John Hancock" or "Hancock") hereby moves, pursuant to Fed. R. Civ. P. 64 and 65, for preliminary injunctive relief prohibiting defendants Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation d/b/a Montgomery Square Partnership (collectively, "Montgomery Partners" or the "Defendants") from proceeding with their plan to dispose of their primary marketable asset, a new, 256 unit residential apartment complex known as "Avenel at Montgomery Square" (the "Avenel Apartments"), during the pendency of this action. Alternatively, John Hancock seeks an order directing Montgomery

Partners to place a sufficient amount of funds from that sale in escrow during the pendency of this action in order to ensure prompt payment of any judgment in favor of John Hancock.

John Hancock is highly likely to succeed on the merits of its breach of contract claim against Montgomery Partners in this action, and injunctive relief is necessary and appropriate to preserve Hancock's damages remedy. *See* Boston Athletic Assoc. v. Int'l Marathons, Inc., 392 Mass. 356, 362 (1984); Teradyne, Inc. v. Mostek Corp., 797 F.2d 43, 51-52 (1st Cir. 1986). Moreover, the balance of hardships weighs heavily in favor of granting the relief sought by John Hancock, and issuing an injunction in this case will not harm the public interest. For all of these reasons, John Hancock's Motion should be granted.

In support of this Motion, John Hancock relies upon the Affidavits of John P. Ferrie and Brian A. Davis, and the Memorandum of Law, which are filed simultaneously herewith.

### Request for Oral Argument

John Hancock respectfully requests oral argument on this Motion.

JOHN HANCOCK LIFE INSURANCE COMPANY

By its attorneys,

_____
Brian A. Davis (BBO No. 546462)
Lisa M. Gaulin (BBO No. 654655)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tele: 617-248-5000
Fax: 617-248-4000

Date:  February 8, 2006

4041249.1

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel for the Plaintiff hereby certifies that he has conferred in good faith with counsel for the Defendants concerning the subject matter of this Motion. The parties were not able to resolve or narrow the issues raised therein.

_____
Brian A. Davis

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served by hand, or by electronic and regular mail, upon counsel for each other party on February 8, 2006.

_____
Brian A. Davis