UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VESTMONT LIMITED PARTNERSHIP, )<br>VESTMONT LIMITED PARTNERSHIP II, )<br>VESTMONT LIMITED PARTNERSHIP III, )<br>and VESTERRA CORPORATION d/b/a )<br>MONTGOMERY SQUARE PARTNERSHIP, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 05-11614-WGY |

## PLAINTIFF'S ASSENTED-TO MOTION TO IMPOUND CONFIDENTIAL INFORMATION

Plaintiff John Hancock Life Insurance Company ("John Hancock" or "Hancock") hereby move, pursuant to Local Rule 7.2, that the Court impound John Hancock's Memorandum Of Law In Support Of Its Motion For Preliminary Injunctive Relief Prohibiting Defendants From Disposing Of Certain Assets and supporting Affidavits of John P. Ferrie and Brian A. Davis.

Grounds are this motion are that:

1. This is an action in which John Hancock seeks to enforce the unambiguous terms of a $32 million loan commitment that Hancock and defendants Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra

Corporation d/b/a Montgomery Square Partnership (collectively, "Montgomery Partners" or the "Defendants") entered into in August 2004 (the "Loan Commitment"). John Hancock has moved for preliminary injunctive relief prohibiting from proceeding with their plan to dispose of their primary marketable asset, a new, 256 unit residential apartment complex known as "Avenel at Montgomery Square" (the "Avenel Apartments"), during the pendency of this action. Alternatively, John Hancock seeks an order directing Montgomery Partners to place a sufficient amount of funds from that sale in escrow during the pendency of this action in order to ensure prompt payment of any judgment in favor of John Hancock.

2.     John Hancock's Memorandum Of Law In Support Of Its Motion For Preliminary Injunctive Relief Prohibiting Defendants From Disposing Of Certain Assets and supporting Affidavits of John P. Ferrie and Brian A. Davis necessarily contain relevant information that Montgomery Partners claims is "Confidential" under the terms of the Stipulated Protective Order filed in this action on October 28, 2005.

3.     Pursuant to Paragraph 13 of that Stipulated Protective Order, "[a]ll CONFIDENTIAL MATERIAL presented to the Court through argument, memoranda, pleadings or otherwise shall be submitted pursuant to the rules for impoundment set forth in Local Rule 7.2..."

WHEREFORE, John Hancock respectfully requests that its Memorandum Of Law In Support Of Its Motion For Preliminary Injunctive Relief Prohibiting Defendants From Disposing Of Certain Assets in this action, as well as the supporting Affidavits of John P. Ferrie and Brian A. Davis Complaint, be impounded until further Order of the Court. Upon

termination of the impoundment period, John Hancock will retrieve and take custody of such documents.

JOHN HANCOCK LIFE INSURANCE
COMPANY

By its attorneys,

_____
Brian A. Davis (BBO No. 546462)
Lisa M. Gaulin (BBO No. 654655)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5000

Date: February 8, 2006

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel for the Plaintiff hereby certifies that he has conferred in good faith with counsel for the Defendants concerning the subject matter of this Motion. The Defendants assent to the relief requested herein.

_____
Brian A. Davis

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served by electronic and regular mail upon counsel for each other party on February 8, 2006.

_____
Brian A. Davis

4042546.1