UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> VESTMONT LIMITED PARTNERSHIP, <br> VESTMONT LIMITED PARTNERSHIP II, <br> VESTMONT LIMITED PARTNERSHIP III, <br> and VESTERRA CORPORATION d/b/a <br> MONTGOMERY SQUARE PARTNERSHIP, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 05-11614-WGY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF JOHN HANCOCK LIFE INSURANCE COMPANY'S ANSWER TO DEFENDANTS' AMENDED COUNTERCLAIM

Plaintiff/counterclaim defendant John Hancock Life Insurance Company ("John Hancock"), by its attorneys, hereby answers the Amended Counterclaim of Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation d/b/a Montgomery Square Partnership (collectively, "Vesterra") filed against it in the above-captioned action as follows:

### Amended Counterclaim

With respect to the first, unnumbered paragraph of the Amended Counterclaim, John Hancock admits that Vesterra purports to assert a counterclaim against John Hancock. John

-2-

Hancock denies, however, that Vesterra has set forth allegations sufficient to support such counterclaim.

1.    Paragraph 1 of the Amended Counterclaim sets forth legal conclusions or other non-factual allegations to which no response is required.  John Hancock otherwise denies the allegations in Paragraph 1.

## The Parties

2.    John Hancock admits the allegations contained in Paragraph 2 of the Amended Counterclaim.

3.    John Hancock admits the allegations contained in Paragraph 3 of the Amended Counterclaim.

4.    John Hancock admits the allegations contained in Paragraph 4 of the Amended Counterclaim.

5.    John Hancock currently is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Counterclaim, except that it admits that Vesterra Corporation is a Pennsylvania corporation.

6.    John Hancock admits the allegations contained in Paragraph 6 of the Amended Counterclaim.

## Jurisdiction and Venue

7.    Paragraph 7 of the Amended Counterclaim sets forth legal conclusions or other non-factual allegations to which no response is required.

8.    Paragraph 8 of the Amended Counterclaim sets forth a legal conclusion to which no response is required.

## Underlying Facts

9.    John Hancock admits that, in 2004, John Hancock drafted and negotiated with Vesterra the terms of a document that is entitled "Application to John Hancock Life Insurance Company for a First Mortgage Loan," and that a copy of the Loan Application and the exhibits and supplements thereto (collectively, the "Loan Application") is attached to the Amended Counterclaim as Exhibit A.    John Hancock otherwise denies the allegations contained in Paragraph 9 of the Amended Counterclaim.

10.    John Hancock admits that all of the face-to-face negotiations between the parties took place in Pennsylvania.    John Hancock otherwise denies the allegations contained in Paragraph 10 of the Amended Counterclaim.

11.    John Hancock admits the allegations contained in Paragraph 11 of the Amended Counterclaim.

12.    John Hancock admits the allegations contained in Paragraph 12 of the Amended Counterclaim.

13.    John Hancock states that the Loan Application speaks for itself.    Answering further, John Hancock admits that the quoted language appears in the text of the Loan Application and that the Loan Application is "deemed to be executed and performable in and governed by the substantive laws of Massachusetts."

14.    John Hancock states that the Loan Application speaks for itself.    Answering further, John Hancock admits that the terms appear in the text of the Loan Application, and that Vesterra previously paid John Hancock a $5,000 Processing Fee pursuant to the express

terms of the Loan Application. John Hancock otherwise denies the allegations contained in Paragraph 14 of the Amended Counterclaim.

15.    John Hancock admits the allegations contained in Paragraph 15 of the Amended Counterclaim.

16.    John Hancock states that the Loan Application speaks for itself. Answering further, John Hancock admits the allegations contained in Paragraph 16 of the Amended Counterclaim.

17.    John Hancock admits that the Loan Application was accepted by John Hancock on or about August 17, 2004. John Hancock otherwise denies the allegations contained in Paragraph 17 of the Amended Counterclaim.

18.    John Hancock states that the Loan Application speaks for itself. Answering further, John Hancock admits that the quoted language appears in the text of the Loan Application. John Hancock otherwise denies the allegations contained in Paragraph 18 of the Amended Counterclaim.

19.    John Hancock states that the Loan Application speaks for itself. Answering further, John Hancock admits that the quoted language appears in the text of the Loan Application. John Hancock otherwise denies the allegations contained in Paragraph 19 of the Amended Counterclaim.

20.    John Hancock denies the allegations contained in Paragraph 20 of the Amended Counterclaim.

21.    John Hancock denies the allegations contained in Paragraph 21 of the Amended Counterclaim.

22.    John Hancock currently is without knowledge or information sufficient to form a belief as to the truth of what Vesterra believed as stated in the allegations contained in Paragraph 22 of the Amended Counterclaim.

