UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP, et al.,<br><br>Defendants. | Civil Action No. 05-11614 WGY<br><br>JURY TRIAL DEMANDED |

## **DEFENDANTS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants hereby move, pursuant to Fed. R. Civ. P. 56, for partial summary judgment on the breach of contract claim alleged by Plaintiff John Hancock Life Insurance Company ("John Hancock"). The unambiguous terms of the loan application at issue in this lawsuit establish that, if the that document is found to be a contract between John Hancock and Defendants, the only damages that John Hancock could for the alleged breach thereof are those specified in Condition 30(d) thereof, which do not include "yield maintenance" damages, that is, the equivalent of the interest not collected by John Hancock on a loan that was never made. Such "yield maintenance" provisions are in fact specifically detailed in the loan application, but are explicitly applicable only to circumstances that could occur <u>after</u> the loan had been closed and a note executed with the pertinent terms, that specifically applied only to (1) prepayment of the loan, and (2) default on the note. *See* Conditions 3(g) and 6(d). Thus, according to well established legal principles, as explained more fully in the accompanying memorandum of law,

Defendants are entitled to summary judgment that the loan application must be interpreted to exclude such damages for breach of only the terms and conditions of the application itself.

In the alternative, if the Court finds any ambiguity in the meaning of the terms of the loan application, parol evidence also supports this same interpretation of the terms, as explained in the accompanying memorandum of law and statement of undisputed facts.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

The undersigned conferred with counsel for all parties in a good faith effort to resolve or narrow the issues contained in this motion.

Respectfully submitted,

Dated: March 14, 2006

/s/ Robert D. Hillman
Steven J. Brooks (BBO # 059140)
Robert D. Hillman (BBO # 552637)
DEUTSCH WILLIAMS BROOKS
DeRENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
Tele.: 617-951-2300

/s/ Howard D. Scher
Howard D. Scher (admitted *pro hac vice*)
C. Randolph Ross (admitted *pro hac vice*)
Brian J. McCormick, Jr. (admitted *pro hac vice*)
BUCHANAN INGERSOLL PC
1835 Market Street, Floor 14
Philadelphia, PA 19103
Tele.: 215-665-8700

Attorneys for Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III and Vesterra Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP, et al.,<br><br>              Defendants. | Civil Action No. 05-11614 WGY |

    I, Brian J. McCormick, Jr., hereby certify that on this 14th day of March 2006, the following documents have been filed electronically and are available for viewing and downloading on the Electronic Case Filing System of the United States District Court for the District of Massachusetts:

    (1)    Defendants' Cross-Motion for Partial Summary Judgment;

    (2)    Memorandum of Law in Support of Defendants' Cross-Motion for Partial Summary Judgment;

    (3)    Defendants' Statement of Undisputed Facts in Support of Their Cross-Motion for Partial Summary Judgment;

    (4)    Declaration of Brian J. McCormick, Jr. in Support of Defendants' Cross-Motion for Partial Summary Judgment.

    I further certify that I caused a true and correct copy of these documents to be served by first-class, regular mail upon the following:

Brian A. Davis, Esquire
Paul D. Popeo, Esquire
Choate Hall & Stewart, LLP
Two International Place
Boston, MA 02110

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Brian J. McCormick, Jr.
Brian J. McCormick, Jr.