UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                            )
JOHN HANCOCK LIFE INSURANCE )
COMPANY,                    )
                            )
        Plaintiffs,         )
                            )
    v.                      )  CIVIL ACTION
                            )  NO. 05-11614-WGY
VESTMONT LIMITED PARTNERSHIP,  )
VESTMONT LIMITED PARTNERSHIP II, )
VESTMONT LIMITED PARTNERSHIP III )
& VESTERRA CORPORATION d/b/a )
MONTGOMERY SQUARE PARTNERSHIP, )
                            )
        Defendants.         )
_____ )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                    March 20, 2006


On March 16, 2006, the Court heard arguments as to a Motion
for Summary Judgment [Doc. No. 22] filed by John Hancock
("Hancock") and took under advisement that motion, as well as a
Cross Motion for Partial Summary Judgment [Doc. No. 32] filed by
Vestmont Limited Partnership, Vestmont Limited Partnership II,
Vestmont Limited Partnership III, and Vesterra Corporation d/b/a/
Montgomery Square Partnership (collectively, "Vesterra").  After
due consideration of the arguments made at the hearing and in the
briefs, the Court is prepared to make its ruling.

The Court rules that there exists a valid contract between Vesterra and Hancock formed on August 17, 2004 when the Application to John Hancock Life Insurance Company for a First Mortgage Loan ("Loan Application") was signed by Timothy J. Malik, Senior Investment Officer for Hancock, indicating Hancock's acceptance of the application.  See Answer [Doc. No. 2], Ex. 2 ("Loan Application") at 26-28 (signature pages).  The 10% Constant benchmark was never incorporated into the terms of the Loan Application; so as to this contract, there was a meeting of the minds.

Despite the Court's ruling as to the existence of a valid contract, there is still a genuine issue of material fact as to whether Hancock was ready, willing, and able to perform under the contract.  See Singarella v. City of Boston, 342 Mass. 385, 387 (1961) (identifying as an element of any breach of contract claim that plaintiff was ready, willing and able to perform under the contract); see also Interstate Litho Corp. v. Brown, 255 F.3d 19, 28 (1st Cir. 2001) (ruling that the issue of whether the plaintiff was able to perform was for the jury to decide).  Hancock's application of the 10% Constant to Vesterra's Loan Application raises a question as to Hancock's willingness to perform under the contract; therefore, summary judgment as to the breach of contract claim must be DENIED.

2

Summary judgment is ALLOWED as to Vesterra's counterclaim for fraudulent inducement (Count V).  Am. Countercl. [Doc. No. 18] ¶¶ 47-56.  Assuming facts in favor of Vesterra, the timing of events raises no issue of material fact as to whether a misrepresentation occurred prior to Vesterra's decision to submit its Loan Application to Hancock.  Vesterra signed and submitted the loan application on July 30, 2004.  See Def. Statement of Disputed Facts in Opp'n to Pl.'s Mot. for Summ. J. [Doc. No. 30] ("Def. Facts") ¶ 11; Loan Application at 26-28 (signature pages).

According to Vesterra, the 10% Constant was requested by Hancock officials to be applied to the loan application during the approval process and after Vesterra had already submitted the Loan Application.  See Def. Facts ¶ 11 (stating that once the Loan Application was submitted by Vesterra, the new head of Hancock's mortgage loan operations, upon receiving the application, insisted that the application meet an additional requirement of the 10% Constant).  Vesterra has not raised an issue of material fact as to whether, prior to Vesterra's submission, Hancock misrepresented -- at that time -- its intention to close the loan in accordance with the terms of the Loan Application, having intended to apply the 10% Constant.

In addition, the only alleged misrepresentation Vesterra identifies is located in the Loan Application itself.  See Am. Countercl. ¶ 48 ("John Hancock misrepresented a material fact by

indicating <u>in the Loan Application</u> that all of the requirements

for disbursement of the Loan were contained therein." (emphasis

added)). Vesterra does not identify a specific provision of the

Loan Application in making this assertion; however, the

application does state that "[i]n the event John Hancock accepts

this Application . . . , then John Hancock agrees to make the

Loan upon and subject to the provisions contained in the Terms

and Conditions hereof . . . ." Loan Application ¶ 27(b). As

noted earlier, Hancock countersigned the Application on August

17, 2004. Even assuming this statement could be regarded as a

misrepresentation, any representations made in the application

could not be attributed to Hancock until Hancock signed the

application on August 17, 2004 -- <u>after</u> Vesterra signed and

submitted the Loan Application. Vesterra has identified no

representations made prior to its decision to submit the Loan

Application. The failure of Vesterra to identify any such

representations requires the Court rule that Vesterra's claim of

fraudulent inducement cannot stand.

Summary judgment is also ALLOWED as to Vesterra's

counterclaim for unjust enrichment (Count II). Am. Countercl. ¶¶

37-39. As the Court has ruled that there exists an enforceable

contract between the parties, an unjust enrichment claim cannot

lie. <u>See</u> <u>In Re Lupron Mktg. & Sales Practices Litig.</u>, 295 F.

Supp. 2d 148, 182 (D. Mass. 2003) (Stearns, J.) ("Where a

4

contract does govern the parties relationship, the contract provides the measure of the plaintiff's right and no action for unjust enrichment lies.").

Summary judgment is DENIED as to the counterclaim under Massachusetts General Laws Chapter 93A (Count VI).  Am. Countercl. ¶¶ 57-65.  Hancock has failed to meet its burden in showing that the alleged deceptive acts -- namely, the alleged addition of an undisclosed condition to the disbursement of the loan -- did not occur "primarily and substantially" in Massachusetts.  See Mass. Gen. Laws ch. 93A, § 11; Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 470 (2003) (holding that the burden of proof rests with the person alleging that acts did not occur "primarily and substantially" in Massachusetts).

Vesterra has agreed to the dismissal of its counterclaims for Money Had and Received (Count III), Am. Countercl. ¶¶ 40-42, and Conversion (Count IV), Am. Countercl. ¶¶ 43-46.

Vesterra's Cross Motion for Partial Summary Judgment [Doc. No. 32] is DENIED.  The provision governing liability in the event of a failure to close the loan indicates that the borrower would be liable for all "losses" and "damages" as a result of the failure to close.  Loan Application ¶ 30.  There is a genuine issue as to what losses were contemplated by the parties at the time they entered into this contract.  The fact that the default

5

and prepayment provisions of the contract specifically identify, as a formula for a penalty payment, <u>see</u> Loan Application ¶¶ 3(g), 6(d), the same formula (if it is, in fact, the same formula) now being proposed by Hancock to measure its losses for the failure to close, cannot establish, as matter of law, that this method of calculation was meant to be excluded as a measure of losses for a failure to close the loan.  This does not mean that the Court adopts Hancock's measure of damages.  According to the Loan Application, Hancock must prove what losses <u>resulted from</u> the failure to close which necessarily requires evidence of how much Hancock actually intended to disburse.

Accordingly, Hancock's Motion for Summary Judgment [Doc. No. 22] is ALLOWED in part and DENIED in part.  Vesterra's Cross Motion for Partial Summary Judgment [Doc. No. 32] is DENIED.


SO ORDERED.

/s/ William G. Young

WILLIAM G. YOUNG
DISTRICT JUDGE

6