UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP,<br>VESTMONT LIMITED PARTNERSHIP II,<br>VESTMONT LIMITED PARTNERSHIP III,<br>and VESTERRA CORPORATION d/b/a<br>MONTGOMERY SQUARE PARTNERSHIP,<br><br>    Defendants/Counterclaim Plaintiffs. | CIVIL ACTION NO. 05-11614-WGY |

## PLAINTIFF JOHN HANCOCK LIFE INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO AMEND THEIR COUNTERCLAIM

Plaintiff John Hancock Life Insurance Company ("John Hancock" or "Hancock") hereby opposes the second motion of defendants Vestmont Limited Partnership, *et al.* (collectively, "Montgomery Partners"), to amend their counterclaim in this action, filed on March 22, 2006 (the "Second Motion to Amend"). As grounds for its opposition, John Hancock states that:

    1.    To the extent that Montgomery Partners' proposed Second Amended Complaint once again asserts counterclaims for "Declaratory Judgment" (Second Amended Counterclaim, Count I), "Unjust Enrichment" (*id.*, Count II), "Money Had and Received" (*id.*, Count III),

"Conversion" (*id.*, Count IV), and "Common Law Fraud and Deceit" (*id.*, Count V), those claims already have been dismissed pursuant to this Court's Memorandum and Order, dated March 20, 2006. Montgomery Partners cannot reassert the same claims yet again. Piazza v. Aponte Roque, 909 F.2d 35, 38 (1st Cir. 1990) (citation omitted) (noting that the law of the case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided"). *See also* United States v. Moran, 393 F.3d 1, 7 (1st Cir. 2004) (citation omitted) (commenting that the law of the case doctrine "contemplates that a legal decision made at one stage of a criminal or civil proceeding should remain the law of that case throughout the litigation, unless and until the decision is modified or overruled by a higher court"); Peterson v. Hopson, 306 Mass. 597, 599 (1940) ("Where there has been no change of circumstances, a court or judge is not bound to reconsider a case, an issue, or a question or fact of law, once decided.").

2. To the extent that Montgomery Partners' proposed Second Amended Counterclaim purports to assert additional counterclaims for a "Declaratory Judgment - Breach of the Loan Application" (Second Amended Counterclaim, Count VII) and "Pennsylvania Common Law Fraud - Intentional Non-Disclosure" (*id.*, Count VIII), Montgomery Partners has failed to meet its burden for filing an amended counterclaim. The Court already has heard and decided the parties' cross-motions for summary judgment in this action. In the First Circuit, when a motion for leave to amend is filed after summary judgment practice, the moving party must "demonstrate to the district court that the proposed amendments [a]re supported by substantial and convincing evidence." Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994) (internal quotation marks and citations omitted). Here, Montgomery

Partners has not even attempted to meet this test in its Second Motion to Amend, nor could it do so if it tried. Montgomery Partners offers *no* evidence, let alone "substantial and convincing" evidence, that John Hancock was not ready, willing and able to close the Loan according to the terms set out in the parties' Loan Commitment. Without such evidence, which does not exist, Montgomery Partners' counterclaims cannot succeed. Id. (acknowledging the substantial and convincing evidence standard and finding "[t]here was no such showing").

3. Montgomery Partners' proposed counterclaims are unnecessarily duplicative of claims that already are in the case or that already have been dismissed. Montgomery Partners' proposed counterclaim for "Declaratory Judgment - Breach of the Loan Application" (Second Amended Counterclaim, Count VII) is unnecessary because this counterclaim simply mirrors John Hancock's breach of contract claim, which will be resolved at trial. Montgomery Partners' proposed counterclaim for "Common Law Fraud and Deceit" (*id.*, Count V) raises issues that were, or could have been, raised in the Defendants' original Amended Counterclaim, filed on February 16, 2006. Defendants do not explain in their Second Motion to Amend why these additional counts were not included in that Amended Counterclaim. Unjustified delay is further grounds to deny a late-filed motion to amend. Foman v. Davis, 371 U.S. 178, 182 (1962) (listing, *inter alia*, "undue delay" as a reason for denying leave to amend)); Resolution Trust Corp., 30 F.3d at 253 (citing Foman and commenting that leave should not be granted when it would "reward . . . undue or intended delay.").

4. John Hancock will be prejudiced if Montgomery Partners' Second Motion to Amend is allowed at this late date. Trial is expected to take place shortly. In addition to

losing the opportunity to address Montgomery Partners' additional counterclaims on summary judgment before trial, John Hancock also has lost the opportunity to conduct pre-trial discovery concerning various new allegations in the proposed Second Amended Counterclaim, including, *inter alia*, the allegation that "[i]f John Hancock had disclosed to [Defendants] that the 10% constant had been added as a disbursement requirement for closing the Loan, [Defendants] would have immediately insisted that the Loan Application be rescinded and that the Letters of Credit be canceled." Second Amended Counterclaim, ¶ 80. Prejudice to the non-moving party is further grounds to deny a late-filed motion to amend. Foman, 371 U.S. at 182 (listing "undue prejudice to the opposing party" as grounds for denying a motion to amend); Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998) (affirming denial of motion to amend when "nearly all the case's pre-trial work was complete" and where allowing the amendment would require more discovery and would lead to a delay in the trial date).

5.    Lastly, Count VIII of Montgomery Partners' Second Amended Counterclaim purports to assert a claim under Pennsylvania law, notwithstanding the fact that the parties agreed in the Loan Commitment that their agreement would be "governed by the substantive laws of the Commonwealth of Massachusetts." Loan Commitment, Condition 35. It is inappropriate for Montgomery Partners to set forth a counterclaim based on Pennsylvania law when Massachusetts law clearly governs this contractual dispute. Systemized of New England, Inc. v. SCM, Inc., 732 F.2d 1030, 1033-34 (1st Cir. 1984) (citation omitted) ("Where the parties to a contract have expressed their intent as to the applicable governing law, Massachusetts has upheld the parties' expectations and looked to that state's law provided that the specified state bears some minimum contact with the transaction.").

For the foregoing reasons, John Hancock respectfully submits that Montgomery Partners' Motion to File a Second Amended Counterclaim should be denied in its entirety.

JOHN HANCOCK LIFE INSURANCE COMPANY

By its attorneys,

/s/ Brian A. Davis
Brian A. Davis (BBO No. 546462)
Paul D. Popeo (BBO No. 567727)
Meghan L. Rhatigan (BBO No. 663039)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tele: 617-248-5000
Fax: 617-248-4000

Date:  March 28, 2006

4064041.1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 28, 2006.

/s/ *Brian A. Davis*
Brian A. Davis

4064041v2