UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, | : : : : | Civil Action No. 05-11614 WGY |
| Plaintiff, | : : | |
| v. | : : | JURY TRIAL DEMANDED |
| VESTMONT LIMITED PARTNERSHIP, et al., | : : : | |
| Defendants. | : : | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION
FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM**

Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III and Vesterra Corporation (collectively, "Vesterra") submit this Reply Memorandum in support of their Motion for leave to file a Second Amended Counterclaim and in response to Plaintiff's Memorandum in Opposition:

1.      The "law of the case" argument made by Plaintiff John Hancock Life Insurance Company ("John Hancock") with respect to Counts II-V is obviously unnecessary. Vesterra was simply re-stating these counts as previously pleaded to avoid confusion, not to evade the Court's ruling of March 20, 2006.

2.      John Hancock opposes the addition of Counts VII and VIII on the ground that Vesterra was required to demonstrate that the proposed amendments are supported by "substantial and convincing evidence" because the motion for leave to amend was filed "after summary judgment practice." This is a patent misstatement of the law. The case that John

Hancock relies on, *Resolution Trust Corp. v. Gold*, 30 F.3d 251 (1st Cir. 1994) addresses the standard for granting leave to amend while a motion for summary judgment is <u>pending</u>.  The case cited by *Gold* also addresses that situation.  *See Torres-Matos v. St. Lawrence Garment Co.*, 901 F.2d 1144, 1146 (1st Cir. 1990) ("Given the pendency of the summary judgment motion, appellants were required to show that these proposed amendments had substantial merit").  Of course the courts require a higher standard for granting leave to amend in those circumstances, where a party may attempt to use an amendment in lieu of adducing admissible facts.  But that is not the situation here, where no summary judgment motion is pending.  Following a ruling on a motion for summary judgment, any new proposed amendments that are inconsistent with that ruling can be challenged on the basis of futility.  But John Hancock has not even attempted to argue that Vesterra's proposed amendment would be futile.  Thus, the normal standard for granting leave to amend should be applied by the Court to Vesterra's motion -- the "good cause" standard of Rule 16 and the "freely given" standard of Rule 15(a).

3.  Further, this Court's Memorandum and Order of March 20 specifically recognized that there was a genuine issue of material fact as to whether John Hancock "was ready, willing, and able to perform under the contract." *Id.* at 2.  Thus, John Hancock's assertion that Vesterra "offers *no* evidence" to support the allegation that it was <u>not</u> ready, willing, and able to perform is contradicted by the Court's own assessment of the evidence submitted to it in relation to John Hancock's motion for summary judgment.  This same evidence supports Vesterra's allegation that John Hancock committed fraud through its intentional non-disclosure of the added disbursement requirement of the 10% Constant and its manipulation of the financial projections submitted by Vesterra and made part of the Loan Application.

4.     On March 22, 2006, in order to address rulings made by the Court just two days earlier on March 20, Vesterra filed a proposed Count VIII. This Count alleges that John Hancock committed fraud *after* it countersigned the Loan Application, as opposed to fraudulent inducement *before* Vesterra signed the Loan Application, by its intentional non-disclosure of the added 10% Constant disbursement requirement after learning from its Pennsylvania representative that such disclosure would be a "deal killer." This two-day delay cannot be considered "undue" under any standard. Further, none of the facts supporting this claim are new to John Hancock. Vesterra alleged in its Amended Counterclaim (filed February 16) that it would never have agreed to the 10% Constant, and Vesterra's principal, James Koller, submitted an affidavit in which he averred the same fact. John Hancock has sought no discovery on either of these statements. For John Hancock to argue that it is prejudiced because it cannot now conduct discovery on Vesterra's assertion that it would have insisted on rescinding the Loan Application had it been informed that the 10% Constant had been added as a disbursement requirement, is just plain absurd. In addition, no deadline for summary judgment motions has passed, and John Hancock is not precluded from making another such motion for disposition before trial.

5.     Finally, John Hancock has previously argued that the actions underlying Vesterra's Count VI -- alleging violation of chapter 93A of the Massachusetts statutes -- did not take place in Massachusetts. Now, in response to Vesterra pleading in the alternative that these same actions are governed by Pennsylvania law, John Hancock argues that Massachusetts law should apply. John Hancock cannot have it both ways, and Vesterra should be permitted to plead in the alternative until it is determined where the alleged deceit took place.

WHEREFORE, for the foregoing reasons, Vesterra respectfully requests that this Court grant it leave to file its proposed Second Amended Counterclaim.

        Respectfully submitted,

        /s/ *Robert D. Hillman*

        _____
        Steven J. Brooks (BBO # 059140)
        Robert D. Hillman (BBO # 552637)
        DEUTSCH WILLIAMS BROOKS
        DeRENSIS & HOLLAND, P.C.
        99 Summer Street
        Boston, MA 02110-1213
        Tele.: 617-951-2300

        Howard D. Scher (admitted *pro hac vice*)
        C. Randolph Ross (admitted *pro hac vice*)
        Brian J. McCormick, Jr.(admitted *pro hac vice*)
        BUCHANAN INGERSOLL PC
        1835 Market Street, Floor 14
        Philadelphia, PA 19103
        Tele.: 215-665-8700

        Attorneys for Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III and Vesterra Corporation

Dated: March 29, 2006

DWLIB 197376v1
8836/00