# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP, et al.,<br><br>Defendants. | Civil Action No. 05-11614 WGY |

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF JOHN HANCOCK TO COMPLY WITH DEFENDANTS' RULE 30(b)(6) DEPOSITION NOTICE

Defendants/Counter-Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation ("Vesterra" or "Defendants"), by and through their undersigned counsel, respectfully move, pursuant to Federal Rule of Civil Procedure 37(a)(2), for an Order compelling John Hancock to produce properly prepared witnesses in response to their 30(b)(6) deposition notice, at John Hancock's expense, and for such other sanctions as the Court deems appropriate.

Defendants served a deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6) during the course of discovery. Plaintiff produced a series of three witnesses, each of whom was designated by John Hancock as a Rule 30(b)(6) witness. At each one of these depositions, the designated witness testified that he or she did essentially nothing to prepare for the Rule 30(b)(6) portion of their deposition.

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides that a witness designated in response to a 30(b)(6) deposition notice "shall testify as to matters known or reasonably available to the organization." Accordingly, it is well settled that Rule 30(b)(6) requires each party to prepare its 30(b)(6) deponents by having them review information related to the relevant topics that is known or reasonably available to the organization on whose behalf they are testifying. *Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 36 (D. Mass. 2001). Plaintiff has blatantly disregarded its obligations under Rule 30(b)(6).

Thus, according to well established legal principles, as explained more fully in the accompanying memorandum of law, Defendants are entitled to an Order compelling John Hancock to provide a designee witness who is prepared to address the topics listed in their 30(b)(6) deposition notice, and providing for such sanctions against John Hancock as the Court deems appropriate.

## LR 7.1 AND 37.1 CERTIFICATION

Undersigned counsel certify that they have conferred in writing and by telephone with plaintiff's counsel in a good faith attempt to narrow or resolve the issues presented by this motion. No agreement was reached.

## REQUEST FOR ORAL HEARING

Defendants hereby request an opportunity to be heard orally on the foregoing motion.

Respectfully submitted,

Dated: March 29, 2006

/s/ Robert D. Hillman
Steven J. Brooks (BBO # 059140)
Robert D. Hillman (BBO # 552637)
DEUTSCH WILLIAMS BROOKS
DeRENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
Tele.: 617-951-2300

/s/ Howard D. Scher
Howard D. Scher (admitted *pro hac vice*)
C. Randolph Ross (admitted *pro hac vice*)
Brian J. McCormick, Jr.(admitted *pro hac vice*)
BUCHANAN INGERSOLL PC
1835 Market Street, Floor 14
Philadelphia, PA 19103
Tele.: 215-665-8700

Attorneys for Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III and Vesterra Corporation

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed electronically today, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and is available for viewing and downloading from the ECF system.

Dated: March 29, 2006

/s/ Brian J. McCormick, Jr.
Brian J. McCormick, Jr. (admitted *pro hac vice*)