UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 05-11614-WGY |
| VESTMONT LIMITED PARTNERSHIP, VESTMONT LIMITED PARTNERSHIP II, VESTMONT LIMITED PARTNERSHIP III, and VESTERRA CORPORATION d/b/a MONTGOMERY SQUARE PARTNERSHIP, | ) ) ) ) ) ) | |
| Defendants/Counterclaim Plaintiffs. | ) ) | |

## AFFIDAVIT OF BRIAN A. DAVIS, ESQ.

I, Brian A. Davis, on oath, depose and say as follows:

1.     I am a partner in the law firm of Choate, Hall & Stewart, LLP, and I serve as co-counsel to plaintiff John Hancock Life Insurance Company ("John Hancock" or "Hancock") in this action. I submit this affidavit in support of John Hancock's Motion For Reconsideration Of March 30, 2006 Court Order Precluding Certain Testimony (the "Motion for Reconsideration"). The statements contained in this affidavit are based upon my own personal knowledge.

2.     Defendants Vestmont Limited Partnership, *et al.* (collectively, "Montgomery Partners" or the "Defendants") have noticed and taken the depositions of seven present or former John Hancock employees in this action. They are:

(a) *Mr. John Ferrie* - The Regional Vice President of John Hancock's Blue Bell, Pennsylvania office and a 16-year veteran of Hancock's Real Estate Finance Group who personally originated and helped negotiate the Loan Commitment;

(b) *Mr. Timothy Malik* - An Investment Officer (now Assistant Vice President) at John Hancock's Boston, Massachusetts office and a 19-year veteran of Hancock's Real Estate Finance Group, who was primarily responsible for underwriting the Loan contemplated in the Loan Commitment;

(c) *Mr. David Henderson* - A former Senior Investment Officer at John Hancock's Boston, Massachusetts office and an 8-year veteran of Hancock's Real Estate Finance Group, who served as Mr. Malik's immediate supervisor and, in that capacity, personally considered and approved the Loan Commitment in August 2004;

(d) *Mr. Barry Nectow* - A former Assistant Vice President at John Hancock's Boston, Massachusetts office and an 16-year veteran of Hancock's Real Estate Finance Group, who served as Mr. Henderson's immediate supervisor and, in that capacity, personally considered and approved the Loan Commitment in August 2004;

(e) *Ms. Patricia Coyne* - An Investment Officer at John Hancock's Boston, Massachusetts office and an 13-year veteran of Hancock's Real Estate Finance Group, who personally considered and approved the Loan Commitment in August 2004, and who has extensive experience and familiarity with Hancock's commercial loan policies and procedures;

(f) *Mr. Ivor Thomas* - The Senior Vice President in charge of John Hancock's commercial mortgage operations after the merger between John Hancock and Manulife Financial in April 2004 and a 32-year veteran of the commercial lending industry, who personally considered and approved the Loan Commitment in August 2004; and

(g) *Ms. Joan Uzdavinis* - An Assistant Vice President in John Hancock's Portfolio Management Group and a 26-year veteran of the pension and investment finance industries, who was designated by Hancock to testify concerning the financial topics contained in the Defendants' Rule 30(b)(6) Notice, including Hancock's resulting losses.

3.      Montgomery Partners deposed Mr. Malik on January 27, 2006, and Mr. Ferrie on February 1, 2006. I defended Mr. Malik and Mr. Ferrie at those depositions. On the same day that Mr. Ferrie's deposition concluded, Montgomery Partners served John Hancock with

an omnibus Notice of Rule 30(b)(6) Deposition listing many of the same topics already covered at the Malik and Ferrie depositions, as well as certain additional topics. Shortly thereafter, Montgomery Partners issued a combined Notice of Deposition for Messrs. Henderson, Nectow and Thomas and Ms. Coyne.

4.     The depositions of Mr. Henderson, Ms. Coyne, Mr. Nectow, Ms. Uzdavinis and Mr. Thomas occurred on March 1, March 10 (morning), March 10 (afternoon), March 21, and March 31, 2006, respectively. My partner, Paul Popeo, defended the Henderson, Coyne, Nectow and Uzdavinis depositions (although I participated in the preparation of the majority of those witnesses). I prepared Mr. Thomas for his deposition and defended him when it occurred. After the depositions of Mr. Henderson and Ms. Coyne, Montgomery Partners made the argument that those witnesses had not been adequately prepared for their depositions. Specifically, Montgomery Partners complained in a letter dated March 3, 2006, that Mr. Henderson had no "'specific recollection'" of the approval of the Defendants' Loan Commitment, and in a letter dated March 10, 2006, that Ms. Coyne "did not speak with any other John Hancock employee" or "review any documents in preparation for her deposition."

5.     John Hancock responded promptly to Montgomery Partners complaints. In a telephone conference held on Monday, March 6, 2006, my partner, Paul Popeo, and I explained to Montgomery Partners' counsel (Attorney Howard Scher), *inter alia*, that: (a) the Rule 30(b)(6) witnesses that Hancock was producing were personally knowledgeable regarding the topics about which they had been designated to testify and did not require extensive further preparation; (b) that they were the most logical Rule 30(b)(6) witnesses to appear and testify on Hancock's behalf because of their experience and personal involvement; and (c) that Hancock would work with the Defendants to identify and provide additional witness testimony, or to

designate prior testimony from Messrs. Malik and Ferrie, as appropriate, to speak to any subject areas that the Defendants reasonably believed had not been adequately addressed.

6.     Montgomery Partners did not take advantage of John Hancock's offers to address their concerns regarding Mr. Henderson's deposition, and did not identify any specific subject areas on which they wished to obtain additional testimony.

