UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>　　　Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP,<br>VESTMONT LIMITED PARTNERSHIP II,<br>VESTMONT LIMITED PARTNERSHIP III,<br>and VESTERRA CORPORATION d/b/a<br>MONTGOMERY SQUARE PARTNERSHIP,<br><br>　　　Defendants/Counterclaim Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 05-11614-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF JOHN HANCOCK'S
## MOTION TO DISMISS DEFENDANTS'
## COUNTERCLAIM FOR FRAUD UNDER PENNSYLVANIA LAW

Plaintiff John Hancock Life Insurance Company ("John Hancock" or "Hancock") hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count VII of the recently-filed Second Amended Counterclaim of defendants Vestmont Limited Partnership, *et al.* (collectively, "Montgomery Partners" or "Defendants") alleging "Pennsylvania Common Law Fraud - Intentional Non-Disclosure" (the "Pennsylvania Fraud Claim"). Montgomery Partners' Pennsylvania Fraud Claim alleges that John Hancock committed fraud in violation of Pennsylvania law *in the performance* of the parties' written loan agreement by surreptitiously adding to an additional, undisclosed loan disbursement condition (*i.e.*, the "10% Constant benchmark") that Montgomery Partners purportedly could not meet. Montgomery Partners'

prior counterclaim alleging fraud *in the inducement* of the loan agreement was dismissed by the Court on March 20, 2006. Defendants also cannot prevail on their Pennsylvania Fraud Claim as a matter of law, however, because the Commonwealth of Pennsylvania does not recognize claims for fraud in the performance of a contract. Under Pennsylvania law, claims or counterclaims for fraud in the performance of a contract are barred by the "gist of the action" doctrine, which precludes a party from re-casting an ordinary breach of contract dispute involving the performance (or non-performance) of contractual duties as a tort claim. eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 16, 20 (Pa. Super. 2002); Williams v. Hilton Group PLC, 93 Fed. Appx. 384, 385 (3d Cir. 2004) (same). Where, as here, the claim for fraud arises from, and is collateral to, the parties' contract, it is barred as a matter of law. *Id.*

Montgomery Partners' Pennsylvania Fraud Claim also fails to state a claim upon which relief can be granted because this Court already has determined, as a matter of law and notwithstanding the Defendants' continued assertions to the contrary, that the "10% Constant benchmark was never incorporated into the terms of the Loan Application...." Memorandum and Order, dated March 20, 2006, at 2. Defendants are bound by that determination and cannot re-litigate the issue of whether Hancock added the 10% Constant benchmark as an additional condition to the Loan Commitment in the context of their Pennsylvania Fraud Claim. *See, e.g.,* Arizona v. California, 460 U.S. 605, 618 (1983) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case").

For these reasons, which are discussed in greater detail in John Hancock's accompanying Memorandum of Law, the Defendants' Pennsylvania Fraud Claim should be dismissed for failure to state a claim upon which relief can be granted.

## Request for Oral Argument

John Hancock respectfully requests oral argument on this Motion.

JOHN HANCOCK LIFE INSURANCE
COMPANY

By its attorneys,

*/s/ Brian A. Davis*
Brian A. Davis (BBO No. 546462)
Paul D. Popeo (BBO No. 567727)
Elizabeth A. Castellani (BBO No. 663818)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tele: 617-248-5000
Fax: 617-248-4000

Date:  April 11, 2006

4069370.1

## LOCAL RULE 7.1 AND 37.1 CERTIFICATION

Pursuant to Local Rule 7.1(A)(2) and 37.1(a), the undersigned counsel for the Plaintiff hereby certifies that he has conferred in good faith with counsel for the Defendants concerning the subject matter of this Motion. The parties were not able to resolve or narrow the issues raised therein.

/s/ *Brian A. Davis*
Brian A. Davis

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 11, 2006.

/s/ *Brian A. Davis*
Brian A. Davis

4069370.1