**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                            :
JOHN HANCOCK LIFE INSURANCE :
COMPANY,                                :
                                            :
            Plaintiff,                  :
                                            :  Civil Action No. 05-11614 WGY
      v.                                :
                                            :
VESTMONT LIMITED PARTNERSHIP, :
et al.,                                      :
                                            :
            Defendants.              :
_____ :

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF JOHN HANCOCK TO PRODUCE JOHN HANCOCK EMPLOYEE WARREN THOMSON FOR DEPOSITION**

Defendants/Counter-Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation ("Vesterra" or "Defendants"), by and through their undersigned counsel, respectfully move, pursuant to Federal Rule of Civil Procedures 26 and 30, for an Order compelling plaintiff John Hancock Life Insurance Company to produce Warren Thomson, the highest ranking John Hancock officer who "signed off" on the approval document for the loan on two occasions, for a deposition.

During a recent deposition, a John Hancock Senior Vice President revealed that Warren Thomson, whose title is "Executive Vice President, U.S. Investments, John Hancock Life Insurance Company (USA)," was required to "sign off" on the John Hancock approval document twice, once without the material changes to the disbursement requirements (not contained in the Loan Application), and once with those changes having been made. In short, Mr. Thomson was a critical decision-maker during the period when the new 10% Constant requirement was

inserted. Any change between the original loan approval and the new approval needed to be "re-presented" to Mr. Thomson.

Accordingly, Vesterra requested that John Hancock make Mr. Thomson available for a deposition. However, John Hancock has refused to produce Mr. Thomson for deposition. Vesterra has no alternative other than to ask the court to issue an Order compelling the deposition of Mr. Thomson.

Thus, as explained more fully in the accompanying memorandum of law, Vesterra is entitled to an Order compelling John Hancock to produce Mr. Thomson for a deposition.

### LR 7.1 AND 37.1 CERTIFICATION

Undersigned counsel certify that they have attempted to confer by telephone with plaintiff's counsel in a good faith attempt to narrow or resolve the issues presented by this motion. Based on earlier correspondence between the attorneys, including an April 7, 2006 letter from plaintiff's counsel to defendants' counsel, defendants' counsel certifies that no agreement was reached.

### REQUEST FOR ORAL ARGUMENT

Defendants hereby request an opportunity to be heard orally on the foregoing motion.

Respectfully submitted,

Dated: April 18, 2006

/s/ Robert D. Hillman
Steven J. Brooks (BBO # 059140)
Robert D. Hillman (BBO # 552637)
DEUTSCH WILLIAMS BROOKS
DeRENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
Tele.: 617-951-2300

  /s/ Howard D. Scher
Howard D. Scher (admitted *pro hac vice*)
C. Randolph Ross (admitted *pro hac vice*)
Brian J. McCormick, Jr.(admitted *pro hac vice*)
BUCHANAN INGERSOLL PC
1835 Market Street, Floor 14
Philadelphia, PA 19103
Tele.: 215-665-8700

Attorneys for Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III and Vesterra Corporation

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing document has been filed electronically today, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and is available for viewing and downloading from the ECF system.

Dated:  April 18, 2006

/s/ Brian J. McCormick, Jr.
Brian J. McCormick, Jr. (admitted *pro hac vice*)