UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____  :
                                         :
JOHN HANCOCK LIFE INSURANCE              :
COMPANY,                                 :    Civil Action No. 05-11614 WGY
                                         :
     Plaintiff/Counterclaim Defendant    :
                                         :
            v.                           :
                                         :    JURY TRIAL DEMANDED
VESTMONT LIMITED PARTNERSHIP,            :
et al.,                                  :
                                         :
     Defendants/Counterclaim Plaintiffs  :
_____  :

**DECLARATION OF BRIAN J. MCCORMICK, JR.
IN SUPPORT OF DEFENDANTS' MOTION
TO COMPEL PLAINTIFF JOHN HANCOCK TO PRODUCE
<u>JOHN HANCOCK EMPLOYEE WARREN THOMSON FOR DEPOSITION</u>**

BRIAN J. McCORMICK, JR., of full age, hereby declares as follows:

1.      I am an attorney-at-law of the Commonwealth of Pennsylvania and an associate with the law firm of Buchanan Ingersoll PC, counsel for Defendants/ Counterclaim Plaintiffs in the above-captioned action.  I have also been admitted *pro hac vice* to this Court pursuant to an Order entered on February 23, 2006.

2.      This Declaration is submitted in support of Defendants' Motion to Compel Plaintiff John Hancock to Produce John Hancock Employee Warren Thomson for Deposition.

3.      Attached hereto as Exhibit "A" is a true and correct copy of a Notice of Deposition Directed to Warren Thomson.

4.    Attached hereto as Exhibit "B" is a true and correct copy of an April 7, 2006 letter from Brian J. McCormick, Jr. to Brian A. Davis.

5.    Attached hereto as Exhibit "C" is a true and correct copy of an April 7, 2006 letter from Brian A. Davis to Brian J. McCormick, Jr.

6.    Attached hereto as Exhibit "D" is a true and correct copy of an April 7, 2006 letter from Brian J. McCormick, Jr. to Brian A. Davis.

7.    Attached hereto as Exhibit "E" is a true and correct copy of certain portions of the John Hancock approval document, executed between August 6, 2004 and August 10, 2004.

8.    Attached hereto as Exhibit "F" is a true and correct copy of the John Hancock approval document, executed on August 16, 2004.

9.    Attached hereto as Exhibit "G" is a true and correct copy of relevant portions of the March 31, 2006 deposition of Ivor Thomas.

I hereby declare under the penalty of perjury that the foregoing statements made by me are true and correct.

/s/ Brian J. McCormick, Jr.
Brian J. McCormick, Jr.

Dated: April 18, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Declaration has been filed electronically today, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and is available for viewing and downloading from the ECF system.

Dated:  April 18, 2006              /s/ Brian J. McCormick, Jr.
Brian J. McCormick, Jr. (admitted *pro hac vice*)

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, | : : : | Civil Action No. 05-11614 WGY |
| Plaintiff/Counterclaim Defendant, | : : | |
| v. | : : | |
| VESTMONT LIMITED PARTNERSHIP, et al., | : : : | |
| Defendants/Counterclaim Plaintiffs. | : : | |

## NOTICE OF DEPOSITION

TO:    BRIAN A. DAVIS, ESQUIRE
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

PLEASE TAKE NOTICE THAT, pursuant to the Federal Rules of Civil Procedure, defendants Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III and Vesterra Corporation ("Defendants"), by and through their undersigned attorneys, will take the deposition upon oral examination of Warren Thomson on Thursday, April 20, 2006 at 9:00 a.m. before a person duly authorized to administer oaths, at the offices of Deutsch Williams Brooks DeRensis & Holland, P.C., 99 Summer Street, Boston, MA 02110. The depositions will continue from day to day until completed.

You are invited to attend and participate.

DEFENDANTS VESTMONT LIMITED
PARTNERSHIP, VESTMONT LIMITED
PARTNERSHIP II, VESTMONT LIMITED
PARTNERSHIP III AND VESTERRA
CORPORATION

By their attorneys,

Dated:  April 7, 2006

Steven J. Brooks (BBO # 059140)
Robert D. Hillman (BBO # 552637)
DEUTSCH WILLIAMS BROOKS
DeRENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
Tele.:  617-951-2300

Howard D. Scher (admitted *pro hac vice*)
C. Randolph Ross (admitted *pro hac vice*)
Brian J. McCormick, Jr.(admitted *pro hac vice*)
BUCHANAN INGERSOLL PC
1835 Market Street, Floor 14
Philadelphia, PA 19103
Tele.: 215-665-8700

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition has this 7th day of April, 2006, been transmitted by electronic mail and regular, first-class mail as follows:

Brian A. Davis
Choate, Hall & Stewart, LLP
Two International Place
Boston, MA 02110

Brian J. McCormick, Jr.

