# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
:
JOHN HANCOCK LIFE INSURANCE :
COMPANY, :
   :
    Plaintiff/Counterclaim Defendant, :
   :   Civil Action No. 05-11614 WGY
    v. :
   :
VESTMONT LIMITED PARTNERSHIP, :
et al., :
   :
    Defendants/Counterclaim Plaintiffs. :
_____:

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFF JOHN HANCOCK TO PRODUCE JOHN HANCOCK EMPLOYEE WARREN THOMSON FOR DEPOSITION

Defendants/Counter-Plaintiffs ("Vesterra" or "Defendants"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their motion for an Order requiring plaintiff John Hancock Life Insurance Company to produce Warren Thomson, the highest ranking John Hancock officer who "signed off" on the approval document for the loan on two occasions, for a deposition.

## GROUNDS FOR THE MOTION

At trial,[1] Vesterra intends to prove, *inter alia*, that John Hancock, without informing Vesterra, added a new and undisclosed disbursement requirement for the Loan at the time John Hancock "approved" the Loan. Vesterra will show that *at the time* John Hancock countersigned the Loan Application to Vesterra, which it then calls its Commitment, John Hancock had secretly added

---

[1] This lawsuit concerns an application for a $32 million loan entitled "Application to John Hancock Life Insurance Company for a First Mortgage Loan" (the "Loan Application") submitted by Defendants/Counterclaim Plaintiffs (collectively, "Defendants" or "Vesterra") to Plaintiff John Hancock Life Insurance Company ("John Hancock").

a new disbursement requirement internally, and secretly modified the financial projections submitted by Vesterra as part of its approval document.

During a recent deposition, a John Hancock Senior Vice President revealed that Warren Thomson, whose title is "Executive Vice President, U.S. Investments, John Hancock Life Insurance Company (USA)," was required to "sign off" on the John Hancock approval document twice, once without the material changes not contained in the Loan Application, and once with those changes having been made. In short, Mr. Thomson was a critical decision-maker during the period when the new requirement was inserted.[2] Any change between the original loan approval and the new approval needed to be "re-presented" to Mr. Thomson.

Accordingly, Vesterra requested that John Hancock make Mr. Thomson available for a deposition. *See* Exhibit A (copy of deposition notice).[3] Vesterra also agreed to limit the time of the deposition to approximately two hours. *See* Exhibit B (copy of letter from B. McCormick, Jr. to B. Davis).[4]

However, John Hancock has refused to produce Mr. Thomson for deposition. *See* Exhibit C (copy of letter from to B. Davis to B. McCormick, Jr.). Vesterra's counsel responded, and explained why it had requested Mr. Thomson's deposition. *See* Exhibit D (copy of letter from B. McCormick, Jr. to B. Davis). John Hancock still refused to produce Mr. Thomson.

Vesterra has no alternative other than to ask the court to issue an Order compelling the deposition of Mr. Thomson.

---

[2] Vesterra conducted the deposition of Ivor Thomas, ManuLife's Senior Vice President, North American Mortgage Operations, who works directly for Mr. Thomson, on March 31, 2006. Although Vesterra noticed Mr. Thomas's deposition in February, John Hancock did not make Mr. Thomas available until March 31st.
[3] All exhibits referenced herein are attached to the Declaration of Brian J. McCormick, Jr. in Support of Defendants' Motion to Compel John Hancock to Produce John Hancock Employee Warren Thomson for Deposition, filed herewith
[4] Vesterra had indicated in February 2006 that it intended to depose Mr. Thomson . However, during a telephone conference in mid-February, John Hancock's counsel represented to Vesterra's counsel that Mr. Thomson did not have any knowledge regarding the issues in this case, so Vesterra did not pursue Mr. Thomson's deposition at that time.

**ARGUMENT AND LEGAL MEMORANDUM**

Under the Federal Rules of Civil Procedure, a party is entitled to "discovery regarding any matter, not privileged, that is relevant to the claim of defense of any party." Fed.R.Civ.P. 26(b)(1). The purpose of the discovery rules is to allow both parties to obtain a complete examination of all relevant facts so that the truth of the matter may be readily ascertained.

Pursuant to Fed. R. Civ. P. 30(a)(1), a party may, except under certain narrow conditions, take the deposition of any person without leave of court. The party desiring to depose any person upon oral examination shall give reasonable notice in writing to every other party in the action. Fed. R. Civ. P. 30(b)(1). Vesterra noticed the deposition of Mr. Thomson on April 7, 2006. There is no question that Mr. Thomson is a proper subject for a notice of deposition, as an officer of John Hancock and an employee who signed <u>both of</u> the critical loan approval documents.

