UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    :
JOHN HANCOCK LIFE INSURANCE        :
COMPANY,                                          :
                                                    :
    Plaintiff/Counterclaim Defendants,   :
                                                    :        Civil Action No. 05-11614 WGY
               v.                              :
                                                    :
VESTMONT LIMITED PARTNERSHIP,     :
et al.,                                             :
                                                    :
    Defendants//Counterclaim Plaintiffs.   :
_____:

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S EMERGENCY MOTION FOR
PRELIMINARY INJUNCTIVE RELIEF PROHIBITING DEFENDANTS
FROM VIOLATING COURT-MANDATED ESCROW AGREEMENT**

      Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited

Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation ("Vesterra" or

"Defendants"), by and through their undersigned counsel, respectfully submit this memorandum

of law in opposition to Plaintiff/Counterclaim Defendant's Emergency Motion for Preliminary

Injunctive Relief Prohibiting Defendants From Violating Court-Mandated Escrow Agreement.

      Vesterra has fully complied with its representation to the Court that it would set aside $5

million from the sale of the property, and has further represented to counsel for John Hancock

that it would continue to set aside this amount beyond the April 30, 2006 date previously agreed

to.  Accordingly, John Hancock's motion should be denied and Vesterra should be awarded

sanctions for having to respond to a patently frivolous motion on the eve of trial.

## BACKGROUND AND ARGUMENT

John Hancock previously moved for injunctive relief to stall or halt the sale of the Avenel

Apartments.  (Docket No. 11).  Vesterra responded to this motion, and the Court held an

expedited hearing on the matter on February 14, 2006.  At that time, the Court asked if Vesterra

would "hold" $5 million if the property was sold:[1]

> THE COURT:    Suppose we can face right up to a trial within that period,
> without any injunction or anything, can you hold, say, 5 million of this for 60
> days?  Just on your representation as you are an officer of this Court.
>
> * * *
>
> MR. SCHER:  Two things.  One, your Honor's direction with respect to trial
> date is acceptable to us.  We welcome that opportunity.
> **And two, I do represent to the Court that if the transaction occurs within
> that period of time $5 million will be set aside.**
>
> THE COURT:  I accept that as you are an officer of the Court.

*See* Exhibit A, at 4-5, 9-10 (emphasis added).

Contrary to current assertions made by John Hancock, no "court-mandated escrow

agreement" was even discussed.  The hearing transcript clearly shows that Vesterra only

represented that it would "hold" or "set aside" $5 million if the property was sold. Indeed, one of

Vesterra's principals was present in the courtroom that day, and agreed that Vesterra would "set

aside" and preserve $5 million if the property was sold.  *See* Exhibit A, at 5, 8. The electronic

Order that accompanied this hearing reads:

> Electronic Clerk's Notes for proceedings held before Judge William G.
> Young: Motion Hearing held on 2/14/2006 re [11] MOTION for Preliminary
> Injunction filed by Plaintiff. **Defendant agrees to set aside $5,000,000 until
> the case can be resolved as long as the case gets to trial in April.** If the
> case cannot be tried by then, the court will hold a further hearing on the
> motion for preliminary injunction.  The case will be set for a final pretrial

---

[1] The transcript of this hearing is attached as Exhibit A to the Declaration of Brian J. McCormick, Jr. in Support of
Vesterra's Memorandum of Law in Opposition to Plaintiff's Emergency Motion for Preliminary Injunctive Relief
Prohibiting Defendants From Violating Court-Mandated Escrow Agreement.

conference in March. Notice will issue as to the exact date. Jury Trial set for RUNNING TRIAL LIST AS OF 4/3/2006 09:00 AM before Judge William G. Young, but not the week of April 17 due to a prior commitment of plaintiff's counsel. The Court ALLOWS the Motion to Amend the counterclaim.

*See* Exhibit B (emphasis added).[2]

The Court did **not** require Vesterra to:

- notify John Hancock if the property was sold;

- place the money in an escrow account; and/or

- provide John Hancock with the bank name and account number of the account where the $5 million is being held.

Nor did John Hancock's counsel ever request that the Court order Vesterra to perform any of these newly-claimed "mandates."

The property has now been sold, and in full accordance with Mr. Scher's representation to the Court, Vesterra has set aside the $5,000,000. More importantly, however, Vesterra and its counsel have informed counsel for John Hancock that Vesterra would continue to preserve the $5 million beyond the April 30 date. *See* Exhibit C (copy of April 24, 2005 e-mail from H. Scher to B. Davis).[3]

The Court accepted Mr. Scher's oral representation as "an officer of the Court" that $5,000,000 would be segregated from the purchase amount and set aside. *See* Exhibit A, at 9. Further, the Court merely ordered Vesterra to "hold" or "set aside $5,000,000 until the case can be resolved as long as the case gets to trial in April." *See* Exhibits A at 4-5 and B. Vesterra fully complied with those obligations, and without requesting a further hearing—as contemplated in

---

[2] Vesterra has previously responded to John Hancock's original legal argument, and demonstrated that it was inappropriate and artificial. *See* Defendants' February 13, 2006 Memorandum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction (Docket No. 16). Vesterra incorporates those arguments herein. Moreover, as before, John Hancock cannot satisfy the preliminary injunction standards necessary for the relief it seeks.

[3] John Hancock's improper intent in filing this motion becomes obvious based on its failure to mention, or attach, this e-mail from Mr. Scher to Mr. Davis, despite attaching four other e-mails between counsel.

this Court's Order—or any other court intervention, Vesterra agreed to extend its previously-made promise until the end of this trial.  *See* Exhibit C.

Quite simply, there is no genuine dispute here, and there is certainly no need for emergency relief.  Vesterra can only presume that this is an 11th-hour trial tactic by John Hancock to divert Defendants' attention during this critical pre-trial preparation time.  John Hancock's tactics also have the unfortunate result of wasting the Court's scarce time.

## <u>CONCLUSION</u>

For the foregoing reasons, John Hancock's motion should be denied, and Vesterra should be awarded sanctions for being forced to respond to this frivolous motion on the eve of trial.

Respectfully submitted,


  /s/ Robert D. Hillman
Steven J. Brooks (BBO # 059140)
Robert D. Hillman (BBO # 552637)
DEUTSCH WILLIAMS BROOKS
DeRENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
Tele.:  617-951-2300


  /s/ Howard D. Scher
Howard D. Scher (admitted *pro hac vice*)
C. Randolph Ross (admitted *pro hac vice*)
Brian J. McCormick, Jr.(admitted *pro hac vice*)
BUCHANAN INGERSOLL PC
1835 Market Street, Floor 14
Philadelphia, PA 19103
Tele.: 215-665-8700


Attorneys for Defendants/Counterclaim Plaintiffs
Vestmont Limited Partnership, Vestmont Limited
Partnership II, Vestmont Limited Partnership III
and Vesterra Corporation

Dated:  April 25, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been filed electronically today, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and is available for viewing and downloading from the ECF system.

Dated:  April 25, 2006

/s/ Brian J. McCormick, Jr.
Brian J. McCormick, Jr. (admitted *pro hac vice*)