UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

JOHN HANCOCK LIFE INSURANCE
COMPANY,

    Plaintiff/Counterclaim Defendant

    v.

VESTMONT LIMITED PARTNERSHIP,
et al.,

    Defendants/Counterclaim Plaintiffs.
_____

: Civil Action No. 05-11614 WGY
:
: JURY TRIAL DEMANDED

**DECLARATION OF BRIAN J. McCORMICK, JR.
IN SUPPORT OF DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S EMERGENCY MOTION FOR
PRELIMINARY INJUNCTIVE RELIEF PROHIBITING DEFENDANTS
<u>FROM VIOLATING COURT-MANDATED ESCROW AGREEMENT</u>**

BRIAN J. McCORMICK, JR., of full age, hereby declares as follows:

1. I am an attorney-at-law of the Commonwealth of Pennsylvania and an associate with the law firm of Buchanan Ingersoll PC, counsel for Defendants/ Counterclaim Plaintiffs in the above-captioned action. I have also been admitted *pro hac vice* to this Court pursuant to an Order entered on February 23, 2006.

2. This Declaration is submitted in support of Defendants' Memorandum of Law in Opposition to Plaintiff/Counterclaim Defendant's Emergency Motion for Preliminary Injunctive Relief Prohibiting Defendants From Violating Court-Mandated Escrow Agreement.

3. Attached hereto as Exhibit "A" is a true and correct copy of the official transcript of the February 14, 2006 preliminary injunction hearing.

4.  Attached hereto as Exhibit "B" is a true and correct copy of the ECF Notice containing the Clerk's Notes for the proceedings held before Judge William G. Young on February 14, 2006.

5.  Attached hereto as Exhibit "C" is a true and correct copy of an e-mail chain between Howard D. Scher, Esq. and Brian A. Davis. Esq.

I hereby declare under the penalty of perjury that the foregoing statements made by me are true and correct.

        /s/ Brian J. McCormick, Jr.
        Brian J. McCormick, Jr.

Dated: April 25, 2006

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Declaration has been filed electronically today, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and is available for viewing and downloading from the ECF system.

Dated:  April 25, 2006        /s/ Brian J. McCormick, Jr.
        Brian J. McCormick, Jr. (admitted *pro hac vice*)

# EXHIBIT A

Page 1

```
                    UNITED STATES DISTRICT COURT
1                 FOR THE DISTRICT OF MASSACHUSETTS

2                                              Civil Action
                                               No. 05-11614-WGY
3

4   * * * * * * * * * * * * * * * * * * *
                                        *
5                                       *
    JOHN HANCOCK LIFE INSURANCE         *
6   COMPANY,                            *
                                        *
7        Plaintiff/Counterclaim Defendant,  *
                                        *
8   v.                                  *      HEARING
                                        *
9   VESTMONT LIMITED PARTNERSHIP,       *
    et al.,                             *
10                                      *
         Defendants/Counterclaim Plaintiffs, *
11                                      *
    * * * * * * * * * * * * * * * * * * *
12
              BEFORE:  The Honorable William G. Young,
13                              District Judge
14
    APPEARANCES:
15
              CHOATE, HALL & STEWART (By Brian A. Davis,
16   Esq. and Lisa M. Gaulin, Esq.), Two International
     Place, 100-150 Oliver Street, Boston,
17   Massachusetts 02110, on behalf of the
     Plaintiff/Counterclaim Defendant
18
              DEUTSCH WILLIAMS BROOKS DeRENSIS & HOLLAND,
19   P.C. (By Robert D. Hillman, Esq.), 99 Summer
     Street, Boston, Massachusetts 02110-1213
20          - and -
              BUCHANAN INGERSOLL, P.C. (By Howard D.
21   Scher, Esq.), 1835 Market Street, Floor 14,
     Philadelphia, Pennsylvania 19103, on behalf of the
22   Defendants/Counterclaim Plaintiffs
23                                      1 Courthouse Way
                                        Boston, Massachusetts
24                                      February 14, 2006
25
```

