UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 05-11614-WGY (Oral Argument Requested) |
| VESTMONT LIMITED PARTNERSHIP, VESTMONT LIMITED PARTNERSHIP II, VESTMONT LIMITED PARTNERSHIP III, and VESTERRA CORPORATION d/b/a MONTGOMERY SQUARE PARTNERSHIP, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## PLAINTIFF JOHN HANCOCK LIFE INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION FOR PRELIMINARY INJUNCTIVE RELIEF PROHIBITING DEFENDANTS FROM VIOLATING COURT-MANDATED ESCROW AGREEMENT

Plaintiff John Hancock Life Insurance Company ("John Hancock" or "Hancock") respectfully submits this reply memorandum in support of its emergency motion for preliminary injunctive relief prohibiting defendants Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation d/b/a Montgomery Square Partnership (collectively, "Montgomery Partners" or the "Defendants") from violating the escrow agreement entered into, at the direction of this court, on February 14, 2006. Defendants were advised in the immediate aftermath of the February 14 preliminary injunction hearing that John Hancock expected to be notified as soon as the Avenel

Apartments property was sold, and that it also expected to be provided with information sufficient to identify where the $5,000,000 had been placed in escrow. *See* Letter of Brian A. Davis to Howard D. Scher and Brian J. McCormick, Jr., dated February 14, 2006 (a true copy of which is appended to this reply memorandum as Exhibit A). Defendants raised no objection at that time.

Not until John Hancock filed its emergency motion, however, did the Defendants actually disclose that the Avenel Apartments property had been sold. *See* Defendants' Memorandum of Law in Opposition to Emergency Motion, dated April 25, 2006, at 3. But more ominously, the Defendants *still refuse* to disclose to John Hancock or to this court where or how the $5,000,000 has been "set aside." Indeed, the Defendants appear to deny any obligation whatsoever to place the funds in an escrow account for Hancock's benefit. *Id.* Without the additional information that the Defendants refuse to disclose -- including the location of the account, the number of the account, and the name of the account owner -- Hancock and the court have no way of knowing whether the funds actually are secure. Whatever games the Defendants may be playing, they should not be permitted to continue.

For these additional reasons, John Hancock respectfully requests that its Emergency Motion directing the Defendants to place $5,000,000 in an identified, interest-bearing escrow account for Hancock's benefit, or alternatively be paid into court, pending the resolution of this action be allowed.

JOHN HANCOCK LIFE INSURANCE
COMPANY

By its attorneys,

*/s/ Brian A. Davis*
Brian A. Davis (BBO No. 546462)
Paul D. Popeo (BBO No. 567727)
Elizabeth A. Castellani (BBO No. 663818)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tele: 617-248-5000

Date:  April 26, 2006

4074957.1

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel for the Plaintiff hereby certifies that he has conferred in good faith with counsel for the Defendants concerning the subject matter of this Emergency Motion. The parties were not able to resolve or narrow the issues raised therein.

*/s/ Brian A. Davis*
Brian A. Davis


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 26, 2006.

*/s/ Brian A. Davis*
Brian A. Davis

4074154.1

# EXHIBIT A

February 14, 2006

Brian A. Davis, P.C.
(617) 248-5056
bad@choate.com

<u>BY ELECTRONIC AND REGULAR MAIL</u>

Howard D. Scher, Esquire
Brian J. McCormick, Jr., Esquire
BUCHANAN INGERSOLL P.C.
1835 Market Street, 14th Floor
Philadelphia, Pennsylvania 19103-2985

Re:    John Hancock Life Insurance Company
       v. Vestmont Limited Partnership, *et al.*
       <u>U.S.D.C. (Mass.) Civil Action No. 05-11614-WGY</u>

Dear Howard and Brian:

I write in response to Brian's letter of February 13, 2006, and to follow up on today's hearing before Judge Young.

Addressing the latter point first, I ask that you notify me if and when the Avenel Apartments property is sold, and that you tell me at that time the name of the institution in which the $5 million is deposited per Howard's representation to the Court. Please let me know right away if you or your clients are not willing to provide this information.

Second, the proposed discovery schedule contained in Brian's February 13 letter is not acceptable to John Hancock. I suggest that we have a conference call this week to work out a mutually acceptable discovery schedule, particularly in light of the revised trial date. I suggest 3:00 p.m. on either Thursday or Friday. Please let me know which time you would prefer. If neither time works, please propose some alternatives.

Lastly, if Vesterra intends to call any expert witnesses at trial it should identify them *immediately*.

Letter to Attorneys Scher and McCormick
BUCHANAN INGERSOLL P.C.
February 14, 2006
Page 2


Thank you for your anticipated cooperation.

Very truly yours,

Brian A. Davis

cc:    Robert D. Hillman, Esq. (by regular mail)
       Lisa M. Gaulin, Esq.

4044558.1