UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP,<br>VESTMONT LIMITED PARTNERSHIP II,<br>VESTMONT LIMITED PARTNERSHIP III,<br>and VESTERRA CORPORATION d/b/a<br>MONTGOMERY SQUARE PARTNERSHIP,<br><br>Defendants. | CIVIL ACTION NO. 05-11614-WGY |

## PLAINTIFF JOHN HANCOCK LIFE INSURANCE COMPANY'S MOTION TO COMPEL DOCUMENTS RELATING TO DEFENDANTS' SALE OF THE AVENEL APARTMENTS COMPLEX

Plaintiff John Hancock Life Insurance Company ("John Hancock" or "Hancock") hereby moves, pursuant to Fed. R. Civ. P. 37 for an order compelling defendants Vestmont Limited Partnership, *et al.* (collectively, "Montgomery Partners" or "Defendants") to produce all documents relating to the actual sale of Montgomery Partners' residential apartment complex known as "Avenel at Montgomery Square" (the "Avenel Apartments"). This action involves Montgomery Partners' breach of the parties' negotiated Loan Commitment, under which John Hancock agreed to provide Montgomery Partners with $32 million in financing on the Avenel Apartments at any time over a twelve month period. Rather than close the loan, Montgomery Partners decided to, and now has, sold the Avenel Apartments.

1. John Hancock previously requested, pursuant to Fed. R. Civ. P. 34, that Montgomery Partners produce, *inter alia*, all documents "concerning the actual or potential sale of the [Avenel Apartments] Property, including without limitation all offers, proposals, term sheets, purchase and sale agreements, financial statements, financial analyses and spreadsheets." *See* John Hancock's First Request for the Production of Documents to Defendants, Category 23, attached hereto as Exhibit A.

2. On April 25, 2006, Montgomery Partners disclosed in court papers that the Avenel Apartments property actually has been sold. Despite John Hancock's explicit discovery requests, however, Montgomery Partners has not produced any documents pertaining to or memorializing that sale.

3. On April 26, 2006, John Hancock requested that Montgomery Partners provide updated responses to John Hancock's Requests for Production in this action pursuant to Fed. R. Civ. P. 26(e)(2), and promptly produce any documents in its possession, custody or control pertaining to the actual sale of the Avenel Apartments property. *See* E-mail message from Paul Popeo, Esq. to Brian McCormick, Esq., dated April 26, 2006, attached hereto as Exhibit B. Montgomery Partners subsequently has refused to produce those documents, however, solely on the grounds of relevance. *See* E-mail message from Brian McCormick, Esq. to Paul Popeo, Esq., dated April 27, 2006, attached hereto as Exhibit C.

5. Trial in this action is scheduled to commence on May 1, 2006. Documents pertaining to the actual sale of the Avenel Apartments property by the Defendants are directly relevant to John Hancock's underlying breach of contract claim, which alleges that Montgomery Partners failed to close the Loan called for in the parties' binding Loan Commitment in order to take advantage of the opportunity to sell the Avenel Apartments

property at a substantial gain. As such, they should be produced by the Defendants immediately so that John Hancock may use them as evidence at trial, if appropriate.

WHEREFORE, John Hancock respectfully requests that defendant Montgomery Partners be ordered to immediately produce any and all documents relating to the actual sale of the Avenel Apartments property.

>JOHN HANCOCK LIFE INSURANCE
>COMPANY
>
>By its attorneys,
>
>/s/ Brian A. Davis
>Brian A. Davis (BBO No. 546462)
>Paul D. Popeo (BBO No. 567727)
>Elizabeth A. Castellani (BBO No. 663818)
>CHOATE, HALL & STEWART LLP
>Two International Place
>Boston, MA 02110
>Tele: 617-248-5000
>Fax: 617-248-4000

Date:  April 28, 2006

4076013.1

## LOCAL RULE 7.1 AND 37.1 CERTIFICATION

Pursuant to Local Rule 7.1(A)(2) and 37.1(a), the undersigned counsel for the Plaintiff hereby certifies that he has conferred in good faith with counsel for the Defendants concerning the subject matter of this Motion. The parties were not able to resolve or narrow the issues raised therein.

