# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

―――――――――――――――――――――――――――  :
                                            :
JOHN HANCOCK LIFE INSURANCE                 :
COMPANY,                                    :
                                            :
            Plaintiff and Counterclaim      :      Civil Action No. 05-11614 WGY
            Defendant,                      :
                                            :
      v.                                    :
                                            :
VESTMONT LIMITED PARTNERSHIP,               :
et al.,                                     :
                                            :
            Defendants and                  :
            Counterclaim Plaintiffs.        :
                                            :
―――――――――――――――――――――――――――

## DEFENDANTS' AND COUNTERCLAIM PLAINTIFF'S
## FIRST SET OF PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51, defendants in the above-captioned action ("Defendants"

or, collectively, "Vesterra") hereby submit the following First Set of Proposed Instructions to the

Jury.  Defendants intend to supplement these proposed instructions prior to the charge

conference to conform to the Court's orders during trial, the evidence at trial and to respond to

jury instructions proposed by plaintiff John Hancock Life Insurance Company ("Plaintiff" or

"John Hancock").

Defendants have not included general jury instructions.  If the Court wishes, Defendants

will submit such draft instructions.  Where such instructions are relevant to the specific issues of

this case, such as the adverse inference which may be drawn from a privilege, those instructions

are included.

Defendants have included proposed jury instructions on the issue of contract formation.

Defendants understand that the Court has determined that a contract was formed in this matter consisting of the written agreement between the parties.  Instructions concerning contract formation are included to preserve Defendants' rights, if any, on this issue.

Respectfully submitted,

/s/ *Robert D. Hillman*
_____
Steven J. Brooks (BBO # 059140)
Robert D. Hillman (BBO # 552637)
DEUTSCH WILLIAMS BROOKS
DeRENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
Tele.:  617-951-2300


Howard D. Scher (admitted *pro hac vice*)
C. Randolph Ross (admitted *pro hac vice*)
Brian J. McCormick, Jr.(admitted *pro hac vice*)
BUCHANAN INGERSOLL PC
1835 Market Street, Floor 14
Philadelphia, PA 19103
Tele.: 215-665-8700

Attorneys for Defendants/Counterclaim Plaintiffs Vestmont Limited  Partnership,  Vestmont  Limited  Partnership  II, Vestmont Limited Partnership III and Vesterra Corporation


Date:  April 28, 2006

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by ***electronic filing*** on this date.


/s/  *Robert D. Hillman*
_____

**Table of Contents**

**Introductory Instruction**

**A.    Defendants' Requested Instructions on Plaintiff's Claim**

  1.    Breach of Contract – General Instruction

  2.    Breach of Contract – Contract Formation and Breach

  3.    Breach of Contract - Breach

  4.    Breach of Contract – Plaintiff's Breach – Ready, willing and able to perform

  5.    Breach of Contract – Defenses

  6.    Breach of Contract – Damages

  7.    Breach of Contract – Damages – Liquidated Damages

  8.    Breach of Contract – Damages – Yield Maintenance Damages

  9.    Breach of Contract – Damages - Not Speculative

  10.    Breach of Contract – Damages – No Court Costs or Attorneys Fees

  11.    Breach of Contract – Damages – No Interest

  12.    Breach of Contract – Damages – Mitigation

**B.    Defendants' Requested Instructions on Defendants' Counterclaim**

  13.    Counterclaim – General Instruction

  14.    Counterclaim -- M.G.L. c. 93A – Trade or Commerce

  15.    M.G.L. c. 93A – Unfair or Deceptive Acts

  16.    M.G.L. c. 93A – Deception

  17.    M.G.L. c. 93A – Unfair Acts

  18.    M.G.L. c. 93A – Pernicious Motive

  19.    M.G.L. c. 93A – Nondisclosure

20.    M.G.L. c. 93A – Primarily and Substantially in Massachusetts

21.    M.G.L. c. 93A – Causation

22.    M.G.L. c. 93A – Damages

23.    M.G.L. c. 93A – Willful or Knowing

24.    M.G.L. c. 93A – Willful or Knowing – Representation

25.    M.G.L. c. 93A – Multiple Damages

26.    Pennsylvania Common Law Fraud – Elements

27.    Pennsylvania Common Law Fraud – Nondisclosure

28.    Pennsylvania Common Law Fraud – Burden of Proof

29.    Pennsylvania Common Law Fraud – Damages

30.    Pennsylvania Common Law Fraud – Punitive Damages

31.    Pennsylvania Common Law Fraud – Punitive Damages (continued)

**Defendants' First Request for Jury Instruction No. 1**

**(Breach of Contract – General Instruction)**

In this action, plaintiff John Hancock Life Insurance Company, which I will refer to as "Hancock" has brought a claim for breach of contract against the defendants, a group of four separate business entities which I may refer to collectively as "Vesterra."

