UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP,<br>VESTMONT LIMITED PARTNERSHIP II,<br>VESTMONT LIMITED PARTNERSHIP III,<br>and VESTERRA CORPORATION d/b/a<br>MONTGOMERY SQUARE PARTNERSHIP,<br><br>Defendants. | CIVIL ACTION NO. 05-11614-WGY |

## PLAINTIFF'S TRIAL BRIEF

Plaintiff John Hancock Life Insurance Company ("John Hancock") submits this trial brief containing John Hancock's description of the case and its proposed witness list.

### Description of the Case

This is a breach of contract action brought by John Hancock in which John Hancock seeks to enforce the unambiguous terms of a binding $32 million Loan Commitment that John Hancock and the Defendants negotiated and entered into in the summer of 2004 for the purpose of financing a new, 256-unit residential apartment complex in the suburban Philadelphia area known as "Avenel at Montgomery Square" (the "Avenel Apartments").

Plaintiff John Hancock is a life insurance company organized under Massachusetts law that maintains its principal place of business in Boston, Massachusetts. As of April 2004, John Hancock merged with, and became a part of, Manulife Financial Corporation, a Canadian entity.

John Hancock continues to provide an array of insurance and investment products to individual and institutional customers, primarily in North America. John Hancock invests the funds generated by its operations for the benefit of its policyholders and shareholders.

Defendant Vesterra Corporation is a Pennsylvania corporation engaged in the business of real estate development. The three principals of Vesterra Corporation are Mr. James Koller, Mr. Frank Palopoli and Mr. Joseph Kelly. Defendants Vestmont Limited Partnership, Vestmont Limited Partnership II and Vestmont Limited Partnership III are Pennsylvania limited partnerships. Each of these entities is a general partner in Montgomery Square Partnership ("Montgomery Partners" or "Defendants"), a partnership formed for the sole purpose of developing approximately 180 acres of vacant land located in the suburban Philadelphia area. The Montgomery Square development eventually included a retail shopping center and the residential apartment complex known as the Avenel Apartments.

In the summer of 2004, John Hancock and Montgomery Partners negotiated and entered into in a 70-page written Loan Commitment whereby John Hancock agreed, subject to various standard and negotiated conditions, to provide Montgomery Partners with $32 million in permanent financing on the Avenel Apartments at any time over the ensuing twelve months at a "locked" interest rate of 6.18% per year. Montgomery Partners expressly agreed, in return, to *either* actually borrow the $32 million from John Hancock on or before the deadline of August 1, 2005, *or* to pay "all ... damages, losses, costs and expenses suffered or incurred by John Hancock" as a result of Montgomery Partners' failure to close the loan.

Notwithstanding the clear terms of the Loan Commitment, Montgomery Partners made no effort to borrow the $32 million from John Hancock on or before the scheduled closing date of August 1, 2005. Rather, Montgomery Partners decided to take advantage of the strong

demand for apartment properties in the Pennsylvania area to find a buyer for the Avenel Apartments project. Beginning in May of 2005, Montgomery Partners began the process of soliciting private bids on the Avenel Apartments from interested buyers. Montgomery Partners ultimately agreed to sell the project to an entity controlled by JP Morgan Chase Bank for $59,270,000. Montgomery Partners' gain on that transaction was approximately $28 million. As a consequence, Montgomery Partners never closed the agreed-upon $32 million loan with John Hancock. Montgomery Partners nonetheless denies any obligation to compensate John Hancock for its resulting losses.

This Court already has that the Loan Commitment constitutes a binding contract between John Hancock and Montgomery Partners, and that Montgomery Partners has breached that contract. Accordingly, the only questions left to resolve with respect to John Hancock's breach of contract claim are whether Hancock was ready, willing and able to perform under the Loan Commitment, and the amount of Hancock's resulting damages. Montgomery Partners also has asserted a counterclaim against John Hancock under Massachusetts General Law Chapter 93A claiming that John Hancock's conduct in approving the $32 million loan for Montgomery Partners' benefit constituted an unfair or deceptive trade practice.

### Plaintiff's Proposed Witnesses

Plaintiff submits the following proposed witness list:

**Fact Witnesses (live or by deposition):**

1. Ms. Patricia Coyne
   John Hancock Life Insurance Company
   Real Estate Finance Group
   197 Clarendon Street
   Boston, MA 02116

2. Mr. Brian Depolis
   John Hancock Life Insurance Company

        Real Estate Finance Group
        486 Norristown Road, Suite 130
        Blue Bell, PA 19422

3.   Mr. Jonathan P. Ferrie
     John Hancock Life Insurance Company
     Real Estate Finance Group
     486 Norristown Road, Suite 130
     Blue Bell, PA 19422

4.   Mr. Joseph Kelly
     851 Wright Drive
     Maple Glen, PA 19002

5.   Mr. James Koller
     892 Andorra Road
     Lafayette Hill, PA 19444

6.   Mr. Timothy J. Malik
     John Hancock Life Insurance Company
     Real Estate Finance Group
     197 Clarendon Street, C-3
     Boston, MA 02116

7.   Ms. Helene McCole
     John Hancock Life Insurance Company
     Real Estate Finance Group
     486 Norristown Road, Suite 130
     Blue Bell, PA 19422

8.   Mr. Frank Palopoli
     1017 Lorien Drive
     Ambler, PA 19002

9.   Mr. Thomas C. Rogers
     White and Williams LLP
     1800 One Liberty Place
     Philadelphia, PA 19103

10.   Mr. Ivor Thomas
      John Hancock Life Insurance Company
      Real Estate Finance Group
      197 Clarendon Street
      Boston, MA 02116

11.   Ms. Joan Uzdavinis
      John Hancock Life Insurance Company

          Real Estate Finance Group
          197 Clarendon Street
          Boston, MA  02116

12.    All witnesses on Defendants' Witness List

13.    All impeachment and rebuttal witnesses

**Expert Witnesses:**

1.    Mr. Simon Platt
      StoneTurn Group, LLP
      60 State Street
      Suite 700
      Boston, MA  02109

2.    Mr. Walter E. Mercer
      Paris Hill Realty Advisors
      173 Oakleigh Road
      Newton, MA  02458

## Additional Pre-Trial Submissions

John Hancock submitted its proposed juror *voir dire* questions to the court on April 27, 2006. John Hancock will submit its proposed jury instructions and special verdict form on or before May 1, 2006, as instructed by the court.

        Respectfully submitted,

        JOHN HANCOCK LIFE INSURANCE
        COMPANY

        By its attorneys,

        */s/ Brian A. Davis*
        Brian A. Davis (BBO No. 546462)
        Paul D. Popeo (BBO No. 567727)
        Elizabeth A. Castellani (BBO No. 663818)
        CHOATE, HALL & STEWART LLP
        Two International Place
        Boston, MA 02110
        Tele: 617-248-5000
        Fax: 617-248-4000

Date:   April 28, 2006

4075996v1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 28, 2006.

/s/ Brian A. Davis
Brian A. Davis