UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, | Civil Action No. 05-11614 WGY |
| Plaintiff/Counterclaim Defendant | |
| v. | JURY TRIAL DEMANDED |
| VESTMONT LIMITED PARTNERSHIP, et al., | |
| Defendants/Counterclaim Plaintiffs | |

**DEFENDANTS' TRIAL BRIEF**

Defendants Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation d/b/a Montgomery Square Partnership submit this trial brief containing Defendants' description of the case and its proposed witness list:

**Description of the Case**

This lawsuit concerns a mortgage loan application (the "Loan Application") submitted by Defendants/Counterclaim Plaintiffs (collectively, "Defendants" or "Vesterra") to Plaintiff John Hancock Life Insurance Company ("John Hancock"). The Loan was never made. Vesterra will show that after negotiating the Loan Application, which contained certain terms and conditions and included Vesterra's own financial projections, Plaintiff, without disclosure to Vesterra, changed the terms and conditions and modified the borrower's financial projections.

Plaintiff is an insurance company existing under the laws of the Commonwealth

of Massachusetts with its principal place of business in Boston, Massachusetts. Plaintiff provides a broad array of insurance and investment products to individual and institutional customers, and its Real Estate Investment Group provides commercial mortgage loans on properties, including large residential apartment complexes.

Plaintiff was acquired by Manulife Financial Corporation of Canada ("ManuLife") on April 28, 2004.

Defendant/Counterclaim Plaintiff Vesterra Corporation is a corporation existing under the laws of the Commonwealth of Pennsylvania, and Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II and Vestmont Limited Partnership III are limited partnerships existing under the laws of the Commonwealth of Pennsylvania. Each is a general partner in Montgomery Square Partnership ("Montgomery Square"). Montgomery Square was formed for the purpose of developing a tract of land containing approximately 180 acres located in the suburban Philadelphia area. This development eventually included a retail shopping center and a 256-unit residential apartment complex known as "Avenel at Montgomery Square" (the "Avenel Apartments").

In the summer of 2004, Montgomery Square sought a forward commitment for a permanent mortgage loan of $32 million in order to lock in a favorable interest rate. The permanent loan was to be used to repay its existing construction loan of more than $30 million and related costs. Plaintiff and Montgomery Square thereafter negotiated the terms of a document that, in its final form, became the Loan Application. Montgomery Square executed the Loan Application on July 30, 2004, and Plaintiff executed the Loan Application, converting it into what it called the Loan Commitment on August 17, 2004.

Plaintiff's own documents, and the testimony of its witnesses, demonstrate that, without informing Vesterra, Plaintiff only approved the Loan Application after adding another <u>requirement</u> for <u>disbursement</u> of the mortgage loan -- rendering John Hancock unready, unwilling and unable to perform its obligations under the Loan Application Plaintiff did not inform Vesterra of this additional requirement and these changed financial terms after being told by its local field representative that it was a "deal killer," and after realizing that killing the deal at that point would result in a hedge loss of $355,000 and the return of $960,000 in fees to Vesterra.

Nonetheless, Plaintiff proceeded to add this new requirement – referred to as the 10% Constant requirement – for the sizing and disbursement of the loan, and manipulated Vesterra's carefully negotiated financial projections, because this was required by ManuLife and its new head of mortgage operations in the United States. Testimony from both Plaintiff and Vesterra witnesses will confirm that Plaintiff never told Vesterra about the new requirement and that it had modified the financial projections. In fact, Vesterra did not learn about the additional requirement or the modified financial projections until discovery in this litigation commenced.

Because of this added disbursement requirement, which Vesterra's figures showed that it would not meet, Plaintiff was not ready, willing, and able to perform under the conditions contained in the Loan Application. Accordingly, Plaintiff cannot recover from Vesterra for breach of the Loan Application. Further, Vesterra relied on Plaintiff's failure to disclose the added 10% Constant requirement, and the manipulated financial projections, in not seeking to rescind any agreement and in not obtaining alternate financing from a lender that would not impose such an unacceptable condition for

disbursement of the Loan.

In addition, Plaintiff will prove that there was no "meeting of the minds" on the essential terms of the agreement between the parties.[1] Vesterra possesses ample evidence to show the existence and materiality of the difference in Plaintiff's "state of mind" when it appeared to accept Vesterra's offer. This evidence includes admissions by Plaintiff employees and the refusal to produce, on attorney-client privilege grounds, an amended Loan Application which was prepared by Plaintiff but never submitted to Vesterra (which the Court may presume, and the jury may infer, would have been submitted to Vesterra's to seek its agreement to this new condition and the modified financial projections).

