UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

———————————————————— :
: 
JOHN HANCOCK LIFE INSURANCE :
COMPANY, : Civil Action No. 05-11614 WGY
: 
Plaintiff, :
: 
v. :
: 
: JURY TRIAL DEMANDED
VESTMONT LIMITED PARTNERSHIP, :
et al., :
: 
Defendants. :
———————————————————— :

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
DOCUMENTS RELATING TO DEFENDANTS' SALE OF THE AVENEL
APARTMENT COMPLEX, AND CROSS-MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE RELATING TO THE NEGOTIATIONS FOR SALE
AND SALE PRICE OF THE AVENEL APARTMENTS**

Defendants/Counterclaim Plaintiffs (collectively "Defendants" or "Vesterra") hereby

oppose Plaintiff John Hancock Life Insurance Company's ("John Hancock") 11th-hour Motion to

Compel, and move *in limine* for entry of an Order barring John Hancock from introducing

evidence at trial concerning the sale price of the Avenel Apartments, and any evidence related to

Defendants' marketing, negotiation for sale, or sale of the project, as follows:

**DEFENDANTS' CROSS-MOTION *IN LIMINE*
TO EXCLUDE IRRELEVANT EVIDENCE**

1.      This litigation encompasses a breach of contract action by John Hancock for

Vesterra's failure to close the Loan in August, 2005, and Vesterra's counterclaims related to the

acceptance of the Loan Application in August 2004.

2.     It is undisputed that by the time of the targeted closing date of August 1, 2005, Vesterra had less than 50% occupancy, whereas the lowest occupancy rate at which John Hancock would loan even a partial amount of the requested funds was 80%.

3.     Nonetheless, John Hancock has adopted the litigation strategy of asserting that Defendants' "chose" not to close the Loan, or "decided to breach the Loan Agreement" (April 26, 2006, Uzdavinis Affid., ¶ 14), and that Defendants chose instead to sell the Avenel Apartments for "over $59 million." In fact, John Hancock's April 28 motion to compel the production of additional documents concerning the sale of the property also states that Defendants "decided to" sell the property rather than close the loan, as if John Hancock would have made the loan for a property that fell well below its minimum requirements for occupancy, net operating income, and debt service ratio.

4.     While the sale figure used by John Hancock is correct, and while it does in fact represent a profit for Defendants over the cost of the project, it is not relevant to any of the claims or defenses in this lawsuit, but would be unfairly prejudicial to Defendants as John Hancock attempts to depict them as greedy developers who voluntarily walked away from the mortgage loan only because they could sell the project for a profit. Thus, any evidence concerning the sale price of the Avenel Apartments should be excluded because it is more prejudicial than it is probative -- in fact, it is not probative of any relevant fact in dispute.

5.     No contract for sale of the property was entered into until well after the August 1, 2005 target closing date for the Loan. The property was not actually sold until very recently.

6.     After the Court's various rulings, the only issues remaining in this case are whether Vesterra breached the contract formed when John Hancock accepted the Loan Application, and whether John Hancock engaged in deceptive or unfair practices under

Massachusetts G.L. c. 93A in its undisclosed addition of the 10% Constant requirement. Despite

the relatively limited scope of the disputed issues in this case, Plaintiff has identified numerous

exhibits which have no relevance to these issues and will only serve to unfairly prejudice

Vesterra, confuse the jury and unnecessarily lengthen the trial of this case.

 7. The following exhibits, identified as potential trial exhibits by Plaintiff, solely

relate to the sale and marketing of the Avenel Apartments, but have no relevance to Plaintiff's

claims of defenses in this case:

- Ex. B: A 179-page exhibit that consists of hundreds of emails between Vesterra personnel and personnel from JP Morgan Chase relating to the sale of the Avenel Apartments;

- Ex. C: A 568-page exhibit consisting of at least 60 different documents relating to the sale of the Avenel Apartments;[1]

- Ex. X: Email from M. DeLillo of Rockwood Realty Associates to J. Kelly;

- Ex. Y: Rockwood Realty Associates Engagement Letter;

- Ex. Z: Email from J. Kelly to J. Koller (forwarding an email from Mr. DeLillo to Mr. Kelly);

