UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP,<br>VESTMONT LIMITED PARTNERSHIP II,<br>VESTMONT LIMITED PARTNERSHIP III,<br>and VESTERRA CORPORATION d/b/a<br>MONTGOMERY SQUARE PARTNERSHIP,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-11614-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF JOHN HANCOCK'S FIRST SET OF PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM

Pursuant to Fed. R. Civ. P. 51, plaintiff John Hancock Life Insurance Company ("John Hancock" or "Hancock") hereby submits its First Set of Proposed Instructions to the Jury and its Proposed Special Verdict Form in the above-captioned matter. John Hancock intends to supplement these proposed jury instructions prior to the charge conference in order to conform to the Court's orders during trial and to the evidence at trial.

JOHN HANCOCK LIFE INSURANCE
COMPANY

By its attorneys,


/s/ Paul D. Popeo
Brian A. Davis (BBO No. 546462)
Paul D. Popeo (BBO No. 567727)
Meghan L. Rhatigan (BBO #663039)
Elizabeth A. Castellani (BBO #663818)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tele: 617-248-5000
Fax: 617-248-4000

Date:   May 1, 2006

4076467v1


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on May 1, 2006.

/s/ Paul D. Popeo
Paul D. Popeo

**Plaintiff's First Request for Jury Instructions - No. 1**

**(Breach of Contract – General Instruction)**

In this action, plaintiff John Hancock Life Insurance Company, which I will refer to as "John Hancock" or "Hancock," has brought a claim for breach of contract against the defendants, a group of four separate business entities which I may refer to collectively as "Vesterra."

A contract is an agreement that is legally binding. In this case, I am instructing you that a binding contract existed between John Hancock and Vesterra. That contract was formed on August 17, 2004 when Vesterra's Application to John Hancock Life Insurance Company for a First Mortgage Loan was signed by Timothy J. Malik, a Senior Investment Officer for John Hancock, indicating Hancock's acceptance of the application. This document, which I will refer to as the Loan Commitment is in evidence, it is marked as Exhibit ___.

I further instruct you that the entire contract between the parties is contained in the written document, that is, the Loan Commitment. Any terms or conditions that are not contained in the Loan Commitment are not part of the contract between the parties.

**Sources:**

Memorandum and Order of the Court, dated March 20, 2006, at 2.

**Plaintiff's First Request for Jury Instructions - No. 2**

**(Breach of Contract – Plaintiff's Breach – Ready, willing and able to perform)**

In its claim for breach of contract, plaintiff John Hancock has the burden of proving that it was ready, willing and able to perform its obligations if the defendant also did so.

In this case, I instruct you that a contract exists, in the form of the Loan Commitment. In order to recover for a breach of that contract by Vesterra, John Hancock only has the burden to prove that it was ready, willing and able to perform its obligations under that contract – that is, that it would have made a loan in accordance with the terms of the Loan Commitment if Vesterra had met the conditions contained in that contract, meaning the written document admitted in evidence as Exhibit __.

**Sources:**

*See* Singarella v. City of Boston, 342 Mass. 385, 387 (1961); Interstate Litho Corp. v. Brown, 255 F.3d 19, 28 (1st Cir. 2001); Memorandum and Order of the Court, dated March 20, 2006, at 2.

**Plaintiff's First Request for Jury Instructions - No. 3**

**(Breach of Contract – Damages)**

If you find that John Hancock was ready, willing and able to perform its obligations under the written contract, your verdict will be in favor of John Hancock, and you must then go on to determine whether Hancock suffered damages and the amount of those damages. If you determine that John Hancock has proved that it is more likely than not that it was ready, willing and able to perform its obligations under the terms of the Loan Commitment, than you must find that John Hancock is entitled to damages sufficient to place it in as good a position as it would have been if Vesterra had performed its obligations under the contract.

Damages for breach of contract include those that are the natural and foreseeable consequences of the breach. John Hancock must provide a factual basis for calculating the amount of damages. Damages cannot be speculative. However, mathematical certainty in measuring damages is not a prerequisite for the recovery of damages. Damages only need be proved with a reasonable degree of certainty in order to be recoverable.

