# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____

JOHN HANCOCK LIFE INSURANCE  :
COMPANY, :
 :
    Plaintiff/Counterclaim Defendant, :   Civil Action No. 05-11614 WGY
 :
    v. :
 :
VESTMONT LIMITED PARTNERSHIP, :
et al., :
 :
    Defendants/Counterclaim Plaintiffs. :
 :
_____

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE PERTAINING TO THE CONTEMPLATED AMENDMENT OF THE LOAN COMMITMENT

Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III, and Vesterra Corporation (collectively, "Vesterra" or "Defendants") submit this Opposition to Plaintiff/Counterclaim Defendant's Motion *in Limine* to Exclude Evidence Pertaining to the Contemplated Amendment of the Loan Commitment/Application filed by plaintiff John Hancock Life Insurance Company ("Plaintiff's Motion").

Vesterra states that the motion should be denied because the evidence that plaintiff John Hancock Life Insurance Company ("John Hancock" or "Plaintiff") seeks to preclude is relevant to both Vesterra's defense of Plaintiff's claim for breach of contract and is powerful evidence of Plaintiff's unfair and deceptive conduct in connection with the loan at issue.

**FACTUAL BACKGROUND**

Plaintiff now concedes that, in August 2004, Timothy Malik, a John Hancock investment officer working on this transaction, spoke with Plaintiff's in-house counsel regarding "the possibility of amending the terms of the Loan Commitment to reflect the application of Hancock's 10% Constant underwriting guideline." (Plaintiff's Motion, at 2). Plaintiff also admits that the 10% Constant requirement and related amendment "could have" reduced the amount that Plaintiff would lend to Vesterra. *Id.* Plaintiff alleges that Mr. Malik subsequently learned that any amendment reducing the loan amount "would be unacceptable to the Defendants" (*id.*) – or, put differently, would be a "deal killer." Thus, according to Plaintiff, the Amendment to the Loan Application was not provided to Vesterra, and Plaintiff decided not to reveal the existence or application of the 10% Constant requirement to Vesterra.

Plaintiff refused to produce the draft Amendment to the Loan Application, as well as certain written communications between Mr. Malik and other John Hancock employees relating to the draft Amendment. (Plaintiff's Motion, at 4; Trial Ex. BU). Plaintiff asserted the attorney-client privilege with respect to both the draft Amendment and Mr. Malik's communications with other John Hancock employees, including Plaintiff's in-house counsel. (*Id.*).

However, Plaintiff is now trying to use the attorney-client privilege as both a shield and sword. While Plaintiff attempted to broadly explain away the circumstances allegedly behind the draft Amendment to the Loan Application (*Id.*, at 2), it has not produced the underlying documents or permitted witnesses to be questioned about such an amendment.

**LEGAL ARGUMENT**

Plaintiff presents two arguments in support of its Motion: (1) that the evidence of the draft Amendment to the Loan Application is irrelevant to the issues in the case; and (2) that,

2

presumably if relevant, it is "unduly" prejudicial to Plaintiff. However, such a broad reading of Rules 402 and 403 is not applicable to these circumstances.

First, the draft Amendment to the Loan Application is evidence of Plaintiff's actual intent with respect to performing its obligations under the Loan Application. Second, the draft Amendment to the Loan Application is evidence that Plaintiff considered disclosing its intent, as well as the significance of the 10% Constant requirement, to Vesterra, but, instead, decided not to disclose such an amendment. This decision to withhold the draft Amendment, as well as the eventual insertion of the 10% Constant requirement, are conduct and acts which the jury could find unfair and deceptive. Moreover, if Plaintiff continues to assert the attorney-client privilege as to such a document, the jury is entitled to draw an adverse inference that the matter to which the privilege is asserted is contrary to Plaintiff's interest.

### I. THE FACT THAT PLAINTIFF CONTEMPLATED AMENDING THE LOAN COMMITMENT IS RELEVANT TO WHETHER JOHN HANCOCK CAN MAKE OUT ITS *PRIMA FACIE* SHOWING THAT IT WAS WILLING TO CLOSE THE LOAN, AND TO VESTERRA'S SHOWING OF UNFAIR AND DECEPTIVE CONDUCT

Plaintiff argues that because it "considered" amending the Loan Application "but ultimately did not do so," the draft Amendment to the Loan Application is irrelevant to all issues at trial. (Plaintiff's Motion, at 3). This is Plaintiff's entire argument on the relevancy issue.

However, this argument does not address that a jury should be able to consider that the Plaintiff considered, but rejected, the idea of presenting Vesterra with a writing which amended the actual underwriting terms which Plaintiff intended to apply to its loan. There is evidence that the draft Amendment to the Loan Application was not presented to Vesterra because Plaintiff understood that disclosing the true criteria for disbursing the loan would have caused Vesterra to withdraw its application from Plaintiff and obtain its financing elsewhere.

Evidence that Plaintiff drafted, but chose not disclose, an amendment to the Loan Application is consistent with other evidence of Plaintiff's intent to actually impose the 10% Constant requirement, including an August 17, 2004 memorandum listing the 10% Constant requirement as a disbursement requirement (Trial Ex. 52), Plaintiff's internal loan approval documents (Trial Exs. 45 and 50), various John Hancock manuals containing policies and procedures and Plaintiff's final checklist before disbursement of the loan (Trial Ex. 66). By contrast, Plaintiff cannot produce even one document showing that the application of the 10% Constant requirement was waived.

