UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP,<br>VESTMONT LIMITED PARTNERSHIP II,<br>VESTMONT LIMITED PARTNERSHIP III,<br>and VESTERRA CORPORATION d/b/a<br>MONTGOMERY SQUARE PARTNERSHIP,<br><br>Defendants/Counterclaim Plaintiffs. | CIVIL ACTION NO. 05-11614-WGY |

**PLAINTIFF JOHN HANCOCK'S MOTION FOR JUDGMENT
AS A MATTER OF LAW ON PLAINTIFF'S BREACH OF CONTRACT CLAIM
AND DEFENDANTS' M.G.L. c. 93A COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 50(a), plaintiff John Hancock Life Insurance Company ("John Hancock" or "Hancock") moves that judgment as a matter of law be entered against defendants Vestmont Limited Partnership, *et al.* (collectively, "Montgomery Partners" or "Defendants") and in favor of John Hancock on both John Hancock's breach of contract claim and Montgomery Partners' M.G.L. c. 93A, § 11, counterclaim. John Hancock has demonstrated that no reasonable finder of fact could conclude *but that* it was ready, willing and able to perform under the parties' contract, the Loan Commitment. Furthermore, no reasonable finder of fact could conclude *but that* John Hancock did not commit an unfair or deceptive act against Montgomery Partners in the Commonwealth of Massachusetts.

In moving for a directed verdict, a party must present evidence "such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict." Brady v. S. Ry. Co., 320 U.S. 476, 479 (1943); see Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987) (granting directed verdict for plaintiff). A directed verdict for the plaintiff "is permitted where that party 'has established [its] case by testimony that the jury is not at liberty to disbelieve.'" Service Auto Supply Co. of Puerto Rico v. Harte & Co., Inc., 533 F.2d 23, 25 (1st Cir. 1976) (internal citation omitted).

Based on the evidence introduced at trial, John Hancock must prevail because "there can be but one reasonable conclusion as to the verdict" in this case: that John Hancock was ready, willing and able to fund the $32 million loan to Montgomery Partners under the terms and conditions of the binding Loan Commitment. Consequently, there is no "legally sufficient evidentiary basis for a reasonable jury to find" other than that Hancock was prepared to honor its obligations under that Commitment. Fed. R. Civ. P. 50(a).

To survive a motion for directed verdict on its 93A counterclaim, Montgomery Partners "may not rely on conjecture or speculation," but instead must have introduced "more than a mere scintilla of evidence," that "make[s] the existence of the fact to be inferred more probable than its nonexistence." Richmond Steel Inc. v. Puerto Rican Am. Ins. Co., 954 F.2d 19, 22 (1st Cir. 1992) (quotation omitted); see also Gerli v. G.K. Hall & Co., 851 F.2d 452 (1st Cir. 1988) (affirming directed verdict for defendant on c. 93A, § 11 claim). To the contrary, Montgomery Partners has failed to introduce evidence sufficient to permit a rational jury to find that John Hancock engaged in an unfair or deceptive act against Montgomery Partners within the Commonwealth of Massachusetts. No reasonable finder of fact in this case could conclude that John Hancock violated M.G.L. c. 93A, § 11, in its approval of the Avenel Apartments loan.

Based on the foregoing, the Court should direct a verdict for John Hancock on its breach of contract claim, and direct a verdict against Montgomery Partners on its M.G.L. c. 93A, § 11 counterclaim.

JOHN HANCOCK LIFE INSURANCE COMPANY

By its attorneys,

_____
Brian A. Davis (BBO No. 546462)
Paul D. Popeo (BBO No. 567727)
Elizabeth A. Castellani (BBO No. 663818)
Meghan Rhatigan (BBO No. 663039)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tele: 617-248-5000
Fax: 617-248-4000

Date:   May 5, 2006

4078360v1