**Buchanan Ingersoll** PC
ATTORNEYS

**Howard D. Scher**
215 665 3920
scherhd@bipc.com

1835 Market Street
14th Floor
Philadelphia, PA 19103-2985
T 215 665 8700
F 215 665 8760
www.buchananingersoll.com

May 8, 2006

**VIA HAND DELIVERY**
The Honorable William G. Young
United States District Court for the
  District of Massachusetts
1 Courthouse Way
Boston, MA 02210

     Re:   *John Hancock Life Ins. Co. v. Vestmont Limited Partnership, et al.*, No. 05-11614

Dear Judge Young:

     Defendants respectfully submit this letter in anticipation of your charge to the jury later this morning. Defendants enclose a suggested jury instruction relating to damages.

     Your Honor made the following statement on Friday concerning jury instructions respecting damages: -- "I'm going to leave as a factual matter [for the jury] this business of maintenance. I'm not going to say anything about that. And you may argue that. I think it's sufficiently ambiguous that that be argued, but the command of the private law between you is this paragraph 30(d), damages." (May 5 Tr., 125:12-17.)

     However, shortly after that, Your Honor repeated what appears to be a standard instruction concerning the calculation of damages that would inadvertently adopt John Hancock's position on "yield maintenance": "Damages: The measure of damages is the difference between what Hancock would have gotten had the contract been fully performed, and what it was able to obtain by the use of its money, since the contract was not performed." (May 5 Tr., 125:23 - 126:2.) Accordingly, Defendants respectfully request that Your Honor charge the jury in a way that does not ask the jury to assume that John Hancock is entitled to damages based on the interest that it would have been paid for ten years. Rather, Defendants respectfully request that Your Honor provide the jury with the enclosed instruction or simply read the language from Paragraph 30(d) and leave it to the jury to decide what that provision means.

Domestic Offices :: Pennsylvania :: New York :: Washington, DC :: Florida :: New Jersey :: Delaware :: California

The Honorable William G. Young
May 8, 2006
Page 2

        Should Your Honor have any questions or require additional information, we are available to discuss this matter at the Court's convenience.

Respectfully,

*Howard D. Scher / RK*

Howard D. Scher

Encl.

cc:    Brian A. Davis, Esquire (w/encl.) (via hand delivery)
       Robert D. Hillman, Esquire (w/encl.) (via hand delivery)

**Defendants' Revised Request for Jury Instruction Regarding Breach of Contract Damages**

I have already informed you that Vesterra breached the contract by not closing the mortgage loan from John Hancock. If you find that John Hancock was ready, willing and able to perform its obligation under the written contract, then you must also go on to determine what kind of damages that parties agreed to in the contract when they signed it in July and August 2004. This issue is disputed: John Hancock argues that the parties agreed at that time that it is entitled to what has been called "yield maintenance" damages in this trial -- the difference between what it would have earned from the loan over ten years and what it would earn in interest on United States treasury bills with a ten-year maturity. Vesterra argues that the parties did not agree that it would be liable for ten years' worth of interest if the loan was not made.

You will have to decide, first, whether the language of condition 30(d) of the contract, the law of the parties, provides for yield maintenance damages. John Hancock has the burden of proving to you by a preponderance of the evidence that both parties agreed in July and August 2004 that "yield maintenance" damages would be available to John Hancock in the event the loan did not close.

John Hancock must prove its damages with a reasonable degree of certainty. Thus, damages cannot be speculative. Any damages that John Hancock claims to have suffered must be computed by rational methods upon a firm factual basis. Therefore, any damages sought must be proven and not left to speculation. However, a mathematical certainty in measuring damages is not a prerequisite for recovery.

Also, in order to recover damages against Vesterra, John Hancock must demonstrate that the damages complained of were caused by Vesterra's conduct. If the damages were caused by John Hancock or by someone other than Vesterra, then John Hancock is not entitled to damages from Vesterra.

Finally, there is a concept in the law called "mitigation." John Hancock was required to exercise reasonable care and diligence, including reasonable expenditures, in order to "mitigate" its damages, that is, to keep them to a minimum. It is the duty of John Hancock as a reasonable business entity to use its money in the most efficient and productive manner possible. If Vesterra proved that John Hancock did not take reasonable steps to keep its damages at a minimum, you must reduce any award of damages by the amount that John Hancock reasonably could have reduced the total damages.

If you decide that John Hancock has suffered no damages from Vesterra's breach of the contract, then you will enter a verdict for Vesterra.