UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
_____
                                         )
JOHN HANCOCK LIFE INSURANCE              )
COMPANY,                                 )
                                         )
     Plaintiff/Counterclaim Defendant,   )
                                         )
v.                                       )
                                         )   CIVIL ACTION NO. 05-11614-WGY
VESTMONT LIMITED PARTNERSHIP,            )
VESTMONT LIMITED PARTNERSHIP II,         )
VESTMONT LIMITED PARTNERSHIP III,        )
and VESTERRA CORPORATION d/b/a           )
MONTGOMERY SQUARE PARTNERSHIP,           )
                                         )
     Defendants/Counterclaim Plaintiffs. )
_____)
```

## PLAINTIFF JOHN HANCOCK LIFE INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO ALTER AMOUNT OF JUDGMENT ENTERED ON JURY VERDICT

Plaintiff John Hancock Life Insurance Company ("John Hancock" or "Hancock") hereby opposes the motion of defendants Vestmont Limited Partnership, *et al.* (collectively, "Vestmont" or the "Defendants"), to alter the post-trial Judgment entered in this case on May 11, 2006, to an amount less than the jury's verdict of $2.64 million. The motion should be denied because Vestmont steadfastly refused to concede *any* liability or injury to John Hancock in this action, thereby requiring Hancock to prove the Defendants' liability for breach of contract and *each and every dime* of Hancock's resulting damages at trial. As demonstrated by the jury verdict rendered on May 8, 2006, John Hancock went on to prove both liability and

actual damages flowing from Vestmont's breach in the total amount of $2.64 million. The amount of that verdict is not, and cannot reasonably be, disputed by Vestmont.

On May 11, 2006, the Court properly entered Judgment in the full amount of the jury's verdict. Vestmont now requests that the amount of the Judgment be reduced to an amount *less than* the jury's actual verdict of $2.64 million. Vestmont's request is unjustified and should be rejected. As previously stated, the existing Judgment accurately reflects the total amount of contract damages actually awarded to John Hancock by the jury. No change is necessary or warranted. *See* Manjon v. Lebron, 23 F.2d 266, 269 (1st Cir. 1927) ("It is essential that a judgment should conform to the verdict, and, as the one entered in this case does not, we think the first assignment of error must be sustained, and the judgment vacated."); *see also* 49 C.J.S. (Judgments) § 58 ("It is a well-established principle of law, applicable to both cases tried to the court and cases tried by a jury, that the judgment must be supported by, and conform to, the verdict, decision, or findings in all substantial particulars.").

Furthermore, John Hancock has represented to the Court that it will apply the full amount of the Application and Commitment Fees previously received from Vestmont and currently held in a suspense account (totaling $960,000) to reduce the total amount payable by the Defendants when this action, including any post-trial rulings and/or appeal, finally is resolved. John Hancock stands by, and fully intends to live up to, that representation. Nonetheless, in an effort to avoid further unnecessary court proceedings, John Hancock offered to Vestmont to submit a revised form of Judgment that explicitly memorializes Hancock's commitment and obligation to apply the Application and Commitment Fees. *See* Exhibit A, attached hereto. That proposal was rejected by Vestmont. John Hancock also offered to give Vestmont an additional credit in the amount of the interest actually earned by

Hancock on the suspended Application and Commitment Fees since August 1, 2005, the date of Vestmont's breach (totaling approximately $32,112, calculated at an average daily rate of 4.21%), employing the same methodology utilized by this Court and endorsed by the First Circuit in Concrete Systems, Inc. v. Pavestone Co., L.P., 112 Fed. Appx. 67, 71 (1st Cir. 2004) (affirming district court's discretionary decision to reduce amount of pre-judgment interest on jury verdict by the amount of interest actually earned by the plaintiff on deposited funds during the pendency of the action). *See* Exhibit B, attached hereto. Vestmont rejected that proposal as well. Once again, it appears that no compromise with these Defendants is possible.

### Conclusion

Having insisted upon a jury trial and having forced John Hancock to prove its actual damages in that forum, the Defendants are poorly situated to complain that the full amount of the jury's resulting $2.64 million verdict is set forth in the Judgment ultimately entered in favor of Hancock. That Judgment should stand unaltered and the Defendants' Motion should be denied. Alternatively, if the Court deems it appropriate, John Hancock respectfully requests that the Court issue an Amended Judgment in either the form attached hereto as Exhibit A, or the form attached hereto as Exhibit B. In either case, Vestmont will receive fair credit for the $960,000 in Application and Commitment Fees that previously were paid to John Hancock, as Hancock has promised the Defendants and this Court.

       Respectfully submitted,

       JOHN HANCOCK LIFE INSURANCE
       COMPANY

       By its attorneys,


       */s/ Brian A. Davis*
       Brian A. Davis (BBO No. 546462)
       Paul D. Popeo (BBO No. 567727)
       Meghan L. Rhatigan (BBO No. 663039)
       CHOATE, HALL & STEWART LLP
       Two International Place
       Boston, MA 02110
       Tele: 617-248-5000
       Fax: 617-248-4000

Date:  May 19, 2006

4082893.1

-5-

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 19, 2006.

/s/ Brian A. Davis
Brian A. Davis

4082893.1

# EXHIBIT A

**DRAFT**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11614-WGY

JOHN HANCOCK LIFE INSURANCE COMPANY

Plaintiff,

v.

VESTMONT LIMITED PARTNERSHIP, *et al.*

Defendants.

JUDGMENT

This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

IT IS ORDERED AND ADJUDGED JUDGMENT FOR THE PLAINTIFF JOHN HANCOCK LIFE INSURANCE COMPANY in the amount of $2,640,000. Upon issuance of an appropriate execution by the Clerk of Court, John Hancock shall apply the $960,000 in Application Fees and Commitment Fees previously received from defendants Vestmont Limited Partnership, *et al.* in partial payment of the total amount due thereunder.

Sarah A. Thornton
Clerk

So Approved,

/s/ William G. Young
U.S.D.J.

/s/ Elizabeth Smith
Deputy Clerk

Date: May ___, 2006

To: All Counsel of Record

# EXHIBIT B

**DRAFT**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11614-WGY

**JOHN HANCOCK LIFE INSURANCE COMPANY**

Plaintiff,

v.

**VESTMONT LIMITED PARTNERSHIP,** *et al.*

**Defendants.**

AMENDED JUDGMENT

This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict in the amount of $2,640,000 for the Plaintiff.

IT IS HEREBY ORDERED AND ADJUDGED JUDGMENT FOR THE PLAINTIFF JOHN HANCOCK LIFE INSURANCE COMPANY in the amount of $2,640,000.

Upon issuance of an appropriate execution by the Clerk of Court (including, *inter alia*, costs and interest at the statutory rate), John Hancock shall apply the $960,000 in Application Fees and Commitment Fees previously received from defendants Vestmont Limited Partnership, *et al.*, plus actual interest received on such Fees in the amount of $32,112, in partial payment of the amount due thereunder.

|  |  |
|---|---|
| So Approved, | Sarah A. Thornton<br>Clerk |
| /s/ William G. Young<br>U.S.D.J. | /s/ Elizabeth Smith<br>Deputy Clerk |

Date: May ___, 2006

To: All Counsel of Record