23.    John Hancock states that the Loan Application speaks for itself. Answering further, John Hancock admits that the terms appear in the text of the Loan Application. John Hancock otherwise denies the allegations contained in Paragraph 23 of the Amended Counterclaim.

24.    John Hancock admits that the Loan Application represents that if, after acceptance, the Terms and Conditions therein were met by Vesterra, it would have funded the loan to Vesterra. John Hancock otherwise denies the allegations contained in Paragraph 24 of the Amended Counterclaim.

25.    John Hancock denies the allegations contained in Paragraph 25 of the Amended Counterclaim.

26.    John Hancock denies the allegations contained in Paragraph 26 of the Amended Counterclaim.

27.    John Hancock admits that document Bates Numbers JH 405- JH 425, attached as Exhibit B, illustrates an internal mechanism for approving loans. John Hancock further admits that the second page of this document (the "John Hancock Approval") contains the signatures indicating approval by the appropriate John Hancock employees. John Hancock otherwise denies the allegations contained in Paragraph 27 of the Amended Counterclaim.

28.    John Hancock states that the John Hancock Approval speaks for itself. Answering further, John Hancock admits that the quoted language appears in the text of the

John Hancock Approval. John Hancock otherwise denies the allegations contained in Paragraph 28 of the Amended Counterclaim.

29.    John Hancock admits that meeting the 10% Constant benchmark, in accordance with Hancock's internal underwriting assumptions as stated in the Loan Approval, was a requirement for the approval and disbursement of the Loan. John Hancock otherwise denies the allegations contained in Paragraph 29 of the Amended Counterclaim.

30.    John Hancock admits that it utilized its own financial assumptions in determining that Vesterra met the 10% Constant benchmark for purposes of approving and disbursing the Loan. John Hancock otherwise denies the allegations contained in Paragraph 30 of the Amended Counterclaim.

31.    John Hancock denies the allegations contained in Paragraph 31 of the Amended Counterclaim.

32.    John Hancock denies the allegations contained in Paragraph 32 of the Amended Counterclaim.

33.    John Hancock admits that it drew upon the Letters of Credit, in the amount of $960,000, in early August 2005 pursuant to the express terms of the parties' written agreements. John Hancock otherwise denies the allegations contained in Paragraph 33 of the Amended Counterclaim.

## COUNTERCLAIM – COUNT I
### Declaratory Judgment

34.    John Hancock hereby repeats and incorporates by reference its responses to Paragraphs 1 through 33 of the Amended Counterclaim, *supra*.

35.     John Hancock denies the allegations contained in Paragraph 35 of the Amended Counterclaim.

36.     John Hancock denies the allegations contained in Paragraph 36 of the Amended Counterclaim.

## COUNTERCLAIM – COUNT II
### Unjust Enrichment

37.     John Hancock hereby repeats and incorporates by reference its responses to Paragraphs 1 through 36 of the Amended Counterclaim, *supra*.

38.     John Hancock admits that it previously received a $5,000 Processing Fee from Vesterra, and that it subsequently drew upon the Letters of Credit, in the amount of $960,000, in early August 2005 pursuant to the express terms of the parties' written agreements.  John Hancock otherwise denies the allegations contained in Paragraph 38 of the Amended Counterclaim.

39.     John Hancock denies the allegations contained in Paragraph 39 of the Amended Counterclaim.

## COUNTERCLAIM – COUNT III
### Money Had and Received

40.     John Hancock hereby repeats and incorporates by reference its responses to Paragraphs 1 through 39 of the Amended Counterclaim, *supra*.

41.     John Hancock admits that it previously received a $5,000 Processing Fee from Vesterra, and that it subsequently drew upon the Letters of Credit, in the amount of $960,000, in early August 2005 pursuant to the express terms of the parties' written agreements.  John

Hancock otherwise denies the allegations contained in Paragraph 41 of the Amended Counterclaim.

42.    John Hancock denies the allegations contained in Paragraph 42 of the Amended Counterclaim.

## COUNTERCLAIM – COUNT IV
### Conversion

43.    John Hancock hereby repeats and incorporates by reference its responses to Paragraphs 1 through 42 of the Amended Counterclaim, *supra*.

44.    John Hancock denies the allegations contained in Paragraph 44 of the Amended Counterclaim.

45.    John Hancock denies the allegations contained in Paragraph 45 of the Amended Counterclaim.

46.    John Hancock denies the allegations contained in Paragraph 46 of the Amended Counterclaim.

## COUNTERCLAIM – COUNT V
### Common Law Fraud and Deceit

47.    John Hancock hereby repeats and incorporates by reference its responses to Paragraphs 1 through 46 of the Amended Counterclaim, *supra*.