7.     On March 21, 2006, Montgomery Partners conducted the deposition of John Hancock's final Rule 30(b)(6) witness, Ms. Joan Uzdavinis.    My partner, Paul Popeo, defended Ms. Uzdavinis at her deposition.    At no time during the week after Ms. Uzdavinis' deposition did the Defendants make any complaint concerning the extent of her knowledge on the topics for which she was designated or the manner of her "preparation" leading up to her deposition.

8.     The first time I learned that Montgomery Partners was in any way dissatisfied with Ms. Uzdavinis' deposition preparation was in midst of a telephonic conference to discuss the content of the parties' Joint Pretrial Memorandum on March 28, 2006.    During that call, counsel for Montgomery Partners announced for the first time their alleged dissatisfaction with Ms. Uzdavinis' deposition preparation and their intention to seek unspecified relief from this Court.    Defendants then waited an additional day, and filed their Motion late in the evening of March 29, 2006, thereby leaving John Hancock little time to review, and no opportunity to oppose, the Motion prior to the scheduled Pretrial Conference on Thursday, March 30, 2006.

9.     The Court allowed Montgomery Partners' Motion on March 30, 2006, without the benefit of any opposition papers from John Hancock.    The Court, however, did encourage the parties at the Pretrial Conference to resolve their discovery disputes among themselves, and

did invite John Hancock to submit a Motion for Reconsideration seeking relief from its March 30 Order.

10.    Since the Pretrial Conference on March 30, 2006, John Hancock once again has asked Montgomery Partners to identify specific subject areas on which the Defendants believe they are missing information, or the particular subject areas on which they believe that the proffered testimony to date is inadequate or incomplete, so that Hancock can address their concerns.  A true copy of a letter on that topic that I sent to opposing counsel (Attorney Howard) on April 5, 2006 is appended to this affidavit as Exhibit A.  The following day, I received a letter from Attorney McCormick, a true copy of which is appended to this affidavit as Exhibit B.  In it, counsel for Montgomery Partners identified for the first time one topic as to which it claims one of John Hancock's Rule 30(b)(6) witnesses (Ms. Coyne) allegedly failed to provide sufficient testimony (*i.e.*, "policies or procedures of John Hancock in connection with closing a loan").  That topic, however, is not among the fifteen topics set out in the Defendants' Rule 30(b)(6) Notice of Deposition.

Signed under the pains and penalties of perjury this 7th day of April, 2006.

*/s/ Brian A. Davis*                    

4068542.1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 7, 2006.

/s/ Brian A. Davis
Brian A. Davis

# CHOATE

CHOATE HALL & STEWART LLP

April 5, 2006

Brian A. Davis, P.C.
(617) 248-5056
bad@choate.com

BY TELECOPIER AND REGULAR MAIL

Howard D. Scher, Esquire
BUCHANAN INGERSOLL P.C.
1835 Market Street, 14th Floor
Philadelphia, Pennsylvania 19103-2985

Re:    John Hancock Life Insurance Company
       v. Vestmont Limited Partnership, *et al.*
       U.S.D.C. (Mass.) Civil Action No. 05-11614-WGY

Dear Howard:

I write in response to the e-mail message that you sent to my partner, Paul Popeo, earlier today on the issue of John Hancock's Rule 30(b)(6) witnesses. I am disappointed that the Defendants have declined John Hancock's renewed invitation to identify specific subject area(s) on which the Defendants believe they are missing information, or the particular subject areas on which they believe that the proffered testimony to date is inadequate or complete. We have tried to elicit this information from your office in the past without success. Those efforts were not disclosed to the Court in your recent motion papers. If you and your clients had genuine concerns with respect to missing or incomplete Rule 30(b)(6) testimony, I expect that you would be able to describe them. I understand from His Honor's comments at our pre-trial conference last week that Judge Young expects the parties to resolve their various discovery disputes cooperatively. John Hancock cannot do so in this instance, however, if the Defendants simply refuse to state their concerns so that they can be addressed. You leave us no choice but to address the matter to the Court.

Very truly yours,

Brian A. Davis

cc:    Brian J. McCormick, Jr., Esq. (by telecopier and regular mail)
       Robert D. Hillman, Esq. (by regular mail)
       Paul D. Popeo, Esq.

4067426.1

# Buchanan Ingersoll PC

ATTORNEYS

**Brian J. McCormick, Jr.**
215 665 3957
mccormickbj@bipc.com

1835 Market Street, 14th Floor
Philadelphia, PA 19103-2985

T 215 665 8700
F 215 665 8760
www.buchananingersoll.com

April 6, 2006

<u>**Via Electronic Mail and Regular Mail**</u>

Brian A. Davis, Esquire
Choate Hall & Stewart, LLP
Two International Place
Boston, MA 02110

> **Re:**   *John Hancock Life Ins. Co. v. Vestmont Limited Partnership, et al.*

Dear Brian:

   We continue to believe that it is John Hancock's burden to propose any additional designations it wishes to make from the depositions of Messrs. Malik and Ferrie.

   However, without prejudice to our position that John Hancock's Rule 30(b)(6) designees were deficient in a number of areas, I will point out that one specific subject area that we believe has not been covered concerns the actual requirements for funding or disbursing the Loan, included in Topics 2 and 6 of Vesterra's Rule 30(b)(6) Notice of Deposition. John Hancock designated Ms. Coyne for those two topics, but she testified that she was not aware of the "policies or procedures of John Hancock in connection with closing a loan." Tr. 74:17-23, 76:5-11.

   If you wish to make a proposal for addressing that specific subject area, we will give your proposal due consideration.

Very truly yours,

Brian J. McCormick, Jr.

BJM:vpl
cc:   Howard D. Scher, Esquire
      Robert D. Hillman (via electronic mail)

Pennsylvania :: New York :: Washington, DC :: Florida :: New Jersey :: Delaware :: California