# EXHIBIT B

# Buchanan Ingersoll PC

ATTORNEYS

**Brian J. McCormick, Jr.**
215 665 3957
mccormickbj@bipc.com

1835 Market Street, 14th Floor
Philadelphia, PA  19103-2985

T  215 665 8700
F  215 665 8760

www.buchananingersoll.com

April 7, 2006

**<u>Via Electronic Mail and Regular Mail</u>**

Brian A. Davis, Esquire
Choate Hall & Stewart, LLP
Two International Place
Boston, MA 02110

    **Re:**    *<u>John Hancock Life Ins. Co. v. Vestmont Limited Partnership, et al.</u>*

Dear Brian:

    I enclose a Notice of Deposition directed to Warren Thomson.  As you may recall, Mr. Thomas, whose deposition we have been requesting since early February, testified last week that Mr. Thomson played a necessary role in the approval process of the Avenel Loan Application.

    We will agree to limit the time of Mr. Thomson's deposition to approximately two hours, so we have scheduled the deposition for the morning of April 20, 2006, which is before the argument on John Hancock's expected motion to dismiss.

    Please feel free to call me with any questions.

        Very truly yours,

        Brian J. McCormick, Jr.

BJM:vpl
Enclosure
cc:    Howard D. Scher, Esquire
       Robert D. Hillman (via electronic mail) (w/encl.)

<u>Pennsylvania :: New York :: Washington, DC :: Florida :: New Jersey :: Delaware :: California</u>

# EXHIBIT C

# |C|H|O|A|T|E|

CHOATE HALL & STEWART LLP

April 7, 2006

Brian A. Davis, P.C.
(617) 248-5056
bad@choate.com

BY TELECOPIER AND REGULAR MAIL

Brian J. McCormick, Jr., Esquire
BUCHANAN INGERSOLL P.C.
1835 Market Street, 14th Floor
Philadelphia, Pennsylvania 19103-2985

Re:   John Hancock Life Insurance Company
      v. Vestmont Limited Partnership, et al.
      U.S.D.C. (Mass.) Civil Action No. 05-11614-WGY

Dear Brian:

I have your letter dated today with the attached Notice of Deposition for Mr. Warren Thompson, John Hancock's Executive Vice President, U.S. Investments. As you no doubt are aware, your statement that the Defendants "have been requesting [Mr. Thompson's deposition] since early February" is factually inaccurate. Your office once requested proposed dates for Mr. Thompson's deposition, but later dropped that request after I informed you that Mr. Thompson had minimal involvement in this matter, that his proposed deposition was unnecessary and improper, that it appeared to be designed for harassment purposes only, and that John Hancock would seek to quash any Notice of Deposition directed to Mr. Thompson. Until your letter today, no renewed request for Mr. Thompson's deposition has been received since that time.

Regardless of the prior history of events, fact discovery in this action closed on March 3, 2006, and the Defendants have not, to my knowledge, sought or obtained leave from the court to extend that deadline for the purpose of taking Mr. Thompson's deposition. Unless and until that happens (over John Hancock's planned opposition), Hancock is under no obligation to produce Mr. Thompson for deposition by the Defendants.

I ask that you attach a copy of this letter to any Motion for Leave that you ultimately choose to file.

Letter to Brian J. McCormick, Jr., Esq.
BUCHANAN INGERSOLL P.C.
April 7, 2006
Page 2

Please feel free to call me if you have any questions or wish to discuss this matter further.

Very truly yours,

Brian A. Davis

cc:    Howard D. Scher, Esq. (by telecopier and regular mail)
       Robert D. Hillman, Esq. (by regular mail)
       Paul D. Popeo, Esq.