Mr. Thomson signed the Preliminary Investment committee "approval" document on August 10, 2004:

| Recommended By: | | |
|---|---|---|
| Investment Officer: Timothy J. Malik | [signature] | Date: 8/6/04 |
| **Credit Group:** Patricia Coyne | Patricia Coyne | Date: 8/6/04 |
| **Team Leader:** David Henderson | [signature] | Date: 8/9/04 |
| **Approved By:** Barry Neclow | [signature] | Date: 8-9-2004 |
| Ivor Thomas | [signature] | Date: 8-10-04 |
| Paul English | [signature] | Date: 8/10/04 |
| Warren Thomson | [signature] | Date: 8/10/04 |

*See* Exhibit E (relevant portions of August 10, 2004 approval).  This approval document was executed by lower level John Hancock management personnel between August 6, 2004 and August 10, 2004.  But, Ivor Thomas added terms to the approval document which did not appear in the Loan Application by interlineating items, including the 10% Breakeven requirement, on the first page.  *Id.*

Mr. Thomson also signed the August 16th "approval" which contains the new, undisclosed requirements and modified financial information:

| | | |
|---|---|---|
| Recommended By: | | |
| Investment Officer: Timothy J. Malik | [signature] | Date: 8/16/04 |
| Credit Group: Patricia Coyne | [signature] Patricia C. Coyne | Date: 8-16-04 |
| Team Leader: David Henderson | OUT OF OFFICE | Date: |
| Approved By: Barry Nectow | [signature] Barry C. Nectow | Date: 8-16-04 |
| Ivor Thomas | [signature] | Date: 8-16-04 |
| Paul English | [signature] | Date: |
| Warren Thomson | [signature] | Date: 8-16-04 |

*See* Exhibit F (relevant portions of August 16, 2004 approval).  This approval, executed on August 16, 2004, contained the new "Disbursement Requirement" of the "10% breakeven."  *Id.*

Thus, the disbursement conditions of the Loan were modified by John Hancock *over the course of these two approvals by the addition of the 10% Breakeven requirement.  Compare* Exhibit E, at 1 (handwritten notation "and 10% Breakeven") and Exhibit F, at 1 (now states "**Disbursement Requirements**: . . . and 10% breakeven") (emphasis in original).  Even though John Hancock's local representative was told that the addition of this new requirement would be a "deal killer" (which he told to John Hancock's home office), and even though Ivor Thomas knew the borrower

4

certainly would be "unhappy" with a requirement that would reduce the amount it would be able to borrow, it was added anyway as a disbursement requirement.

Ivor Thomas testified, *inter alia*, that Mr. Thomson had the final approval on the matter:

- "I do recall there were discussions with Tim Malik that, if we were going to be doing anything different than what had been originally approved by Mr. Thomson, that we'd have to re-present." and

- "if there was going to be anything different [in the approval], it had to go back to Mr. Thomson."

*See* Exhibit G, at 132-33 (relevant portions of March 31, 2006 deposition of Ivor Thomas).

Similarly, Mr. Thomas testified that John Hancock "wanted the loan", and ordered Timothy Malik to "write up the numbers" in a way that Mr. Thomson could approve:

> What I told Mr. Malik was that if we were going to do that, that would necessitate rewriting the numbers that we use in our own analysis to prove that the loan worked according to our criteria.
>
> <u>If he could do that, then it had to be written up in a format that had to be approved by Mr. Thomson.  Because we wanted the loan</u>.

*Id.* at 135 (emphasis added).

Mr. Thomas has thus now identified Warren Thomson as an individual who played an important role in the addition of the 10% Constant requirement to the second approval.  Since the unilateral insertion of this additional requirement into the Loan disbursement requirements is so critical, Vesterra needs to depose the individual who was responsible for implementing it.  The case could now be set for trial shortly -- and the testimony of Mr. Thomson is necessary before discovery can be complete.

Vesterra has not asked to depose every witness who has relevant knowledge of the matters at issue in the case.  Indeed, Vesterra has not sought to depose four of the witnesses listed in John Hancock's Initial Disclosures, instead only deposing those core John Hancock personnel who either

were actively involved in the transaction at issue here and the three individuals who were put forward as John Hancock's corporate designees in response to a Rule 30(b)(6) deposition notice.

Far from a fishing expedition, Vesterra's depositions have been focused on key witnesses who possess critical evidence that goes to the crux of John Hancock's claim and Vesterra's defenses. Mr. Thomson's depositions will facilitate a focused presentation of Vesterra's evidence at trial, and is consistent with the Rule 26's goal of a "just, speedy and cost-effective resolution" of this dispute.

## **CONCLUSION**

Defendants/Counter-Plaintiffs request that this Court compel John Hancock Life Insurance Company to appear for a deposition within ten (10) days of the date of any Order.

Respectfully submitted,

/s/ Robert D. Hillman
Steven J. Brooks (BBO # 059140)
Robert D. Hillman (BBO # 552637)
DEUTSCH WILLIAMS BROOKS
DeRENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
Tele.: 617-951-2300

/s/ Howard D. Scher
Howard D. Scher (admitted *pro hac vice*)
C. Randolph Ross (admitted *pro hac vice*)
Brian J. McCormick, Jr.(admitted *pro hac vice*)
BUCHANAN INGERSOLL PC
1835 Market Street, Floor 14
Philadelphia, PA 19103
Tele.: 215-665-8700

Attorneys for Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III and Vesterra Corporation.

Date: April 18, 2006

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document has been filed electronically today, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and is available for viewing and downloading from the ECF system.

Dated:  April 18, 2006

                                          /s/ Brian J. McCormick, Jr.
                                          Brian J. McCormick, Jr. (admitted *pro hac vic)*