Page 2

1    THE CLERK: All rise. Court is in session, please
2 be seated.
3    Calling Civil Action 05-11614, John Hancock v.
4 Vestmont.
5    THE COURT: Good morning. Would counsel identify
6 themselves.
7    MR. DAVIS: Good morning, your Honor. Brian Davis
8 representing John Hancock, and with me is Lisa Gaulin.
9    MR. HILLMAN: Your Honor, Robert Hillman
10 representing the defendants. Not with me right this second
11 is Howard Scher who stepped out about ten seconds before we
12 were moved up, and he'll be back in just a second.
13    THE COURT: Fine. Well, first of all, I apologize
14 to you and to counsel on the habeas. Please be seated. Due
15 to an illness in the family, I was not in yesterday and as a
16 consequence we have two matters on for this morning rather
17 than one and we'll try to address both of them.
18    I have had the opportunity to read the papers here
19 and let's back into this this way. And I'll start with John
20 Hancock. Well, we'll start with John Hancock.
21    There's a jury claim here. Do you -- I'm not
22 trying to talk anyone out of a jury claim, though this case
23 will be easier to administer if we handle it jury waived.
24 No one likes juries more than I do. So -- and you make your
25 best tactical judgment. Don't draw any conclusions -- it

1  makes no -- it's a matter of no moment to me whether you go
2  jury or jury waived other than the management of the case,
3  and I won't be offended if we go jury.
4  　　　　　Now, having said all that deferential stuff, do you
5  really want a jury here?
6  　　　　　MR. DAVIS:  Your Honor, I -- no.  The answer is
7  Hancock would --
8  　　　　　THE COURT:  How about you folks, do you really want
9  a jury here?
10 　　　　　MR. SCHER:  At this point, yes, we do, your Honor.
11 　　　　　THE COURT:  Okay, fine, then it's a jury case.
12 　　　　　Now let's back into the matter for this morning,
13 the preliminary injunction.  And again we'll start with John
14 Hancock.  And now the answers to your questions inform the
15 Court about the case and make a difference as to what's
16 going to happen here.
17 　　　　　One of the things you have to show is that you have
18 a reasonable likelihood of success.  Therefore, I take it
19 you're prepared to show that.
20 　　　　　MR. DAVIS:  Yes, your Honor.
21 　　　　　THE COURT:  So, in essence, given their rather
22 interesting defense, you are virtually ready to have this
23 matter resolved on the merits, are you not?
24 　　　　　MR. DAVIS:  Yes.
25 　　　　　THE COURT:  All right.  Well, that's helpful.

1          Now to the defense.  Equally -- because the
2    downside to you is we tie up all these funds.  And I've
3    read -- and thank you for the delivery of the courtesy
4    copies.  It is an interesting defense, one which one
5    imagines a jury would find interesting if you could sustain
6    it.
7          But you're ready to put up or shut up; is that
8    right?
9          MR. SCHER:  Discovery has not yet completed, your
10   Honor.
11         THE COURT:  But --
12         MR. SCHER:  Subject to that, yes, your Honor.
13         THE COURT:  Subject to --
14         MR. SCHER:  Yes, we are.
15         THE COURT:  -- that.
16         MR. SCHER:  Yes, we are.
17         THE COURT:  Very well.  Then suppose I can get this
18   case to trial, no huffing and puffing about this morning,
19   put on your first witness, but suppose I could, and I'm
20   delighted that he's here, suppose I could get this case to
21   trial within 30 to 60 days, the time when they fear Western
22   civilization will come to an end because you will get these
23   payments and that's what they want to restrain.  Suppose we
24   can face right up to a trial within that period, without any
25   injunction or anything, can you hold, say, 5 million of this

Page 5

1  for 60 days?  Just on your representation as you are an
2  officer of this Court.
3          MR. SCHER:  I would, I would not make such
4  representation without conferring first with my client --
5          THE COURT:  But here he is.
6          MR. SCHER:  -- but subject to that, and he's here.
7          THE COURT:  Right.
8          MR. SCHER:  He does have partners but --
9          THE COURT:  Before I ask you to do that -- no one
10 could be more transparent than me.  I understand Rule 65.
11 But to do it twice has never commended itself to me.  What I
12 want to give you is the best the federal district court can
13 give, and that's a trial.  If you want it to go jury waived
14 that's fine, but that has no moment.  If you want a jury,
15 it's a jury trial.  And the only, the only problem with case
16 management is, I have to find a Monday where I'm going to
17 impanel a jury.
18         I propose to put the case on the running trial list
19 with the guarantee that I'll either get it to trial in the
20 next two months, or we'll have a further status conference,
21 in return for which he'll give me his word, which I will
22 accept as an officer of this Court, that they'll set aside
23 $5 million, and at the outside I don't think you're going to
24 get more than that, and they've got their counterclaim here,
25 and we'll get the whole thing sorted out, or you'll settle