>/s/ Brian A. Davis
>Brian A. Davis

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 28, 2006.

/s/ *Brian A. Davis*
Brian A. Davis

4076013v1

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP,<br>VESTMONT LIMITED PARTNERSHIP II,<br>VESTMONT LIMITED PARTNERSHIP III,<br>and VESTERRA CORPORATION d/b/a<br>MONTGOMERY SQUARE PARTNERSHIP,<br><br>Defendants. | CIVIL ACTION NO. 05-11614-WGY |

## PLAINTIFF JOHN HANCOCK LIFE INSURANCE COMPANY'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiff John Hancock Life Insurance Company ("John Hancock"), by its attorneys, hereby requests, pursuant to Fed. R. Civ. P. 26 and 34 and the Local Rules of this Court, that defendants Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation d/b/a Montgomery Square Partnership (collectively, "Vesterra") respond and produce the documents and things identified herein at the offices of Choate, Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110, within thirty (30) days from service hereof.

### Definitions

For purposes of this request for production, John Hancock adopts the "Uniform Definitions in Discovery Requests" contained in Local Rule 26.5. The following additional terms shall have the meanings set forth below:

1.  "You," "your" and "Vesterra" shall mean defendants Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation d/b/a Montgomery Square Partnership, their various corporate parents, subsidiaries, affiliates, subdivisions and departments, and any and all representatives, successors, assigns, officers, directors, general partners, limited partners, employees, agents, representatives, attorneys or other persons or entities who have acted or purported to act for or on behalf of any of them.

2.  "John Hancock" shall mean collectively defendants John Hancock Life Insurance Company, its various subsidiaries, affiliates, divisions and departments (including without limitation John Hancock Real Estate Finance, Inc.), and any and all representatives, successors, assigns, officers, directors, employees, agents, representatives, auditors, attorneys or other persons or entities who have acted or purported to act for or on behalf of any of them.

3.  The "Loan Commitment" shall mean the "Application to John Hancock Life Insurance Company for a First Mortgage Loan," dated July 30, 2004, a partial copy of which is appended to Vesterra's Answer and Counterclaim in this action as Exhibit A.

4.  The "Property" shall mean the apartment complex located at 1100 Avenel Boulevard, North Wales, Montgomery County, Pennsylvania known as "Avenel at

Montgomery Square," including, without limitation, all buildings and other improvements located thereon.

5. The "Loan" shall mean the first mortgage loan that is referred to as the "Loan" in, *inter alia*, the first paragraph on page 1 of the Loan Commitment.

6. The "Loan Documents" shall mean the documents that are referred to collectively as the "Loan Documents" in, *inter alia*, Section 6 of the Loan Commitment, including without limitation all drafts thereof.

7. "Terms and Conditions" shall mean the contractual terms and conditions that are referred to collectively as the "Terms and Conditions" in, *inter alia*, the first paragraph on page 1 of the Loan Commitment.

8. The "Closing" shall mean the funding of the Loan that is referred to as the "Closing" in, *inter alia*, Section 4 of the Loan Commitment.

9. The "Letter of Credit" shall mean the irrevocable letter of credit payable to John Hancock in the amount of $640,000 that is referred to as the "Letter of Credit" in, *inter alia*, Paragraph 11 of Vesterra's Counterclaim in this action.

10. The "Commitment Fee" shall mean the $320,000 Commitment Fee paid to John Hancock that is referred to as the "Commitment Fee" in, *inter alia*, Paragraphs 10(c) and 11 of Vesterra's Counterclaim in this action.

11. "Regarding" shall have the same meaning as "concerning."

12. "Any" shall be construed also to mean "all," and "all" shall be construed also to mean "any."

13.     "And" as well as "or" shall be construed both disjunctively and conjunctively to mean "and/or."

## Instructions

1.      Unless otherwise specified, these requests seek documents created or received at any time from January 1, 2002, to the present.

2.      In construing each request, the singular form of a word shall be interpreted as plural and the plural as singular as necessary to bring within the scope of the request any information or documents that might otherwise be construed to be outside its scope.