A contract is an agreement that is legally binding. In this case, I am instructing you that a certain contract existed between Hancock and Vesterra. That contract was formed on August 17, 2004 when Vesterra's Application to John Hancock Life Insurance Company for a First Mortgage Loan was signed by Timothy J. Malick, a Senior Investment Officer for Hancock, indicating Hancock's acceptance of the application. This document, which I will refer to as the Accepted Application is in evidence, it is marked as Exhibit __.

I further instruct you that the entire contract between the parties is contained in the written document, that is, the Accepted Application. Any terms or conditions that are not contained in the Accepted Application are not part of the contract between the parties. There has been evidence, which is disputed, that there were additional conditions to the loan that Hancock did not disclose to Vesterra. These terms were not part of the contract. I will instruct you as to the decisions of fact that you will be required to make concerning the evidence of undisclosed terms and conditions shortly.

Order of the Court dated March 20, 2006 at 2.

**Defendants' First Request for Jury Instruction No. 2**

**(Breach of Contract – Contract Formation and Breach)**

**(to be given if the issue of contract formation is sent to the jury)**

The burden of proof is on Hancock to prove that it is more likely than not that it had a valid contract with Vesterra.  It is also Hancock's burden to prove to you that Vesterra breached the terms of the contract. This is a question of fact, which you must determine from all the believable evidence in the case, along with whatever reasonable inferences you draw from the evidence. In this case, you are being asked to decide whether there was a legally binding contract between Hancock and Vesterra, and whether Vesterra "breached" a term of that contract -- that is, violated it in a significant way.

A contract is a promise, or set of promises, between two or more persons to do or not do a certain thing.  Ordinarily, for there to be a contract, the parties must by their words or conduct express their mutual assent-that is, their agreement-to exchange promises.  Each party has agreed to exchange a promise for a promise by the other party.

To prove that there was a contract, Hancock must prove that it is more likely than not that it and the defendant had an agreement and that the agreement is legally binding.

To have an agreement, two people have to come to a common understanding about the obligations that each of them is undertaking. Usually this means that one person makes an offer and the other person accepts that offer.

A contract exists when the parties agree to terms and conditions of mutual promises. This is often referred to as a "meeting of the minds." "Mutuality" means that the parties communicated their agreement to the terms and conditions in the same sense and at the time of the alleged contract. There is no contract formed if only one party intends to be bound, or if the

parties intend to be bound only at a later time.

The plaintiff must also prove that each side gives up something of value, or promises to give up something of value, in order for the agreement to be legally binding. It is not necessary that each side promise something of equal value; we leave to the parties what kind of deal they want to strike, as long as each side gives up or promises to give up something of value.

In order to determine whether a binding contract existed in this case, you must decide whether Hancock has proved that parties intended to agree to the contract's terms as of the time of the contract, and that in that agreement both sides gave up, or promised to give up, something of value.

If you determine that a binding contract was formed, you must determine the terms of the contract. The terms of the agreement are those terms to which the parties mutually assented with reasonable certainty.

Louis M. Ciavarra & Kimberly A. Stone, Massachusetts Superior Court Civil Practice Jury Instructions, §§ 14.1 and 14.1.11 (Massachusetts Continuing Legal Education, Inc. 2001).

**Defendants' First Request for Jury Instruction No. 3**

**(Breach of Contract – Breach)**

A breach of contract is a failure to comply with one or more terms of the contract.  In order to recover for breach of contract, the non-breaching party must have completely performed its obligations.  Where one party to a contract has failed to perform its obligations, then as a matter of law the other party is thereafter excused from performing its contractual obligations.

In order to prevail on a breach of contract claim, a party must prove the following four elements by a preponderance of the evidence:

1.      that there is a contract,

2.      that the party performed its obligations under the contract (or is excused from performance),

3.      that the other party breached the contract, and

4.      that the non-breaching party suffered damages as a result of the breach of contract.

Louis M. Ciavarra & Kimberly A. Stone, Massachusetts Superior Court Civil Practice Jury Instructions, §  14.1.19 (Massachusetts Continuing Legal Education, Inc. 2001)

**Defendants' First Request for Jury Instruction No. 4**

**(Breach of Contract – Plaintiff's Breach – Ready, willing and able to perform)**

Ordinarily, a plaintiff cannot recover for breach of contract if the plaintiff itself has breached the contract.