Vesterra will also introduce both fact and expert testimony respecting the damages for failure to close the Loan that were contemplated by the parties when they signed the Loan Application. Certain conditions of the Loan Application were carefully drafted by Plaintiff to expressly provide, in great detail, that **after the loan was closed**, the borrower would be required to pay to the lender the yield expected over the life of the loan, even if the borrower were to seek to repay it prior to its expiration. Vesterra will present evidence that those who are experienced in negotiating the terms and conditions of commercial mortgages such as this would expect any substantial deal term to be explicitly set forth in this manner. However, a plain reading of the Loan Application shows that <u>no</u> express provision for such a measure of damages is set forth for the eventuality present in this case -- where **the Loan never closed**. Instead, Plaintiff specified in the Loan Application that it would be entitled to retain the fees paid, in this

---

[1] Although the Court has ruled that a contract was formed, Vesterra intends to introduce evidence, including expert testimony, that will show that the John Hancock adopted the 10% Constant as a requirement for disbursement of the loan before it "accepted" the Loan Application, and will then respectfully request reconsideration of the Court's ruling on this issue.

4

case $960,000, and any damages or "Costs" as defined in the Loan Application. There is no question that the Loan Application does not make any mention of "yield maintenance" for a loan which was never made.

Vesterra will also show that, due to circumstances beyond its control, the rental of apartments never reached the required <u>minimum</u> required in the Loan Application for Plaintiff to disburse any portion of the loan and there were no certificates of occupancy since the construction had not been completed. There was no legal obligation on Vesterra to seek to close the Loan in such circumstances. Consequently, in the spring of 2005, Vesterra sought out other options, including sale of the property, and promptly informed John Hancock. When Plaintiff learned of this, it decided to seek without any legal right to share in the appreciation in the value of the property..

Plaintiff has presented no evidence of any actual losses "suffered or incurred" due to failure of the loan to close. Further, Defendants will show that Plaintiff has failed to mitigate any such damages.

### **Defendants' Proposed Witnesses**

Defendants submit the following proposed witness list:

**Fact Witnesses (live or by deposition)**:

1. James R. Koller
   Vesterra Corporation
   892 Andorra Road
   Lafayette Hills, PA

2. Joseph P. Kelly
   Vesterra Corporation
   892 Andorra Road
   Lafayette Hills, PA

3. Frank Palopoli
   Vesterra Corporation
   892 Andorra Road
   Lafayette Hills, PA

4. Ivor Thomas
John Hancock Life Insurance Company
Real Estate Finance Group
197 Clarendon Street
Boston, MA 02116

5. Timothy J. Malik
John Hancock Life Insurance Company
Real Estate Finance Group
486 Norristown Road, Suite 130
Blue Bell, PA 19422

6. John P. Ferrie
John Hancock Life Insurance Company
Real Estate Finance Group
486 Norristown Road, Suite 130
Blue Bell, PA 19422

7. Patricia Coyne
John Hancock Life Insurance Company
Real Estate Finance Group
197 Clarendon Street
Boston, MA 02116

8. David Henderson
General Electric Real Estate
Boston, MA

9. Barry Nectow
ARCap REIT, Inc.
Boston, MA

10. Joan Uzdavinis
John Hancock Life Insurance Company
Real Estate Finance Group
197 Clarendon Street
Boston, MA 02116

11. Warren Thomson
John Hancock Life Insurance Company
Real Estate Finance Group
197 Clarendon Street
Boston, MA 02116

12. All witness on Plaintiff's Witness List.

13. All impeachment and rebuttal witnesses.

**Expert Witnesses:**

1. R. Larry Johnson
   Veris Consulting, LLC
   Washington, D.C.

2. Linda C. Spevacek
   Bartram & Cochran, Inc.
   Hartford, CT

**Additional Pretrial Submissions**

Vesterra submitted its proposed *voir dire* questions on April 27, 2006, as requested by the Court. Vesterra submitted its proposed jury instructions and proposed jury verdict form to the Court on April 28, 2006 as directed by the Court's March 17, 2006 Procedural Order.

Respectfully submitted,

Dated: May 1, 2006
 /s/ Robert D. Hillman
Steven J. Brooks (BBO # 059140)
Robert D. Hillman (BBO # 552637)
DEUTSCH WILLIAMS
99 Summer Street
Boston, MA 02110-1213
Tele.: 617-951-2300

 /s/ Howard D. Scher
Howard D. Scher (admitted *pro hac vice*)
C. Randolph Ross (admitted *pro hac vice*)
Brian J. McCormick, Jr.(admitted *pro hac vice*)
BUCHANAN INGERSOLL PC
1835 Market Street, Floor 14
Philadelphia, PA 19103
Tele.: 215-665-8700

Attorneys for Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III and Vesterra Corporation

**CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing Trial Brief has been filed electronically today, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and is available for viewing and downloading from the ECF system.

Dated: May 1, 2006

            /s/ Brian J. McCormick, Jr.
            Brian J. McCormick, Jr. (admitted *pro hac vice*)