- Ex. AB: Email from D. Marcus (of Rockwood Realty) to J. Kelly;

- Ex. AF: Email from M. Jordan (of Rockwood Realty) to J. Kelly;

- Ex. AJ: Email chain between Messrs. Koller and Kelly and Mr. Jordan (of Rockwood Realty);

- Ex. AW: Email chain between Messrs. Koller and Kelly and Mr. Jordan (of Rockwood Realty);

- Ex. AY: Email chain between Messrs. Koller and Kelly and Mr. Jordan (of Rockwood Realty);

---

[1] Defendants also object to proposed Exhibits B and C due to their size and the number of emails/documents each "exhibit" encompasses. Vesterra asked John Hancock to select and identify the relevant documents that it intends to use at trial. John Hancock, without explanation, has refused to do so.

 Plaintiff's manner of grouping unrelated documents into a single exhibit will cause the jury great confusion. Rule 403 of the Federal Rules of Evidence states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. . . ." Fed. R. Evid. 403. By presenting the jury with an exhibit that contains hundreds of pages of <u>unrelated</u> documents for which foundation has not been laid and relevance has not been established, Plaintiff will only succeed in hopelessly confusing the jury.

- Ex. BE:  Email chain between Messrs. Koller and Kelly and Mr. Jordan (of Rockwood Realty);

- Ex. BF:  Email chain between A. Schultz, Esq., of Debevoise & Plimpton, Vesterra personnel and Rockwood Realty personnel;

- Ex. BN through Ex. BR - Contract documents relating to the sale of the Avenel Apartments; and

- Ex. CQ: Deed between Montgomery Square Partnership and Avenel Realty Co., Inc., dated April 18, 2006.

8.     In addition to the above documents relating to the sale of the Avenel Apartments project to JP Morgan Chase, Plaintiff has spent considerable time during the depositions of Vesterra's principals (Messrs. Koller, Kelly and Palopoli) inquiring into this matter.

9.     Evidence must be relevant to be admissible.  Fed. R. Evid. 402.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  To be relevant, evidence must have some tendency to prove a fact that is of consequence to the action.  *Cameron v. Otto Bock Orthopedic Industries, Inc.*, No. 92-12510-Y, 1994 WL 51633, at *1 (D. Mass. Jan. 7, 1994).  Thus, where there is nothing to connect evidence with any issue in the case, the evidence should be excluded as irrelevant.  *See U.S. v. Yefsky*, 944 F.2d 885, 898 (1st Cir. 1993).

10.     In addition, even evidence that has some probative value is inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  As to the danger of prejudice, the "touchstone" for excluding evidence under Rule 403 is "unfair prejudice."  *United States v. Grimmond*, 137 F.3d 823, 844 (4th Cir. 1998).  Unfair prejudice is prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion.  *See*

*Cowgill v. Raymark Indus., Inc.*, 832 F.2d 798, 805 (3d Cir. 1987) (probative value of evidence outweighed by the likelihood of confusion or misleading the jury).  Such evidence has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Fed.R.Evid. 403 (advisory committee's note).

11.    Evidence regarding the marketing and sale of the Avenel Apartments has no relevance to Plaintiff's contract claims or its defenses to Vesterra's claims, and thus has no probative value to this case.  Moreover, introduction of such evidence has a strong likelihood of tainting the jury's consideration of all the issues in the case by casting Defendants in an unfair light and introducing issues that are not relevant to resolution of the contract claims at issue.

12.    In addition to considerations of unfair prejudice, Rule 403 dictates that the Court consider the possibility that evidence will confuse the issues, mislead the jury, or create undue delay.  Introduction of the evidence on the issues set forth below implicates all of these factors.  By introducing evidence that is not material to Plaintiff's contract claims, such as evidence regarding the price paid by a third-party for the Avenel Apartments, the negotiations between the Defendants and other third parties for sale of the project, and the marketing of the Avenel project by a third-party real estate firm, there is a high likelihood that the exhibits and proffered testimony will mislead the jury to ignore the contractual provisions that govern this case.