In order to recover damages against Vesterra, John Hancock must demonstrate that the damages complained of were caused, in whole or in part, by Vesterra's conduct. If the damages were caused by someone other than Vesterra or by Hancock itself, then Hancock is not entitled to damages from Vesterra.

**Sources:**

Louis M. Ciavarra & Kimberly A. Stone, Massachusetts Superior Court Civil Practice Jury Instructions, §§ 14.3.1 & 14.3.1(a) (Massachusetts Continuing Legal Education, Inc. 2001); Hon. Patrick F. Brady, Hon. Elizabeth Butler, and John O. Mirick, Massachusetts Superior Court Civil Practice Jury Instructions, (2001) § 14.3; Burnham v. Mark IV Homes, Inc., 387 Mass. 575 (1982); Rombola v. Cosindas, 351 Mass. 382 (1966); Lufkin's Real Estate, Inc. v. Aseph, 349 Mass. 343, 345-46 (1965); White Spot Constr. Co. v. Jetspray Cooler, Inc., 344 Mass. 632, 635 (1962); Boylston Hous. Corp. v. O'Toole, 321 Mass. 538, 562-63 (1947); Lease-It, Inc. v.

Massachusetts Port Auth., 33 Mass. App. Ct. 391, 397 (1992); Novel Iron Works, Inc. v. Wexler Construction Company, 26 Mass. App. Ct. 401, 412 (1988); Gilmore v. Century Bank & Trust Co., 20 Mass. App. Ct. 49, 54-55 (1985).

**Plaintiff's First Request for Jury Instructions - No. 4**

**(Breach of Contract – Damages – No Court Costs or Attorney Fees)**

If you determine that Hancock is entitled to damages, in deciding the amount of the damages, you should not include any sum for court costs or for attorney fees. That issue will be addressed by the Court after trial, as necessary.

**<u>Source:</u>**

Louis M. Ciavarra & Kimberly A. Stone, Massachusetts Superior Court Civil Practice Jury Instructions, § 14.3.1(m) (Massachusetts Continuing Legal Education, Inc. 2001).

**Plaintiff's First Request for Jury Instructions - No. 4**

**(Breach of Contract – Damages – No Interest)**


If you are to award the damages, you may not include any amount for interest.  The law automatically provides for interest, and the clerk of courts will calculate the appropriate amount, as necessary.


**Source:**

Louis M. Ciavarra & Kimberly A. Stone, Massachusetts Superior Court Civil Practice Jury Instructions, § 14.3.1(n) (Massachusetts Continuing Legal Education, Inc. 2001).

**Plaintiff's First Request for Jury Instructions - No. 5**

**(Expert Witnesses)**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to persons we call "expert witnesses." Witnesses who by education and experience have become expert in an area, science, profession, or calling may state their opinions as to matters in which they profess to be an expert and may also state the reasons for the opinion.

As with all other witnesses, you may give the testimony of any expert witness such weight you believe it deserves. You are entitled to consider the expert's appearance, the manner in which he or she testifies, the character of his or her testimony and the evidence, if any, in conflict with his or her conclusions. You may also consider the witness's education, training and experience in the area of professed expertise.

If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the facts or reasons given in support of the opinion are not sound, or if you feel the opinion is outweighed by other evidence, you may disregard the opinion entirely.

In resolving any conflict between the testimony of expert witnesses, you should weigh the opinion of one expert against that of another. In doing this, you should consider the qualifications and credibility of each witness, the facts and assumptions on which each opinion is based, and the reasons for each opinion.

**Sources:**

Hon. Patrick F. Brady, Hon. Elizabeth Butler, and John O. Mirick, <u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, (2001) § 13.4; John M. Greaney, Gilda Tuoni Russell, John F. Moriarty, Katherine Robertson, <u>Massachusetts Jury Instructions – Civil</u>, (1999) §§ 20.15, 20.16; <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993); <u>Simon v. Solomon</u>, 385 Mass. 91, 105 (1982); <u>Baker v. Commercial Union Ins. Co.</u>, 382 Mass. 347, 351 (1981); <u>Commonwealth v. Lamb</u>, 372 Mass. 17, 24 (1977): <u>Boston Gas Company v. Assessors of Boston</u>, 334 Mass. 549, 578-79 (1956); <u>Dodge v. Sawyer</u>, 288 Mass. 402, 407 (1934).