The Court has determined that an issue of fact for the jury to determine in this case exists as to whether Plaintiff was "ready, willing and able" to perform at the time it claims Vesterra breached the parties' contract. This issue comes down to "willing". Evidence from which the jury may assess Plaintiff's willingness to perform includes any evidence that sheds light on its actual intentions. The fact that Plaintiff had communications that resulted in a draft amendment to the Loan Application, and that Plaintiff decided <u>not</u> to distribute that draft because its employees knew the true terms would cause the borrowers to reject the proposed loan, is evidence from which the trier of fact can rationally infer that Plaintiff intended to fund the loan based on criteria other than those contained in the written contract.

The proposed amendment to the Loan Application is also evidence of Plaintiff's unfair and deceptive conduct. Plaintiff had a duty under M.G.L. c. 93A, § 11 to disclose to Vesterra material facts that would have caused Vesterra to decline to enter into the transaction. *See Greenery Rehabilitation Group, Inc. v. Antaramian,* 36 Mass. App. Ct. 73, 78, 628 N.E.2d 1291 (1994) ("One can violate § 2 of G.L. c. 93A ... by failing to disclose to a buyer a fact that might have influenced the buyer to refrain from the purchase"). The fact that Plaintiff considered, but

4

ultimately declined, to provide a written amendment to Vesterra which revealed its actual disbursement requirements (which Plaintiff held back because it realized it was a "deal killer") is the very model of materiality and is important to Vesterra's statutory counterclaim.

## II. THE EVIDENCE IS NOT UNDULY PREJUDICIAL TO PLAINTIFF

Plaintiff complains that the draft Amendment to the Loan Application should be excluded on the grounds that it is "unduly prejudicial." (Plaintiff's Motion, at 3-4). Plaintiff's entire argument is that the existence of the draft "and the insinuation which Defendant's [sic] intend to suggest due to the circumstances under which it was withheld from production, may unfairly suggest that Hancock has acted unethically or improperly by asserting its lawful privilege objection." (Plaintiff's Motion, at 4). This is essentially two arguments – whether the evidence is unduly prejudicial, and whether Rule 403 is a shield to comments on evidence withheld under a privilege.

As to the first argument, Plaintiff concedes in Part I, *supra*, that evidence of the communications with counsel and the existence of the draft Amendment to the Loan Application are relevant, and could lead a jury to conclude that John Hancock acted improperly. However, this evidence is simply damaging - not prejudicial - to Plaintiff.

The second argument appears to be fairly characterized as opposing Vesterra's right to comment on matters to which privilege has been asserted. On that point, Plaintiff is simply wrong.

As an initial matter, this Court, sitting in diversity, will look to the substantive law of Massachusetts for its rule of decision on matters of privilege. *See, e.g., Federal Deposit Ins. Corp. v. Ogden Corp.,* 202 F.3d 454, 460 (1st Cir. 2000).

Massachusetts law on this issue is clear – "Massachusetts law permits a party to inquire about reliance on counsel and to draw an adverse inference from a witness' invocation of the attorney-client privilege." *Eldridge v. Provident Companies, Inc.*, No. Civ. A. 97-1294, 2001 WL 262037, at *6 (Mass. Super. 2001). In *Eldridge*, the Court stated:

> In Massachusetts, a party may comment to the jury upon the opposing party's decision to withhold evidence based on the attorney-client privilege. See *McCooe v. Dighton*, 173 Mass. 117 (1899). In that case, Justice Holmes observed that, "[i]n a civil case, if one of the parties insists upon his privilege to exclude testimony that would throw light on the merits of the case and the truth of his testimony, we are of the opinion that it is a proper subject for comment." *Id.* at 119. See also *Neitlich v. Peterson*, 15 Mass. App. Ct. 622, 628 (1983).

*Eldridge*, 2001 WL 262037, at *6.

Similarly, one treatise has stated:

> If, . . ., the client-witness claims a privilege, that claim, although required to be upheld may form the basis of an adverse inference and comment is permissible **in a civil case**.

19 William G. Young, John Pollets and Christopher Poreda, MASSACHUSETTS PRACTICE: EVIDENCE § 518.1 (2d ed. 1998) (emphasis in original) (*citing Kendall v. Atkins*, 374 Mass. 320, 372 N.E.2d 764 (1978), *Kaye v. Newhall*, 356 Mass. 300, 304 - 306, 249 N.E.2d 583, 586 (1969)). *See also* Young, et al, EVIDENCE at § 519.1 & n. 1 (when party openly makes a claim of privilege, that claim is a "proper subject for comment") (citing *Andrews v. Frye*, 104 Mass. 234 (1870)).

In light of this precedent, Plaintiff cannot be heard to argue any comment upon an assertion of privilege to the jury renders the evidence "unduly prejudicial" where the right to such comment has been well-established by Massachusetts law for more than 130 years.

6

**CONCLUSION**

For the foregoing reasons, Defendants/Counterclaim Plaintiffs respectfully request that the Court deny Hancock's motion *in limine* to Exclude Evidence Pertaining to the Contemplated Amendment of the Loan Commitment.

Respectfully submitted,

Dated: May 1, 2006

 */s/ Robert D. Hillman*
Steven J. Brooks (BBO # 059140)
Robert D. Hillman (BBO # 552637)
DEUTSCH WILLIAMS BROOKS
DeRENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
Tele.: 617-951-2300

 */s/ Howard D. Scher*
Howard D. Scher (admitted *pro hac vice*)
C. Randolph Ross (admitted *pro hac vice*)
Brian J. McCormick, Jr.(admitted *pro hac vice*)
BUCHANAN INGERSOLL PC
1835 Market Street, Floor 14
Philadelphia, PA 19103
Tele.: 215-665-8700

Attorneys for Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III and Vesterra Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Opposition to Plaintiff's Motion *in Limine* has been filed electronically today, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and is available for viewing and downloading from the ECF system.

Dated: May 1, 2006

*/s/ Brian J. McCormick, Jr.*
Brian J. McCormick, Jr. (admitted *pro hac vice*)