48.    John Hancock denies the allegations contained in Paragraph 48 of the Amended Counterclaim.

49.    John Hancock admits that meeting the 10% Constant benchmark, in accordance with Hancock's internal underwriting assumptions as stated in the Loan Approval, was a

requirement for the approval and disbursement of the Loan. John Hancock otherwise denies the allegations contained in Paragraph 49 of the Amended Counterclaim.

50. John Hancock denies the allegations contained in Paragraph 50 of the Amended Counterclaim.

51. John Hancock denies the allegations contained in Paragraph 51 of the Amended Counterclaim.

52. John Hancock denies the allegations contained in Paragraph 52 of the Amended Counterclaim.

53. John Hancock denies the allegations contained in Paragraph 53 of the Amended Counterclaim.

54. John Hancock denies the allegations contained in Paragraph 54 of the Amended Counterclaim.

55. John Hancock denies the allegations contained in Paragraph 55 of the Amended Counterclaim.

56. John Hancock denies the allegations contained in Paragraph 56 of the Amended Counterclaim.

<div align="center">

**COUNTERCLAIM – COUNT VI**
**Unfair and Deceptive Practices under Massachusetts G.L. c. 93A**

</div>

57. John Hancock hereby repeats and incorporates by reference its responses to Paragraphs 1 through 56 of the Amended Counterclaim, *supra*.

58. Paragraph 58 of the Amended Counterclaim sets forth legal conclusions or other non-factual allegations to which no response by John Hancock is required.

59.    John Hancock denies the allegations contained in Paragraph 59 of the Amended Counterclaim.

60.    John Hancock denies the allegations contained in Paragraph 60 of the Amended Counterclaim.

61.    John Hancock denies the allegations contained in Paragraph 61 of the Amended Counterclaim.

62.    John Hancock denies the allegations contained in Paragraph 62 of the Amended Counterclaim.

63.    John Hancock denies the allegations contained in Paragraph 63 of the Amended Counterclaim.

64.    John Hancock denies the allegations contained in Paragraph 64 of the Amended Counterclaim.

65.    John Hancock denies the allegations contained in Paragraph 65 of the Amended Counterclaim.

John Hancock states that the prayer for relief following Paragraph 65 of the Amended Counterclaim sets forth legal conclusions or other non-factual allegations to which no response is required.  To the extent that a response is deemed necessary, John Hancock denies that Vesterra is entitled to the relief requested therein, or to any other relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Vesterra has failed to state a claim upon which relief may be granted.

## Second Affirmative Defense

Vesterra is barred from obtaining any relief from John Hancock by virtue of its unclean hands.

## Third Affirmative Defense

If Vesterra has been harmed at all, such harm was caused by Vesterra or its representatives.

## Fourth Affirmative Defense

Vesterra's claim for damages is barred, in whole or in part, by Vesterra's material violations of the parties' agreements.

## Fifth Affirmative Defense

Vesterra's claim for damages is barred, in whole or in part, by Vesterra's failure to mitigate its alleged damages.

## Sixth Affirmative Defense

Vesterra's claim for damages is barred by the doctrine of waiver and/or estoppel.

## Seventh Affirmative Defense

Some or all of the damages claimed by Vesterra are not recoverable as a matter of law.

## Eighth Affirmative Defense

Vesterra's claims are barred by the terms of the written contract to which it is a party.

## Ninth Affirmative Defense

Vesterra's claim under M.G.L. c. 93A is barred because the transactions constituting the alleged unfair or deceptive act or practice did not occur primarily and substantially within the Commonwealth of Massachusetts.

-12-

## Tenth Affirmative Defense

John Hancock reserves the right to assert further affirmative defenses.

WHEREFORE, John Hancock respectfully requests that this Court dismiss Vesterra's Amended Counterclaim with prejudice, that judgment be entered in favor of John Hancock and against Vesterra with respect to Vesterra's Amended Counterclaim, and that John Hancock be awarded the costs of this action, together with such other and further relief as may be appropriate in the circumstances.

<div style="margin-left:50%">

JOHN HANCOCK LIFE INSURANCE COMPANY

By its attorneys,

   /s/ Brian A. Davis

Brian A. Davis (BBO No. 546462)
Paul D. Popeo (BBO No. 567727)
Lisa M. Gaulin (BBO No. 654655)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5000
Fax: 617-248-4000

</div>

Date: February 24, 2006

4048107.1

-13-

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 24, 2006.

/s/ Brian A. Davis