4068478.1

# EXHIBIT D

# Buchanan Ingersoll PC

ATTORNEYS

**Brian J. McCormick, Jr.**
215 665 3957
mccormickbj@bipc.com

1835 Market Street, 14th Floor
Philadelphia, PA  19103-2985

T 215 665 8700
F 215 665 8760

www.buchananingersoll.com

April 7, 2006

**<u>Via Electronic Mail and Regular Mail</u>**

Brian A. Davis, Esquire
Choate Hall & Stewart, LLP
Two International Place
Boston, MA 02110

**Re:**    *<u>John Hancock Life Ins. Co. v. Vestmont Limited Partnership, et al.</u>*

Dear Brian:

      I have received your letter of earlier this afternoon, and write regarding your misreading of my earlier letter.

      I pointed out that we had requested the deposition of Ivor <u>Thomas</u> early this year, not Mr. Thomson.  But John Hancock refused to schedule this deposition until last week in Toronto.

      As you correctly stated, we indicated that we would like to depose Mr. Thomson earlier in the litigation.  However, based on your representation that Mr. Thomson did not know anything about this transaction, we decided at that time not to pursue Mr. Thomson's testimony. To our surprise, when John Hancock finally produced Mr. Thomas for his deposition last week, he testified that Mr. Thomson played a crucial role in approving the Avenel Loan Application.

      Thus, we had not pursued Mr. Thomson's deposition based on misinformation from John Hancock, which another John Hancock witness corrected just last week.  Accordingly, we believe it is incumbent on you to arrange for Mr. Thomson's deposition as soon as possible.  We have already indicated our willingness to work with you by agreeing to limit Mr. Thomson's deposition to approximately two hours.  Please let me know by the close of business on Monday, April 10, 2006, whether you will withdraw your objections to the deposition of Mr. Thomson.

Very truly yours,

Brian J. McCormick, Jr.

BJM:vpl
cc:   Howard D. Scher, Esquire
      Robert D. Hillman (via electronic mail)

# EXHIBIT E

**John Hancock Life Insurance Company**

ORIGINAL RESPONSE

| | | | |
|---|---|---|---|
| Investment No: | 6518467 | | |
| File Name: | Montgomery Square Partnership | | |
| Regional Office/Correspondent: | John Hancock Real Estate Finance, Inc. - Philadelphia | | 040-03 |
| Property Name: | Avenel @ Montgomery Square Apts | | Property Type: Multifamily Garden Style |
| Location (city / state): | Montgomeryville        Pennsylvania | | Total # Units   256 |
| Jun Han Rating: | MLI Rating:   BBB | | JH Rating:    BAA1 |

**Key Statistics:**

| | | | | | | |
|---|---|---|---|---|---|---|
| Loan Amount: | $32,000,000 | | | Loan per Unit | $125,000 | |
| Term: (in years) | 10 | Amortization | 30 | Interest Only | 0 | Avg Life:   9.29 |
| Base Spread: | 134 | Forward BPS: | 45 | Embedded Fees: | 7 | Total Spread:   186 |
| Matrix Spread at JH Rating Level: | 145 | | | | Pricing Index:   10 year Treasury | |

As Is Vacancy:        n/a

Stabilized Vacancy:    5.0%

| | Current "As-Is" | | | Stabilized | | | Stabilized |
|---|---|---|---|---|---|---|---|
| | Valuation | $ / SF | LTV % | Valuation | $ / Unit | LTV % | Cap Rate |
| NOI Basis | Property is under construction. | | | $45,358,156 | $177,180 | 70.55% | 7.25% |
| NCF Basis | | | | $44,475,397 | $173,732 | 71.95% | 7.25% |
| Appraisal Basis | | | | | | | |
| Cost of Land and Estimate to Build | | | | $35,555,800 | $138,889.84 | 90.00% | |
| Other Basis | | | | | | | |
| Breakeven Interest Rate: | | | | 10.08% | | | |
| Connections: | No | | | | | | |