Page 6

```
 1   it.
 2              Now, there's -- I've turned all the cards up, if
 3   you will.  That's my agenda.  What do you think about that?
 4              MR. DAVIS:  Perfectly acceptable.
 5              THE COURT:  And subject to conferring with your
 6   client, what do you think about that?
 7              MR. SCHER:  Just one -- I hate to be detail
 8   obscessed.  I'm not generally obscessed with detail, but I
 9   need an expert --
10              THE COURT:  No, just have in mind that it affects
11   my calculus --
12              MR. SCHER:  Understood, your Honor.
13              THE COURT:  -- for preliminary injunction about
14   likelihood of success, if it was just a will-o'-the-wisp
15   wish defense.
16              MR. SCHER:  Your Honor --
17              THE COURT:  Go ahead.
18              MR. SCHER:  -- if --
19              THE COURT:  But say what you wanted to say.
20              MR. SCHER:  Seventy-five days.  That's all I was
21   going to say.
22              THE COURT:  Well, I'm not putting it off 75 days.
23   I'm guaranteeing a trial within two months.  It may be
24   faster than that.
25              MR. SCHER:  Okay.
```

1       THE COURT: And -- well, you're okay with that?
2       MR. SCHER: Well, I'm just worried about trial
3   preparation. I'm taking your Honor at your word. And if I
4   need to bring on witnesses -- I need an expert, and I just
5   heard from an expert yesterday --
6       THE COURT: Right.
7       MR. SCHER: -- that he's not available in the month
8   of March. So I'm anxious, that's all. But I'll take it.
9       THE COURT: There are such things as videotape
10  depositions. I'm not terribly sympathetic to that.
11      MR. SCHER: Sixty days, your Honor.
12      THE COURT: Well, I'm not bargaining as to the
13  days.
14      MR. SCHER: No, no.
15      THE COURT: That's the outside.
16      MR. SCHER: I understand.
17      THE COURT: The outside. This case is going to go
18  to trial within 60 days, or I'll give you, and really it's
19  them, you'll either have worked out some modus vivendi, or
20  I'll give you another status conference and I'll hear, if I
21  need to hear evidence -- in other words, I'll do it twice.
22  I'll do the rough justice of a preliminary injunction, and
23  then we'll get to trial. But I would rather a real trial.
24          Now, that's going to cost both sides a lot of
25  money. It's going to focus your minds. We'll see if the

1  case gets settled. And if not, it will be resolved.
2      But I'm talking over you, and I don't really mean
3  to do that without giving you a chance to talk to your
4  client. I'm delighted he's here and he can hear this.
5      But I think Ms. Smith, not just because we work
6  together, she'll back up what I said. When I say we'll give
7  you a trial, we'll give you a trial. It's not just going to
8  go in some limbo somewhere. We'll put you on the running
9  trial list and you'll get a trial.
10     Now, you take a moment to talk to your client.
11     MR. SCHER: Your Honor, I did have the honor of
12 being in your presence, among about 7,000 other lawyers, at
13 the American College. So I know that you mean it when you
14 say it. You made that presentation.
15     THE COURT: I recall it well. Thank you.
16     MR. SCHER: Thank you.
17     THE COURT: You know I delight in trials. Talk to
18 your client.
19     (Pause in proceedings.)
20     THE COURT: Sir?
21     MR. SCHER: Forgive me for taking so long, your
22 Honor.
23     THE COURT: It wasn't long at all.
24     MR. SCHER: Two things. One, your Honor's
25 direction with respect to trial date is acceptable to us.