3.      Each request shall be construed independently and not with reference to any other request herein for purposes of limitation, unless a request so specifies.

4.      Pursuant to Fed. R. Civ. P. 26(e), each request propounded herein shall be deemed to be continuing and, in the event you discover further information or documents that are responsive or that alter or augment the answers now given, you must promptly provide John Hancock with such information by amended or supplemental responses and supplemental document production(s).

5.      The information and documents called for by these requests include all information and documents in your possession, custody or control wherever located, including without limitation in the possession or custody of your present or former attorneys, accountants, financial advisors, consultants, auditors, or investigators.

6.      If you object to any of these requests, state the grounds for your objection with particularity. If you object to a portion or part of any request, state the grounds for your

objection to that portion or part with particularity and respond to the portion or part of the request to which you have not objected.

7. With respect to any document that is responsive to these requests for which Vesterra claims a privilege or which Vesterra otherwise claims is not subject to production, Vesterra shall provide a log or list describing each withheld document, and stating separately with respect to each such document:

    (a) the type of document (*e.g.*, letter, memorandum, computer diskette, *etc.*);

    (b) the date of the document;

    (c) the title of the document;

    (d) the author(s) of the document;

    (e) the intended and actual recipients of the document;

    (f) the general subject matter of the document; and

    (g) the factual and/or legal basis(es) for your claim of privilege or ground(s) for non-production asserted with respect to the document.

8. Vesterra shall produce the responsive documents and things either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in these requests. If Vesterra possesses no documents or things responsive to a particular request, Vesterra shall so state in its response.

9. Each request calls for production of each document and thing in its entirety, without abbreviation, redaction, expurgation, or modification.

10. Each request seeks production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in either

Vesterra's business or personal files, together with a copy of the descriptive file folder or database category in its entirety.

11. If Vesterra objects to any request made herein as unduly broad, Vesterra shall identify the categories of documents within the scope of the request that it believes are properly discoverable, shall produce all such documents, and shall state, with particularity, its reason for asserting that the remainder of the request seeks documents that are beyond the scope of permissible discovery.

### Specific Document Requests

1. All documents concerning the Loan Commitment, including without limitation all drafts thereof.

2. All documents concerning any communication between or among Vesterra and John Hancock regarding the Loan Commitment.

3. All documents concerning any communication between or among Vesterra and any person other than John Hancock regarding the Loan Commitment.

4. All documents concerning the Loan.

5. All documents concerning the Loan Documents.

6. All Loan Documents received by Vesterra from John Hancock.

7. All Loan Documents submitted by Vesterra to John Hancock, including without limitation all documents evidencing or securing the Loan, all financial statements from Vesterra, all title documents, all title insurance documents, all instrument surveys, all appraisals, all evidence of hazard and other insurance, all legal opinions, and all documents regarding compliance with applicable environmental laws, ordinances, rules and regulations.

8. All documents concerning Vesterra's failure to submit any Loan Documents to John Hancock.

9. All documents concerning any communication between or among Vesterra and John Hancock regarding the Loan Documents.

10. All documents concerning any communication between or among Vesterra and any person other than John Hancock regarding the Loan Documents.

11. All documents concerning the Letter of Credit.

12. All documents concerning the Commitment Fee.

13. All documents concerning the Closing, including without limitation the timing thereof.

14. All documents provided by Vesterra to John Hancock in anticipation of the Closing.

15. All documents concerning Vesterra's efforts to obtain any actual or potential financing secured, in whole or in part, by the Property, including without limitation all loan applications, proposals, financial statements, financial analyses, spreadsheets, term sheets and commitments.

16. All documents concerning any communication between or among Vesterra and John Hancock regarding Vesterra's efforts to obtain any actual or potential financing secured, in whole or in part, by the Property.

17. All documents concerning any communication between or among Vesterra and any person other than John Hancock regarding Vesterra's efforts to obtain any actual or potential financing secured, in whole or in part, by the Property.