In its claim for breach of contract, Hancock plaintiff has the burden of proving that it was ready, willing and able to perform its obligations if the defendant also did so.

In this case, I instruct you that a contract exists, in the form of the Accepted Application. In order to recover for a breach of that contract by Vesterra, Hancock has the burden to prove that it was ready, willing and able to perform its obligations under that contract – that is, that it would have made a loan of $32 million to Vesterra if Vesterra had met the conditions contained in the contract, meaning the written document admitted in evidence as Exhibit __.

Vesterra presents evidence of a "ten percent constant" which Hancock did not disclose to Vesterra which Hancock intended to apply to the transaction before funding the loan. If you find that Hancock would not have funded the loan due to the ten percent constant, or for any other reason not contained in the Accepted Application, you must find that Hancock was not "willing" to perform the contract.


*See also Singarella v. City of Boston*, 342 Mass. 385, 387 (Mass. 1961); *Interstate Litho Corp. v. Brown*, 255 F.3d 19, 28 (1st Cir. 2001).

**Defendants' First Request for Jury Instruction No. 5**

**(Breach of Contract – Defenses)**

A refusal or failure to perform may not be a breach of contract where there is a legal reason not to perform.  Legal reasons are called "defenses."  I will explain several defenses to you shortly. Vesterra has the burden of proving to you that it has a legal reason or defense for its nonperformance.

Louis M. Ciavarra & Kimberly A. Stone, Massachusetts Superior Court Civil Practice Jury Instructions, §  14.2 (Massachusetts Continuing Legal Education, Inc. 2001)

**Defendants' First Request for Jury Instruction No. 6**

**(Breach of Contract – Damages)**

If you find that Hancock was ready, willing and able to perform its obligation under the written contract, and that Vesterra breached the contract with Hancock,  your verdict will be in favor of the Hancock, and you must also go on to determine the amount of the damages.

The fact that I charge you on the measurement of damages is not, and should not be considered by you, as any indication that I think damages should be awarded.  I give you these instructions on damages solely because I am required to charge you on all phases of the case that you might have to consider.  If Hancock has not proven that Vesterra breached the contract, then you will not consider the issue of damages.

If Vesterra did breach the contract, you must then decide the amount of Hancock's damages, if any.  Before Hancock can recover damages under any theory of recovery, it must prove that Vesterra's breach caused damages.

In order to recover damages against Vesterra, Hancock must demonstrate that the damages complained of were caused by Vesterra's conduct. If the damages were caused by Hancock or by someone other than Vesterra, then Hancock is not entitled to damages from Vesterra.

Louis M. Ciavarra & Kimberly A. Stone, Massachusetts Superior Court Civil Practice Jury Instructions, §§ 14.3.1 & 14.3.1(a) (Massachusetts Continuing Legal Education, Inc. 2001)

## Defendants' First Request for Jury Instruction No. 7

### (Breach of Contract — Damages - Liquidated Damages)

Vesterra contends that the Accepted Application contains damages provisions in which the parties agreed that the Application Fee and Commitment Fee would constitute the amount of damages sustained by Hancock in the event that Vesterra's breach prevented the loan from closing.

The parties to a contract may agree in advance on what the damages will be if the contract is breached. You should enforce such an advance agreement about the amount of damages unless the amount is so disproportionate to the actual amount of losses and expenses as to constitute a penalty. Particularly where the losses are difficult to calculate exactly, it is normally prudent to follow the advice of one Massachusetts judge who later sat on the United States Supreme Court: "so far as [the law] permits, the proper course is ... not to undertake to be wiser than the parties."

*Kobayashi v. Orion Adventures, Inc.*, 42 Mass. App. Ct. 492, 678 N.E. 2180, <u>further</u> <u>app.</u> <u>rev.</u> <u>denied</u> 425 Mass. 1102, 680 N.E. 2d 101 (1997); *John Hethington & Sons, Ltd. v. William Firth Co.*, 210 Mass. 8, 95 N.E. 951 (1911).

**Defendants' First Request for Jury Instruction No. 8**

**(Breach of Contract –- Damages – Yield Maintenance Damages)**

You must further determine whether, at the time the parties entered into the "Accepted Application" that there was agreement between the parties that the that damages that Vesterra would be required to pay to Hancock in the event that it did actually close on the loan and borrow the money would include "yield  maintenance" damages.