13.    Equally significant is the undue delay and waste of time created by allowing introduction of such collateral issues and evidence into this case.  This case concerns the questions of whether one party breached a contract, whether the other party was ready, willing and able to perform the contract, and whether it committed deceit by failing to disclose the 10% Constant requirement.  Evidence about Defendants' efforts to sell the Avenel Apartments, and the price for which they sold the project, is not relevant to any claim or defense, will

significantly lengthen the trial,  and may well confuse or distract the jury concerning the real

issues in this lawsuit.

14.    For the foregoing reasons, Defendants respectfully request that the Court enter an

Order precluding Plaintiff from introducing any documents regarding or relating to the sale,

marketing or negations of sale of the Avenel Apartments, and introducing any related oral

testimony, other than to establish that Defendants did in fact decide to sell the property at the

time it became evident that they would not meet the occupancy requirements to close the Loan,

and did in fact subsequently sell the property.

### <u>RESPONSE TO PLAINTIFF'S MOTION TO MOTION TO COMPEL</u>

Defendants/Counterclaim Plaintiffs, by and through their undersigned counsel,

respectfully submit this response in opposition to Plaintiff/Counterclaim Defendant's Motion to

Compel Documents Relating Ro Defendants' Sale of the Avenel Apartments:

1.    It is admitted that Exhibit A to Plaintiff's Motion to Compel is a true and correct

copy of John Hancock's First Request for the Production of Documents.  By way of further

answer, Defendants responded and objected to the stated Request as follows:

> 23.    All documents concerning the actual or potential sale of the
> Property, including without limitation all offers, proposals, term sheets,
> purchase and sale agreements, financial statements, financial analyses and
> spreadsheets.

### <u>RESPONSE:</u>

> Vesterra specifically objects to this request because it seeks only
> information not relevant to the claims or defenses of any party, and on the
> grounds that it is overbroad and unduly burdensome.

2.    Defendants admit that their April 25, 2006 Opposition to Plaintiff's Emergency

Motion for Preliminary Injunction states that the Avenel Apartments have been sold.  Defendants

also admit that they have not produced any documents relating to such sale because, as described

above in Defendants' Cross-Motion *in Limine* to Exclude Evidence Relating to The Negotiations for Sale and Sale Price of the Avenel Apartments, such documents are irrelevant to the claims and defenses in this case.

3.     Defendants admit that Exhibits  B and C to Plaintiff's Motion to Compel are true and correct copies of the e-mail messages between the parties.

4.     It is admitted that trial in this action is scheduled to commence on May 1, 2006. It is denied that documents relating to the sale of the Avenel Apartments are at all relevant to Defendants' breach of contract claim for the reasons set forth above in Defendants' Cross-Motion *in Limine* to Exclude Evidence Relating to The Negotiations for Sale and Sale Price of the Avenel Apartments.  Moreover, any minimal relevance of these documents is greatly outweighed by their potential prejudice, so they should be excluded pursuant to Fed. R. Evid. 403.


## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

The undersigned conferred with counsel for all parties in a good faith effort to resolve or narrow the issues contained in this motion.


Respectfully submitted,

Dated:  May 1, 2006                    /s/ Robert D. Hillman
                                       Steven J. Brooks (BBO # 059140)
                                       Robert D. Hillman (BBO # 552637)
                                       DEUTSCH WILLIAMS BROOKS
                                       DeRENSIS & HOLLAND, P.C.
                                       99 Summer Street
                                       Boston, MA 02110-1213
                                       Tele.:  617-951-2300

  /s/ Howard D. Scher
Howard D. Scher (admitted *pro hac vice*)
C. Randolph Ross (admitted *pro hac vice*)
Brian J. McCormick, Jr.(admitted *pro hac vice*)
BUCHANAN INGERSOLL PC
1835 Market Street, Floor 14
Philadelphia, PA 19103
Tele.: 215-665-8700

Attorneys for Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III and Vesterra Corporation

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed electronically today, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and is available for viewing and downloading from the ECF system.

Dated: May 1, 2006

/s/ Brian J. McCormick, Jr.
Brian J. McCormick, Jr. (admitted *pro hac vice*)