**Plaintiff's First Request for Jury Instructions - No. 6**

**(M.G.L. c. 93A – General)**

Vesterra has brought a counterclaim against John Hancock alleging a violation of Chapter 93A of the Massachusetts Consumer Protection Act. Vesterra alleges that John Hancock's conduct in negotiating and approving of the Loan constituted an unfair or deceptive trade practice.

In order to prove that John Hancock committed an unfair and deceptive trade practice, the defendants must show that Hancock's conduct was such that a reasonable businessperson would find it reprehensible.

In determining whether an act or practice is unfair or deceptive, a breach of contract, standing alone, does not constitute proof of an unfair or deceptive trade act or practice. Instead, the defendant must prove that John Hancock's conduct was immoral, unethical, oppressive, unscrupulous or otherwise unconscionable. Consider John Hancock's conduct in light of all the circumstances, keeping in mind that you may decide this question in the context of the commercial marketplace. An act that might be unfair in a business transaction with an unsophisticated consumer may not be unfair when it takes place in a transaction involving two sophisticated businesspersons.

**Sources:**

Hon. Patrick F. Brady, Hon. Elizabeth Butler, and John O. Mirick, Massachusetts Superior Court Civil Practice Jury Instructions, (2001) §§ 16.4.1, 16.4.4; Schwanbeck v. Federal-Mogul Corp., 31 Mass.App.Ct. 390, 414 (1991), rev'd on other grounds, 412 Mass. 703 (1992); Madan v. Royal Indem. Co., 26 Mass.App.Ct. 756, 762 (1989), review denied, 404 Mass. 1103 (1989); J.E. Pierce Apothecary, Inc. v. Harvard Pilgrim Health Care, Inc., 365 F. Supp. 2d 119, 142-43, 146 (D. Mass. 2005); Arthur D. Little, Inc. v. Dooyang Corp., 147 F.3d 47 (1st Cir. 1998).

**Plaintiff's First Request for Jury Instructions - No. 7**

**(M.G.L. c. 93A – Special Requirement:  "Primarily and Substantially" in Massachusetts)**

In order for Vesterra to prevail on a claim under Chapter 93A, the transaction giving rise to that claim must have occurred "primarily and substantially" in Massachusetts.  The burden of proof is on John Hancock to show that the transaction did not occur primarily and substantially in Massachusetts.

In determining whether this transaction occurred "primarily and substantially" in Massachusetts, you may consider the following factors together:

    (1)       the location of the acts complained of (where John Hancock committed the alleged unfair or deceptive act)

    (2)       Vesterra's location when it allegedly acted upon the deceptive or unfair acts; and

    (3)       the site of Vesterra's losses, if there were any, due to Hancock's allegedly unfair or deceptive acts.

**Sources:**

Hon. Margot Botsford, Chapter 93A Rights and Remedies, (2001) § 9.3.10; M.G.L. c.93A, § 11; Compagnie de Reassurance D'ile de France v. New England Reins. Corp., 57 F.3d 56, 91 (1st Cir. 1995); Clinton Hosp. Ass'n v. Corson Group, Inc., 907 F.2d 1260, 1265-66 (1st Cir. 1990).

**Plaintiff's First Request for Jury Instructions - No. 8**

**(M.G.L. c. 93A – Causation and Damages)**

If you find that John Hancock engaged in an unfair or deceptive act or practice, you must then determine whether Hancock's conduct actually caused Vesterra to suffer any loss of money or property.  Vesterra must show that it suffered a loss of money or property that may be recovered.  If you find that Vesterra has not proven that John Hancock's conduct caused it to suffer any loss of money or property, then you must find in favor of John Hancock on this claim.