**Specific Conditions:**
**Principal Affiliates Requirements:**  James R. Koller, Frank C. Palopoli and Joseph P. Kelley
**Guaranty Requirements:** Standard non-recourse carve-outs.
**Funding:** This is a one-year (365 days) forward commitment.
**Disbursement Requirements:** Rents of at least $4,221,126 plus other income of $284,114 and a minimum DSCR of 1.25:1 with the possibility of a Rental Achievement Reserve subject to 75% LTV and 1.25:1 DSCR.    *NCF and 10/₁ Breakeven*
**Estoppel & SNDA Requirements:** N/A
**Escrow Requirements:** Real estate taxes. Replacement reserves and insurance escrow requirements have been suspended
Rental Achievement Reserve, as described above, likely at closing, but limited to $5,380,000.
**Transfers Permitted:**  Two-time right to transfer with 1% fee.
**Additional Proceeds:** One time right between the 2nd and 5th loan years the Borrower may request additional funds of not less than $1,000,000 at the then prevailing terms and rates.   Amortization will be based on the remaining original amortization term.
**Extension Option:** Borrower as one time right to extend loan for 12 months at the then prevailing floating-rate terms and rates upon maturity of the original loan.
**Prepayment Terms:** Closed for 4 years; then open in full in the 5th year under a yield maintenance formula indexed to U.S. Treasury Securities having the closest matching maturity to the maturity date of the loan. The yield maintenance premium shall be discounted to its present value. The loan will be open to prepayment at par during the last 120 days of the loan term.
**Monthly Payment Basis:** Monthly payments will be on a 30/360 day basis.
**Financial Statements:** Borrower certified acceptable if CPA audited not available.  Quarterly statements not required unless loan is in default.
**Appraisal:** Required loan to value of 75%
**Borrower:** SPE and SAE status was waived since the Borrower owns a separate piece of land. The land, however, must be transferred if Borrower wishes to use it as security for a loan.
**Additional Application Fee:** Should the 10-year treasury drop more than 45 bps prior to the closing, Borrower shall deposit up to 2% of the Loan principal as an additional application fee, which amounts shall be returned if that treasury shall increase above such threshold prior to closing.

**Credit Group Remarks:**
Great location, demographics and product type.
Funding at 80% occupied versus MLI requirement of 90% mitigated by the full economic holdback.              JH 01128
Credit recommends deal as structured

**John Hancock Life Insurance Company**

Investment No:                 6518467
File Name:                        Montgomery Square Partnership

Recommended By:
Investment Officer:
          Timothy J  Malik                                              Date:  8/6/04

Credit Group:
          Patricia Coyne    Patricia C. Coyne              Date:  8/6/04

Team Leader:
          David Henderson   David B. Henderson            Date:  8/9/04

Approved By:
          Barry Neclow                                            Date:  8-9-2004

          Ivor Thomas                                              Date:  8-10-04

          Paul English                                            Date:  8/10/04

          Warren Thomson                                       Date:  8/10/04

JH 01129

# EXHIBIT F

**John Hancock Life Insurance Company**

IMAGED

| | | |
|---|---|---|
| Investment No: | 6518467 | |
| File Name: | Montgomery Square Partnership | |
| Regional Office/Correspondent: | John Hancock Real Estate Finance, Inc. - Philadelphia | 040-03 |
| Property Name: | Avenel @ Montgomery Square Apts | Property Type: Multifamily |
| | | Garden Style |
| Location (city / state): | Montgomeryville     Pennsylvania | Total # Units  256 |
| Jun Han Rating: | MLI Rating:  BBB | JH Rating:  BAA1 |

**Key Statistics:**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Loan Amount: | $32,000,000 | | | Loan per Unit | $125,000 | | |
| Term: (in years) | 10 | Amortization | 30 | Interest Only | 0 | Avg Life: | 9.29 |
| Base Spread: | 134 | Forward BPS: | 45 | Embedded Fees: | 7 | Total Spread: | 186 |
| Matrix Spread at JH Rating Level: | 145 | | | | Pricing Index: | 10 year Treasury | |

As Is Vacancy:              n/a

Stabilized Vacancy:         5.0%

| | Current "As-Is" | | | Stabilized | | | Stabilized |
|---|---|---|---|---|---|---|---|
| | Valuation | $ / SF | LTV % | Valuation | $ / Unit | LTV % | Cap Rate |
| NOI Basis | Property is under construction. | | | $47,302,807 | $184,777 | 67.65% | 7.25% |
| NCF Basis | | | | $46,773,151 | $182,708 | 68.42% | 7.25% |
| Appraisal Basis | | | | | | | |
| Cost of Land and Estimate to Build Basis | | | | $35,555,800 | $138,889.84 | 90.00% | |
| Other Basis | | | | | | | |
| Breakeven Interest Rate: | | | | 10.60% | | | |
| Connections: | No | | | | | | |

**Specific Conditions:**

**Principal Affiliates Requirements:** James R. Koller, Frank C. Palopoli and Joseph P. Kelley

**Guaranty Requirements:** Standard non-recourse carve-outs.

**Funding:** This is a one-year (365 days) forward commitment.

**Disbursement Requirements:** Rents of at least $4,221,126 plus other income of $284,114 and a minimum NCF DSCR of 1.25:1 and 10% breakeven according to underwriting herein, with the possibility of a Rental Achievement Reserve subject to 75% LTV and 1.25:1 DSCR as described in commitment.