1  We welcome that opportunity. And two, I do represent to the
2  Court that if the transaction occurs within that period of
3  time $5 million will be set aside.
4         THE COURT: I accept that as you are an officer of
5  the Court. I'm going to refine it a little bit and you can
6  thank Ms. Smith for this.
7         Looking at the matters on the list, which I've made
8  representations to as well, hearing what you said, I'm
9  placing the case on the running trial list but not before
10 April. In other words, I accept his representation. And
11 while I said, well, it may be faster than 60 days, in
12 fairness to you all, I won't call you before April.
13        What we will do is, I expect your cooperation with
14 respect to the remaining discovery. In March I will set up
15 a final pretrial conference since it's a jury case, frankly,
16 to talk settlement and to talk the mechanics of the trial,
17 if trial it will be, and we'll certainly try to get the case
18 tried during the month of April.
19        MR. SCHER: Your Honor?
20        THE COURT: To John Hancock, is that satisfactory?
21        MR. DAVIS: That's satisfactory, your Honor, with
22 one request. Not the week of April 17th which is school
23 vacation week, which I have made commitments to children.
24        THE COURT: And we accept that.
25        MR. DAVIS: Thank you, your Honor.

1   THE COURT: We'll either do it before -- we'll get
2   it done before then or we'll start after then.
3   MR. SCHER: Your Honor, there is a motion to amend
4   the counterclaim which is open which is before your Honor.
5   I don't believe John Hancock has yet been required to
6   respond but that is --
7   THE COURT: Yes. Any problem, any problem with
8   that since amendments are freely granted?
9   MR. DAVIS: It's futile, your Honor, in the
10  circumstance and they're seeking to add a 93A claim. I
11  think we can defeat it in any event.
12  THE COURT: Since it's -- you may defeat it before,
13  you may defeat it at. I'm taking that as, the motion to
14  amend as allowed.
15  MR. SCHER: Thank you, your Honor.
16  THE COURT: Thank you all. The case is on for the
17  April running trial list and the transcript will record the
18  representations made today. I thank you very much.
19  MR. DAVIS: Thank you, your Honor.
20  THE COURT: I'll take a brief recess. And now with
21  the decks cleared, Mr. Entine and counsel --
22  MR. KATZ: Mr. Katz.
23  THE COURT: Mr. Katz. Forgive me, Mr. Katz. I do
24  it only because I want to learn your name. Okay. The
25  morning in essence is yours and we'll try to get this set up

1  and address it.
2         We'll recess.
3         THE CLERK:  All rise.  Court is in recess.
4         (Whereupon the matter concluded.)
5
6
7              C E R T I F I C A T E
8
9
10     I, Donald E. Womack, Official Court Reporter for
11  the United States District Court for the District of
12  Massachusetts, do hereby certify that the foregoing pages
13  are a true and accurate transcription of my shorthand notes
14  taken in the aforementioned matter to the best of my skill
15  and ability.
16
17
18
19
20        _____
          DONALD E. WOMACK
21        Official Court Reporter
          P.O. Box 51062
22        Boston, Massachusetts 02205-1062
          womack@megatran.com
23
24
25

# EXHIBIT B

**McCormick, Brian**

Subject: FW: Activity in Case 1:05-cv-11614-WGY John Hancock Life Insurance Company v. Vestmont Limited Partnership et al "Motion Hearing"

**From:** Robert D. Hillman [mailto:RHillman@dwboston.com]
**Sent:** Tuesday, February 14, 2006 3:21 PM
**To:** Ross, C. Randolph; McCormick, Brian; sherhd@bipc.com
**Subject:** FW: Activity in Case 1:05-cv-11614-WGY John Hancock Life Insurance Company v. Vestmont Limited Partnership et al "Motion Hearing"

-----Original Message-----
**From:** ECFnotice@mad.uscourts.gov [mailto:ECFnotice@mad.uscourts.gov]
**Sent:** Tuesday, February 14, 2006 10:59 AM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:05-cv-11614-WGY John Hancock Life Insurance Company v. Vestmont Limited Partnership et al "Motion Hearing"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Smith, Bonnie entered on 2/14/2006 at 10:58 AM EST and filed on 2/14/2006
**Case Name:**      John Hancock Life Insurance Company v. Vestmont Limited Partnership et al
**Case Number:**    1:05-cv-11614
**Filer:**
**Document Number:**