18. All documents concerning any financing sought or obtained by Vesterra that is or was to be secured, in whole or in part, by any real estate other than the Property, including without limitation all loan applications, loan agreements, notes, proposals, financial statements, financial analyses, spreadsheets, term sheets and commitments.

19. All documents concerning Vesterra's anticipated gain or loss from the actual or potential sale of the Property, including without limitation all accounting records, financial statements, financial analyses and spreadsheets.

20. All documents concerning the approval of the Loan Commitment by John Hancock.

21. All documents concerning Vesterra efforts, or lack of effort, to fulfill any of the Terms and Conditions of the Loan Commitment.

22. All documents concerning Vesterra efforts, or lack of effort, to comply with any of its obligations under the Loan Commitment.

23. All documents concerning the actual or potential sale of the Property, including without limitation all offers, proposals, term sheets, purchase and sale agreements, financial statements, financial analyses and spreadsheets.

24. All documents concerning any communication between or among Vesterra and John Hancock regarding the actual or potential sale of the Property.

25. All documents concerning any communication between or among Vesterra and any person other than John Hancock regarding the actual or potential sale of the Property.

26. All documents concerning the alleged non-binding or "illusory" nature of the Loan Commitment as referred to, *inter alia*, in Paragraph 18 of Vesterra's Counterclaim in this action.

27. All documents concerning the Vesterra's alleged "additional damages" referred to, *inter alia*, in Paragraph 29 of Vesterra's Counterclaim in this action.

JOHN HANCOCK LIFE INSURANCE COMPANY

By their attorneys,

_____
Brian A. Davis (BBO No. 546462)
Lisa M. Gaulin (BBO No. 654655)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5000
Fax: 617-248-4000

Date:   October 24, 2005

3996150.1

# EXHIBIT B

### Castellani, Elizabeth A.

**From:** Popeo, Paul
**Sent:** Wednesday, April 26, 2006 6:59 PM
**To:** 'McCormick, Brian'
**Subject:** Hancock

Brian:

Please immediately serve updated responses to Hancock's First and Second Request(s) for Production and Hancock's First Set of Interrogatories so that those responses reflect current and accurate information concerning your client's sale of the apartment complex. Please produce the responsive documents to me not later than Friday so that we may use them at trial.

Thanks

Paul D. Popeo

CHOATE

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4074
f 617-248-4000
ppopeo@choate.com
www.choate.com

# EXHIBIT C

### Popeo, Paul

**From:** McCormick, Brian [mccormickbj@bipc.com]
**Sent:** Thursday, April 27, 2006 9:59 PM
**To:** Popeo, Paul
**Subject:** RE: Hancock

Paul,

Vesterra has produced all of the documents and material it believes are responsive to John Hancock's discovery requests. The date and details relating to the closing of the sale of the Avenel Apartment complex are irrelevant to John Hancock's claims and defenses in this case. Accordingly, we see no need to supplement Vesterra's responses to John Hancock's overbroad discovery requests.

Brian

**Brian J. McCormick, Jr.**
**Buchanan Ingersoll PC**
1835 Market Street, 14th Floor
Philadelphia, PA 19103

215-665-3957 (direct)
215-687-7965 (cell)
215-665-8760 (fax)
mccormickbj@bipc.com (e-mail)

---

**From:** Popeo, Paul [mailto:PPopeo@choate.com]
**Sent:** Wednesday, April 26, 2006 6:59 PM
**To:** McCormick, Brian
**Subject:** Hancock

Brian:

Please immediately serve updated responses to Hancock's First and Second Request(s) for Production and Hancock's First Set of Interrogatories so that those responses reflect current and accurate information concerning your client's sale of the apartment complex. Please produce the responsive documents to me not later than Friday so that we may use them at trial.

Thanks

Paul D. Popeo

CHOATE

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4074
f 617-248-4000

4/28/2006

ppopeo@choate.com
www.choate.com

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

TAX ADVICE DISCLAIMER: Any federal tax advice contained in this communication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein. If you would like such advice, please contact us.

Above email is for intended recipient only and may be confidential and protected by attorney/client privilege.
If you are not the intended recipient, please advise the sender immediately.
Unauthorized use or distribution is prohibited and may be unlawful.