Hancock claims that the "costs" referenced in the Accepted Application include all damages, including what Hancock refers to as "yield maintenance damages."  This category of damages Hancock claims to be measured by the present value of the interest payments on the loan that was not closed.  Vesterra takes the position that at the time of contracting it did not consider "yield maintenance" as category of damages that could be recovered in the event the loan did not close, and, moreover, that had Hancock disclosed that it regarded yield maintenance as a category of damages that it could recover, Vesterra would not have submitted the loan application to Hancock.

Before you consider whether Hancock has proved an amount of "yield maintenance" damages, you must decide whether when the parties entered into the Accepted Application they both understood that "yield maintenance" was a category of damages that Hancock could claim if the loan did not close.  Hancock has the burden of proving to you by a preponderance of the evidence that both parties agreed that "yield maintenance" damages would be available to Hancock in the event the loan did not close.

*Kobayashi v. Orion Adventures, Inc.*, 42 Mass. App. Ct. 492, 95 – 97, 678 N.E. 2180, <u>further app. rev. denied</u> 425 Mass. 1102, 680 N.E. 2d 101 (1997)

**Defendants' First Request for Jury Instruction No. 9**

**(Breach of Contract – Damages -- Not Speculative)**

Damages must be proved with a reasonable degree of certainty. Thus, damages cannot be speculative. Any damages that Hancock claims to have suffered, including any compensatory damages, must be computed by rational methods upon a firm factual basis. Therefore, any damages sought must be proven and not left to speculation.

In order to recover damages, a party must establish that its damages are ascertainable by reference to some definite standard, either of market value, established experience, or direct inference from known circumstances.

However, a mathematical certainty in measuring damages is not a prerequisite for recovery.

*Rombola v. Cosindus*, 351 Mass. 382, 220 N.E. 2d 919 (1966); *John Hethington & Sons, Ltd. v. William Firth Co.*, 210 Mass. 8, 95 N.E. 951 (1911).

**Defendants' First Request for Jury Instruction No. 10**

**(Breach of Contract – Damages - No Court Costs or Attorney Fees)**

If you determine that Hancock is entitled to damages, in deciding the amount of the damages, you may not include any sum for court costs or for attorney fees.

Louis M. Ciavarra & Kimberly A. Stone, Massachusetts Superior Court Civil Practice Jury Instructions, § 14.3.1(m) (Massachusetts Continuing Legal Education, Inc. 2001)

**Defendants' First Request for Jury Instruction No. 11**

**(Breach of Contract - Damages - No Interest)**

If you are to award the damages, you may not include any amount for interest. The law automatically provides for interest, and the clerk of courts will calculate the appropriate amount.

Louis M. Ciavarra & Kimberly A. Stone, Massachusetts Superior Court Civil Practice Jury Instructions, § 14.3.1(n) (Massachusetts Continuing Legal Education, Inc. 2001)

**Defendants' First Request for Jury Instruction No. 12**

**(Breach of Contract - Damages - Mitigation)**

Hancock was required to exercise reasonable care and diligence, including reasonable expenditures, in order to "mitigate" its damages, that is, to keep them to a minimum. If Vesterra proves that Hancock did not do so, you must reduce any award of damages by the amount that Hancock reasonably could have reduced the total damages.

*Burnham v. Mark IV Homes, Inc.*, 387 Mass. 575, 585 - 86, 441 N.E.2d 1027 (1982); Restatement (Second) of Contracts § 350(1) (1981)

**Defendants' First Request for Jury Instruction No. 13**

**(Counterclaim – General Instruction)**

In addition, to the claim brought by Hancock for breach of contract, Vesterra has brought two[*] counterclaims against Hancock.

---

[*] Vesterra includes proposed instructions on a fraud claim under Pennsylvania law in the event that, under the evidence presented at trial, such an instruction may become warranted.

**Defendants' First Request for Jury Instruction No. 14**

**(Counterclaim – M.G.L. c. 93A – Trade or Commerce)**

Vesterra has brought a counterclaim against Hancock for unfair and deceptive acts in violation of a Massachusetts statute.

To prevail on this claim, Vesterra must prove, by a preponderance of the evidence, that Hancock was engaged in "trade or commerce" in its dealings with Vesterra, or in other words, that Hancock's conduct took place in a business context.

I instruct you, as a matter of law, that Hancock's actions with respect to a loan application such as that at issue in this case is acting "in trade or commerce" in its dealings with Vesterra.

M.G.L. c. 93A, §§ 2, 11.