In reaching your decision as to whether Vesterra suffered a loss on account of John Hancock's unfair or deceptive act or practice, have in mind that the term "money" means money, and it does not mean time or anything else.  Also, have in mind that the term "property" means the kind of property that is purchased or leased, not intangibles such as a right to a sense of security, peace of mind, or personal liberty.

**Sources:**

Hon. Patrick F. Brady, Hon. Elizabeth Butler, and John O. Mirick, Massachusetts Superior Court Civil Practice Jury Instructions, (2001) § 16.5.2; Hartford Cas. Ins. Co. v. New Hampshire Ins. Co., 417 Mass. 115, 125 (1994); Leardi v. Brown, 394 Mass. 151, 159 (1985); Halper v. Demeter, 34 Mass.App.Ct. 299, 303-05 (1993); Martha's Vineyard Auto Village, Inc. v. Newman, 30 Mass.App.Ct. 363, review denied, 40 Mass. 1105 (1991).

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> VESTMONT LIMITED PARTNERSHIP, VESTMONT LIMITED PARTNERSHIP II, VESTMONT LIMITED PARTNERSHIP III, and VESTERRA CORPORATION d/b/a MONTGOMERY SQUARE PARTNERSHIP, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 05-11614-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF JOHN HANCOCK'S
## <u>PROPOSED SPECIAL JURY VERDICT FORM</u>

Brian A. Davis (BBO #546462)
Paul D. Popeo (BBO #567727)
Meghan L. Rhatigan (BBO #663039)
Elizabeth A. Castellani (BBO #663818)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel: 617-248-5000
Fax: 617-248-4000

*Counsel for Plaintiff, John Hancock Life
Insurance Company*

Date:   May 1, 2006

**Special Jury Verdict Form**

### John Hancock's Breach of Contract Claim

1.  Was plaintiff John Hancock ready, willing and able to close the loan with the defendants under the Loan Commitment; that is, would John Hancock have made a loan in accordance with the terms of the Loan Commitment if defendant Vesterra had met the conditions contained in the Loan Commitment?

    _____ Yes _____ No

    If yes, proceed to Question No. 2. If no, proceed to Question No. 4.

2.  Did John Hancock suffer damages as a result of Vesterra's breach of the Loan Commitment?

    _____ Yes _____ No

    If yes, proceed to Question No. 3.

3.  If so, how much?

    $_____

    _____

    [write out dollars and cents]

    You are finished with your deliberations.


### Vesterra's Ch. 93A Counterclaim

4.  Did John Hancock commit an unfair or deceptive act towards Vesterra by behaving in such a way that a reasonable businessperson would find John Hancock's action deceptive, immoral, unethical, oppressive, unscrupulous, unfair or otherwise unconscionable?

    _____ Yes _____ No

    If yes, proceed to Question No. 5. If no, STOP, you are finished with your deliberations.

5.  Did the loan transaction at issue in this case occur primarily and substantially in Massachusetts?

    _____ Yes _____ No

    If yes, proceed to Question No. 6.  If no, STOP, you are finished with your deliberations.

6.  If John Hancock did commit an unfair or deceptive act towards Vesterra, did John Hancock's action cause an injury to Vesterra?

    _____ Yes _____ No

    If yes, proceed to Question No. 7.  If no, STOP, you are finished with your deliberations.

7.  If so, did Vesterra suffer any loss of money or property as a result?

    _____ Yes _____ No

    If yes, proceed to Question No. 8.  If no, STOP, you are finished with your deliberations.

8.  If so, how much?

    $_____

    _____
    [write out dollars and cents]

9.  Did John Hancock knowingly or willingly commit an unfair or deceptive trade practice towards Vesterra?

    _____ Yes _____ No

    If yes, proceed to Question No. 10.  If no, STOP, you are finished with your deliberations.

10. Do you find that any damages payable to Vesterra should be doubled or trebled?

    _____ Yes _____ No

    If yes, proceed to No. 11.  If no, STOP, you are finished with your deliberations.

11. _____ Double _____ Treble

This completes your deliberations.