**Estoppel & SNDA Requirements:** N/A

**Escrow Requirements:** Real estate taxes. Replacement reserves and insurance escrow requirements have been suspended

**Rental Achievement Reserve,** as described above, likely at closing, but limited to $5,380,000.

**Transfers Permitted:** Two-time right to transfer with 1% fee.

**Additional Proceeds:** One time right between the 2nd and 5th loan years the Borrower may request additional funds of not less than $1,000,000 at the then prevailing terms and rates. Amortization will be based on the remaining original amortization term.

**Extension Option:** Borrower as one time right to extend loan for 12 months at the then prevailing floating-rate terms and rates upon maturity of the original loan.

**Prepayment Terms:** Closed for 4 years; then open in full in the 5th year under a yield maintenance formula indexed to U.S. Treasury Securities having the closest matching maturity to the maturity date of the loan. The yield maintenance premium shall be discounted to its present value. The loan will be open to prepayment at par during the last 120 days of the loan term.

**Monthly Payment Basis:** Monthly payments will be on a 30/360 day basis.

**Financial Statements:** Borrower certified acceptable if CPA audited not available. Quarterly statements not required unless loan is in default.

**Appraisal:** Required loan to value of 75%

**Borrower:** SPE and SAE status was waived since the Borrower owns a separate piece of land. The land, however, must be transferred if Borrower wishes to use it as security for a loan.

**Additional Application Fee:** Should the 10-year treasury drop more than 45 bps prior to the closing, Borrower shall deposit up to 2% of the Loan principal as an additional application fee, which amounts shall be returned if that treasury shall increase above such threshold prior to closing.

**Credit Group Remarks:**

Great location, demographics and product type.

Funding at 80% occupied versus MLI requirement of 90% mitigated by the full economic holdback.

Credit recommends deal as structured.

JH 00405

John Hancock Life Insurance Company

Investment No:              6518467
File Name:                  Montgomery Square Partnership

**Recommended By:**
**Investment Officer:**
_____
          Timothy J. Malik                              Date: 8/16/04

**Credit Group:**
_____
          Patricia Coyne                               Date: 8-16-04

**Team Leader:**
_____
          David Henderson   OUT OF OFFICE              Date: _____

**Approved By:**
_____
          Barry Nectow                                 Date: 8-16-04

_____
          Ivor Thomas                                  Date: 8-16-04

_____
          Paul English                                 Date: _____

_____
          Warren Thomson                               Date: 8-16-04

JH 00406

# EXHIBIT G

00001

1          UNITED STATES DISTRICT COURT
               FOR THE
2          DISTRICT OF MASSACHUSETTS

3 _____

4 JOHN HANCOCK LIFE      )
  INSURANCE COMPANY,     )
5               )
    Plaintiff,     ) Civil Action
6            ) No. 05-11614-WGY
  vs.           )
7            )
  VESTMONT LIMITED PARTNERSHIP,  )
8 VESTMONT LIMITED PARTNERSHIP II  )
  VESTMONT LIMITED PARTNERSHIP III, )
9 and VESTERRA CORPORATION d/b/a  )
  MONTGOMERY SQUARE PARTNERSHIP,  )
10             )
    Defendants.     )
11 _____