**Docket Text:**
ElectronicClerk's Notes for proceedings held before Judge William G. Young : Motion Hearing held on 2/14/2006 re [11] MOTION for Preliminary Injunction filed by Plaintiff. Defendant agrees to set aside $5,000,000 until the case can be resolved as long as the case gets to trial in April. If the case cannot be tried by then, the court will hold a further hearing on the motion for preliminary injunction.The case will be set for a final pretrial conference in March. Notice will issue as to the exact date. Jury Trial set for RUNNING TRIAL LIST AS OF 4/3/2006 09:00 AM before Judge William G. Young, but not the week of April 17 due to a prior committment of plaintiff's counsel. The Court ALLOWS the Motion to Amend the counterclaim.(Court Reporter Womack.) (Smith, Bonnie)

The following document(s) are associated with this transaction:

4/25/2006

**1:05-cv-11614 Notice will be electronically mailed to:**

Brian A. Davis    BDavis@choate.com, bdenton@choate.com

Lisa M. Gaulin    lgaulin@choate.com

Robert D. Hillman    rdh@dwboston.com, lcristini@dwboston.com

**1:05-cv-11614 Notice will not be electronically mailed to:**

```
*********************************************************
NOTE:
The information contained in this electronic mail document
is attorney-client privileged material.  If you believe you
have received it in error, we would be grateful if you
called us at (617) 951-2300.  Non-clients are hereby
advised that any use, dissemination, distribution or
reproduction of this communication is strictly prohibited.
*********************************************************
```

4/25/2006

# EXHIBIT C

## McCormick, Brian

| | |
|---|---|
| **From:** | Scher, Howard |
| **Sent:** | Monday, April 24, 2006 1:28 PM |
| **To:** | 'Davis, Brian'; Ross, C. Randolph; McCormick, Brian |
| **Cc:** | 'Popeo, Paul' |
| **Subject:** | RE: John Hancock/Vesterra |
| **Importance:** | High |
| **Attachments:** | Scher, Howard.vcf |

Brian,

I genuinely do not understand why you are requesting information to which you have no entitlement. However, in reviewing the transcript of proceedings, I noted that it appears my representation ends on April 30 and that you might be thinking that you need to take some action to extend my representation beyond April 30.

Please be assured that my representation to the Court extends to and including the conclusion of the trial of this matter irrespective.

Howard

Brian,

Your recollection of the outcome of the preliminary injunction hearing is mistaken. A review of the transcript will show the entire representation made by me and the Court's acceptance of that.

> "And two, I do represent to the
> 2   Court that if the transaction occurs within that period of
> 3   time $5 million will be set aside.
> 4       THE COURT: I accept that as you are an officer of
> 5   the Court."

I do not believe you have any reason to believe that I have breached my representation to the Court. If I am mistaken, please let me know before you suggest otherwise.

Howard

Howard D. Scher
Buchanan Ingersoll, PC
1835 Market Street
14th Floor
Philadelphia, PA 19103
email: scherhd@bipc.com
215.665.3920 office
215.665.8760 fax
215.990.9989 mobile
412.973.9985 mobile 2
215.985.0692 home

4/25/2006

**From:** Davis, Brian [mailto:BDavis@choate.com]
**Sent:** Monday, April 24, 2006 9:28 AM
**To:** Scher, Howard; Ross, C. Randolph; McCormick, Brian
**Cc:** Popeo, Paul
**Subject:** John Hancock/Vesterra

Gentlemen:

As previously requested, please inform me today whether: (a) Vesterra still refuses to produce any and all drafts of Ms. Spevacek's expert report; and (b) Montgomery Square Partnership has sold or otherwise encumbered the Avenel at Montgomery Square property since the court hearing on Feb. 14, 2006, or, alternatively, provide the bank name and account number in which Montgomery Square Partnership has deposited $5,000,000 as directed by Judge Young on that date. If we cannot get satisfactory answers to these questions today, we intend to bring the issues to Judge Young's attention promptly.

Brian Davis

**CHOATE**

CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5056
Fax: 617-248-4000
E-mail: bad@choate.com

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com