**Defendants' First Request for Jury Instruction No. 15**

**(M.G.L. c. 93A – Unfair or Deceptive Acts)**

You must then determine whether Hancock committed an unfair or deceptive act or practice.  In other words, if Hancock's conduct is such that a reasonable businessperson would find it reprehensible, you may find that such conduct constitutes behavior that is unfair or deceptive.

You should focus on the nature of the conduct that Vesterra complains about and the purpose and effect of that conduct.  Keep in mind that even sophisticated businesspersons must deal with each other honestly, a businessperson may not induce another to act by material misrepresentations.

*VMark Software, Inc. v. EMC Corp.*, 37 Mass. App. Ct. 610, 619, n.11, 642 N.E.2d 587, 594 (1994); Michael D. Weisman, et al., Massachusetts Superior Court Civil Practice Jury Instructions, §  16.4(b) (Massachusetts Continuing Legal Education, Inc. 2001).

**Defendants' First Request for Jury Instruction No. 16**

**(M.G.L. c. 93A - Deception)**

A "deceptive" act or practice is simply one that has the capacity to deceive.  An act or practice is deceptive if it could reasonably cause a person to act differently from the way he or she would act if he or she knew the truth about the matter.  It includes any communication made with the intent to deceive another person.  However, intent to deceive is not always necessary.  A negligent or careless misrepresentation of fact, the truth of which was reasonably capable of ascertainment, may also be a deceptive act or practice.

940 C.M.R. § 3.16(2); *Sargeant v. Koulisas*, 29 Mass. App. Ct. 956, 958, 560 N.E. 2d 569, 571 (1990); *Maillet v. ATF-Davidson Co.,* 407 Mass. 185, 193, 552 N.E. 2d 95, 100 (1990); Michael D. Weisman, et al., Massachusetts Superior Court Civil Practice Jury Instructions, §  16.4.2 (Massachusetts Continuing Legal Education, Inc. 2001).

**Defendants' First Request for Jury Instruction No. 17**

**(M.G.L. c. 93A – Unfair Acts)**

To help you determine whether an act or practice is "unfair, " ask yourself these three questions:

First, does it fall within some established concept of unfairness.  For something to be unfair, it does not need to violate some other law or a government regulation; however, whether or not it does is something you may consider.  Not every illegal act is unfair.  A material misrepresentation falls within an established basis of unfairness.

Second, ask yourself whether Hancock's act or practice was immoral, unethical, oppressive, unscrupulous, or otherwise unconscionable.  That obviously involves you in a moral judgment about the ethics of the marketplace.  You, the jury, are the collective conscience of the community.  Use your common sense.  Consider Hancock's conduct in light of all the circumstances, keeping in mind that you must decide this question in the context of the commercial marketplace.  An act that might be unfair in a business transaction with an unsophisticated consumer may not be unfair when it takes place in a transaction involving two sophisticated businesspersons.

Third, consider whether Hancock's act or practice would cause substantial injury to competitors or other businesspersons.

*Datacomm Interface, Inc. v. EMC Corp.,* 396 Mass. 760, 778, 489 N.E. 2d 185, 196 (1986); Michael D. Weisman, et al., Massachusetts Superior Court Civil Practice Jury Instructions, § 16.4.3(b) (Massachusetts Continuing Legal Education, Inc. 2001).

**Defendants' First Request for Jury Instruction No. 18**

**(M.G.L. c. 93A – Pernicious Motive)**

In determining whether an act or practice is unfair or deceptive, keep in mind that a negligent act by itself does not constitute proof of an unfair or deceptive act or practice. A breach of contract, standing alone does not constitute proof of an unfair or deceptive act or practice. Instead, Vesterra must prove, by a preponderance of the evidence, that the negligence or breach and was motivated by a "pernicious purpose," was unfair, or could reasonably cause a person to act differently from the way he or she would act if he or she knew the truth about the matter.

*Madan v. Royal Indemn. Co*., 26 Mass. App. Ct. 756, 762, 532 N.E. 2d 1214, 1217 (1989); *Squeri v. McCarrick*, 32 Mass. App. Ct. 203, 207, 588 N.E. 2d 22, 25 (1992); Michael D. Weisman, et al., Massachusetts Superior Court Civil Practice Jury Instructions, § 16.4.4 (Massachusetts Continuing Legal Education, Inc. 2001).