12

13

14

15        Oral deposition of IVOR THOMAS, on behalf of

16 the Corporate Plaintiff, taken before a court reporter at

17 the Four Seasons Hotel, Rm. 421, 21 Avenue Road, Toronto,

18 Ontario, on Friday, March 31, 2006, at 9:00 a.m.

19

20

21

22

23

24
   Reported by:  Karin Jenkner, CSR (Ont.), RPR, CRR
25 NEESON & ASSOCIATES COURT REPORTING AND CAPTIONING INC.

**THOMAS, Ivor - March 31, 2006**       **Page 1**

00002
```
 1  A P P E A R A N C E S:

 2

 3  Attorneys for the Plaintiff:

 4  CHOATE HALL & STEWART LLP
      BY:  Brian A. Davis, Esq.
 5  Two International Place
      Boston, MA  02110
 6
      T:  617-248-5000
 7  E:  bad@choate.com

 8

 9

10  Attorneys for the Defendant:

11  BUCHANAN INGERSOLL PC
      BY:  Howard D. Scher
12  1835 Market Street
      14th floor
13  Philadelphia, PA  19103-2985

14  T:  215-665-3920
      E:  scherhd@bipc.com
15

16

17  ALSO PRESENT:

18  James Koller

19

20

21

22

23

24

25
```

00132

1           MR. SCHER:  Your deposition is coming up so

2  we don't need you to testify right now.

3           Q.  Did you discuss with Mr. Malik,

4  Mr. Margolis, Mr. Ferrie, or anyone at John Hancock that a

5  modification to the loan application ought to be prepared to

6  reflect the changes in the numbers and the changes in the

7  criteria?

8           MR. DAVIS:  Objection.  Mr. Margolis is an

9  attorney.  To the extent you had any discussions with

10  Mr. Margolis on that topic, then you should exclude that

11  response, that information from your response.

12           THE DEPONENT:  I do recall there were

13  discussions with Tim Malik that, if we were going to be

14  doing anything different than what had been originally

15  approved by Mr. Thomson, that we'd have to re-present.

16           BY MR. SCHER:

17           Q.  Now, you said Mr. Thomson.

18           A.  Mm-hm.

19           Q.  Who is Mr. Thomson?

20           A.  Well, Exhibit 5, the loan transaction

21  was approved by Warren Thomson.

22           Q.  Forgive me.

23           A.  On August the 10th.

24           Q.  I see.

25           A.  So if there was going to be anything

**THOMAS, Ivor - March 31, 2006**              **Page 132**

00133

1  different to this, it had to go back to Mr. Thomson.

2          Q.   Okay.  So you did tell him that if there

3  were going to be changes with respect to the reserve amount

4  or with respect to the operating expenses or with respect to

5  the inclusion of new criteria, that would have to go back to

6  Mr. Thomson, the person who's superior to you?

7          A.   That's correct.

8          Q.   But you didn't tell Mr. Malik or anyone

9  else that if there were changes made in those criteria, in

10  the criteria, in the operating expenses, or in the reserves,

11  that those changes would have to go back to the prospective

12  borrower?

13          MR. DAVIS:  Objection.

14          BY MR. SCHER:

15          Q.   Am I right about that?

16          MR. DAVIS:  Objection.

17          BY MR. SCHER:

18          Q.   Subject to your attorney-client

19  privilege?

20          A.   You're right about that.

21          MR. DAVIS:  (overspeaking) And the prior

22  objection as well.

23          BY MR. SCHER:

24          Q.   Now, the modification to the loan

25  application form, do you have any information, subject to

**THOMAS, Ivor - March 31, 2006**                    **Page 133**

00135

1 submitted to the borrower?

2          MR. DAVIS: Objection. I think that

3 misstates the evidence.

4          THE DEPONENT: You lost me again.

5          BY MR. SCHER:

6          Q. Let me start... One, you told Mr. Malik

7 that if there were to be changes in the reserves, changes in

8 the operating expenses, inclusion of new criteria, that

9 needed to be approved anew by Mr. Thomson. Am I right about

10 this?

11          MR. DAVIS: Objection. You can respond.

12          THE DEPONENT: To go back a bit, the original

13 approval, and however it was transmitted to the borrower,

14 resulted in the borrower saying he was not happy with the

15 deal and would we reconsider providing the loan on the basis

16 originally contemplated.

17          What I told Mr. Malik was that if we were

18 going to do that, that would necessitate rewriting the

19 numbers that we use in our own analysis to prove that the

20 loan worked according to our criteria.

21          If he could do that, then it had to be

22 written up in a format that had to be approved by

23 Mr. Thomson. Because we wanted the loan.

24          BY MR. SCHER:

25          Q. Okay. So when you say that "the

**THOMAS, Ivor - March 31, 2006**          **Page 135**