**Defendants' First Request for Jury Instruction No. 19**

**(M.G.L. c. 93A - Nondisclosure)**

Vesterra claims that Hancock failed to disclose to Vesterra a material fact, the disclosure of which may have influenced Vesterra not to enter into the transaction. The notion of disclosure necessarily implies that the fact in question is known to the person expected to disclose it. Knowledge turns on Hancock's state of mind at the time of the transaction. In determining whether Vesterra has proved that Hancock failed to disclose a material fact, you must examine what Hancock knew, not what a reasonable person would have known. The test is a subjective one.

*Sheehy v. Lipton Indus*., 24 Mass. App. Ct. 188, 195, 507 N.E. 2d 781, 785-86 (1987) (disclosure of material fact would have lead a party not to enter transaction); 940 CMR § 3.16(2) (Chapter 93A imports a duty of disclosure); citing Michael Gilleran, The Law of Chapter 93A at § 4.1d (1989 and supp. 1992); *Greenery Rehabilitation Group, Inc. v. Antaramian,* 36 Mass.App.Ct. 73, 78, 628 N.E.2d 1291 (1994) ("One can violate § 2 of G.L. c. 93A ... by failing to disclose to a buyer a fact that might have influenced the buyer to refrain from the purchase"); Michael D. Weisman, et al., Massachusetts Superior Court Civil Practice Jury Instructions, § 16.7.3 (Massachusetts Continuing Legal Education, Inc. 2001).

**Defendants' First Request for Jury Instruction No. 20**

**(M.G.L. c. 93A – Primarily and Substantially in Massachusetts)**

Conduct that is unfair or deceptive may not violate the statute where there is a legal reason that exempts the conduct.  Such a legal reason is called a "defense."  One such defense is that conduct may be exempted from the authority of the statute if Hancock can prove that it lacked primary and substantial involvement in Massachusetts. The burden of proof on this defense shifts to Hancock.

To make this determination, you should determine whether Hancock has demonstrated that "the center of gravity of the circumstances that give rise to the claim" is *not* primarily and substantially within the Commonwealth.

*Kansallis Finance Ltd. v. Fern*, 40 F.3d 476, 481 (1st Cir. 1994) (Section 11 "provides an exemption from 93A liability, available as a defense, rather than a jurisdictional prerequisite to suit, and thus defendants bear the burden of proving a lack of primary and substantial involvement in Massachusetts");  *Kuwaiti Danish Computer Co. v. Digital Equipment Corp.*, 438 Mass. 459, 473, 781 N.E.2d 787, 799 (Mass. 2003).

**Defendants' First Request for Jury Instruction No. 21**

**(M.G.L. c. 93A – Causation)**

If  Hancock committed an unfair or deceptive act or practice, you must then determine whether Vesterra has proved, by a preponderance of the evidence, that the act or practice caused an injury to Vesterra.  By that I mean that Vesterra must show that it is more likely than not that Hancock's unfair or deceptive act or practice was a substantial factor in bringing about an injury.

If Hancock engaged in an unfair method of competition or used an unfair or deceptive act or practice, you must then determine whether Vesterra suffered any loss of money or property as a result of Hancock's actions.  In reaching your decision as to whether Vesterra suffered such a loss, have in mind that the term "money" means money, and it does not mean time or anything else.  Also, have in mind that the term "property" means the kind of property that is purchased or leased.  What you are deciding at this point is whether Hancock's conduct caused the plaintiff to suffer a loss of money or property.

Michael D. Weisman, et al., Massachusetts Superior Court Civil Practice Jury Instructions, §
16.5 and 16.5.2  (Massachusetts Continuing Legal Education, Inc. 2001).

**Defendants' First Request for Jury Instruction No. 22**

**(M.G.L. c. 93A – Damages)**

If Hancock engaged in an unfair method of competition or used an unfair or deceptive act or practice, Vesterra has a right to be compensated for any loss of money or property it suffered as a result of Hancock's actions.  As I just stated, in reaching your decision as to whether Vesterra suffered such a loss and, if so, what the amount of the loss is, have in mind that the term "money" means "money," and it does not mean time or anything else.  What you are deciding at this point is what amount of money will fully and fairly compensate Vesterra for the losses that Vesterra sustained as a result of Hancock's actions.

Michael D. Weisman, et al., Massachusetts Superior Court Civil Practice Jury Instructions, § 16.6.3 (Massachusetts Continuing Legal Education, Inc. 2001).

**Defendants' First Request for Jury Instruction No. 23**

**(M.G.L. c. 93A – Willful or Knowing)**

If Hancock's actions were unfair or deceptive, then you must go on to decide whether Hancock willfully or knowingly committed that unfair or deceptive act or practice. Vesterra has the burden of proving, by a fair preponderance of the evidence, that Hancock had a subjectively culpable state of mind. "Willful" or "knowing" requires something more than mere negligence.

Michael D. Weisman, et al., Massachusetts Superior Court Civil Practice Jury Instructions, § 16.7.4 (Massachusetts Continuing Legal Education, Inc. 2001).

**Defendants' First Request for Jury Instruction No. 24**

**(M.G.L. c. 93A – Willful or Knowing - Representations)**

An unfair or deceptive statement is willful if the speaker represents a fact to be true without knowing whether it is true or not and with reckless disregard for whether it is true or not. An unfair or deceptive statement is knowing if the speaker represents a fact to be true while knowing that it is not true.

M.G.L. c. 93A, §§ 2, 11; Michael D. Weisman, et al., Massachusetts Superior Court Civil Practice Jury Instructions, § 16.7.5 (Massachusetts Continuing Legal Education, Inc. 2001).

**Defendants' First Request for Jury Instruction No. 25**

**(M.G.L. c. 93A – Multiple Damages)**

If you have found that Hancock committed an unfair or deceptive act or practice willfully or knowingly, then Vesterra is entitled to an award of up to three times, but no less than two times, the actual damage you have determined Vesterra to have sustained. You must, therefore, determine whether the damage caused by Hancock's unfair or deceptive act or practice should be doubled or trebled.

Multiple damages are designed to impose a penalty on the culpable party. The purpose of multiple damages is to deter callous and intentional violations of the law and to promote pre-litigation settlements by making it unprofitable for a culpable party to ignore an injured party's request for relief. Multiple damages are not awarded to compensate particular harmed individuals. In determining whether the actual damages should be doubled or trebled, take into consideration all the relevant circumstances, including the character and degree of the wrong as shown by the evidence, the necessity of preventing similar wrong, and Hancock's degree of culpability.

M.G.L. c. 93A, §§ 2, 11; Michael D. Weisman, et al., Massachusetts Superior Court Civil Practice Jury Instructions, § 16.7.12 (Massachusetts Continuing Legal Education, Inc. 2001).

**Defendants' First Request for Jury Instruction No. 26**

**(Pennsylvania Common Law Fraud – Elements)**

**(To be given in the event that, under the evidence presented at trial, such an instruction may become warranted.)**

Vesterra has also asserted a counterclaim for common law fraud against John Hancock.

A person who makes a fraudulent misrepresentation of material fact to another person is responsible for all injuries resulting from that other person's reliance on the fraudulent misrepresentation.  In order for Vesterra to recover against John  Hancock you must find: (1) that Hancock made a misrepresentation to Vesterra; (2) that the misrepresentation made by Hancock to Veseterra was fraudulent; (3) that the misrepresentation was of a material fact; (4) that Hancock intended that Vesterra rely on Hancock's misrepresentation; (5) that Vesterra relied on Hancock's misrepresentation; and (6) that Vesterra's reliance on Hancock's misrepresentation was a factual cause of the harm suffered by Vesterra.

Pennsylvania Suggested Standard Civil Jury Instructions, § 13.14 (2d Edition 2003).

**Defendants' First Request for Jury Instruction No. 27**

**(Pennsylvania Common Law Fraud – Nondisclosure)**

**(To be given in the event that, under the evidence presented at trial, such an instruction may become warranted.)**

"The deliberate nondisclosure of a material fact amounts to culpable misrepresentation no less than does an intentional affirmation of material falsity."

*Neuman v. Corn Exchange Nat'l Bank & Trust Co.*, 51 A.2d 759, 764 (Pa. 1947); *Commonwealth v. Monumental Properties, Inc.*, 329 A.2d 812, 829 (Pa. 1974). *See* Restatement of Contracts § § 471(c) and 472.

A person must use reasonable care to disclose a material fact if:

(1)     the person knows he or she is making or later learns he or she has made a misrepresentation, or

(2)     the person knows he or she is making or later learns he or she has made a misleading representation, or

(3)     the person knows he or she is making a misrepresentation or misleading representation or later learns that another is about to act in reliance upon it. If that person fails to do so, he or she is responsible for all harm resulting from that other person's reliance on the misrepresentation or misleading representation.

A misrepresentation is any assertion by words or conduct that is not in accordance with the facts.  A misleading representation is an assertion by words or conduct that is likely to mislead another regarding the facts.  An assertion by words may, for example, arise from statements contained in the labeling or in the advertising of a product.  An assertion by conduct may, for example, arise from a usage of trade or course of dealing.  A usage of trade is any practice or method of dealing that has been regularly observed among persons in a particular place, trade, or

vocation.  Because a usage of trade is so regularly observed, a buyer may justifiably expect it to be observed by the seller in any sale.  A course of dealing arises from the previous conduct between the buyer and seller.  The course of dealing establishes a common basis for understanding each other's expressions or conduct.  A fact is material if it is one that would be of importance to a reasonable person in determining a choice of action.  A material fact, however, need not be the sole or even a substantial factor in inducing or influencing a reasonable person's decision.  A fact is also material if the person who fails to disclose it knows that the person to whom it is made is likely to regard it as important even though a reasonable person would not regard it as important.

"Reliance" means a person would not have acted as he or she did or would not have failed to act unless he or she considered the misrepresentation or misleading representation to be true.

Pennsylvania Suggested Standard Civil Jury Instructions, § 13.16 (2d Edition 2003).

**Defendants' First Request for Jury Instruction No. 28**

**(Pennsylvania Common Law Fraud – Burden of Proof)**

**(To be given in the event that, under the evidence presented at trial, such an instruction may become warranted.)**

The burden of proof as to Vesterra's counterclaim for common law fraud must be established by clear and convincing evidence.

To satisfy the burden of proof as to its fraud counterclaim, Vesterra must prove each element of these claims by clear and convincing evidence. For evidence to be clear and convincing, the witnesses must be found credible; the facts to which they testify must be distinctly remembered, and the testimony must be so clear, direct, weighty, and convincing that you can reach a clear conviction, without hesitancy, of the truth of the precise facts in issue. Although this is a significant burden of proof, it is not necessary that the evidence be uncontradicted, as long as the evidence leads you to a clear conviction of its truth.

Pennsylvania Suggested Standard Civil Jury Instructions, § 5.50A (2d Edition 2003).

**Defendants' First Request for Jury Instruction No. 29**

**(Pennsylvania Common Law Fraud – Damages)**

**(To be given in the event that, under the evidence presented at trial, such an instruction may become warranted.)**


Vesterra is entitled to be fairly and adequately compensated for the actual monetary loss it has suffered. Actual monetary loss includes:

    1.    the difference between the value it gave or amount it paid and the actual, real, or intrinsic value of what it received at the time of the transaction; and

    2.    all other monetary loss suffered as a consequence of the misrepresentation or nondisclosure, including the additional expenses and losses incurred as a result of the misrepresentation or nondisclosure.


Pennsylvania Suggested Standard Civil Jury Instructions, § 13.17 (2d Edition 2003).

**Defendants' First Request for Jury Instruction No. 30**

**(Pennsylvania Common Law Fraud – Punitive Damages)**

**(To be given in the event that, under the evidence presented at trial, such an instruction may become warranted.)**

If you find that Hancock's conduct was a factual cause of the harm Vesterra is alleged to have suffered and if you find that the conduct of Hancock was outrageous, you may award punitive damages, as well as any compensatory damages, in order to punish John Hancock for its conduct and to deter Hancock and others from committing similar acts.

A person's conduct is outrageous when he or she acts with a bad motive or acts with reckless indifference to the interests of others.

Pennsylvania Suggested Standard Civil Jury Instructions, § 14.00 (2d Edition 2003).

**Defendants' First Request for Jury Instruction No. 31**

**(Pennsylvania Common Law Fraud – Punitive Damages - continued)**

**(To be given in the event that, under the evidence presented at trial, such an instruction may become warranted.)**

If you decide that Vesterra is entitled to an award of punitive damages, it is your job to fix the amount of such damages. In doing so, you may consider any or all of the following factors:

- the character of Hancock's act,

- the nature and extent of the harm to Vesterra that John Hancock caused or intended to cause; in this regard you may include Vesterra's trouble and expense in seeking to protect its interests in legal proceedings and in this suit, and

- the wealth of Hancock insofar as it is relevant in fixing an amount that will punish it, and deter it and others from like conduct in the future.

The amount you assess as punitive damages need not bear any relationship to the amount you choose to award as compensatory damages, and it is not necessary that you award compensatory damages to Vesterra in order to assess punitive damages against John Hancock as long as you find in favor of Vesterra and against John Hancock on the question of liability.

The amount of punitive damages awarded must not be the result of passion or prejudice against Hancock on the part of the jury. The sole purpose of punitive damages is to punish the culpable party's outrageous conduct and to deter the culpable party and others from similar acts.

Pennsylvania Suggested Standard Civil Jury Instructions, § 14.02 (2d Edition 2003).

DWLIB 198673v1
8836/00