UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____     :
                                              :
JOHN HANCOCK LIFE INSURANCE                   :
COMPANY,                                       :     Civil Action No. 05-11614 WGY
                                              :
            Plaintiff,                         :
                                              :
      v.                                       :
                                              :     JURY TRIAL DEMANDED
VESTMONT LIMITED PARTNERSHIP,                  :
et al.,                                        :
                                              :
            Defendants.                        :
_____     :

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO AMEND THE JUDGMENT TO CONFORM TO THE PARTIES' AGREEMENT AND THE COURT'S INSTRUCTIONS DURING TRIAL

Defendants/Counterclaim Plaintiffs (collectively "Defendants" or "Vesterra")

respectfully submit this Reply Brief in Support of Their Motion to Amend the Judgment to

Conform to the Parties' Agreement and the Court's Instructions During Trial.

As has become its practice in this litigation, Plaintiff John Hancock Life Insurance

Company ("John Hancock" or "Plaintiff"), never addresses the relevant issues and selectively

ignores the law of the case.

The Court stated, and John Hancock agreed, as follows:

- "**[W]e'll set off the fees** against the money; and **the rest we'll enter as a judgment**."

- "**That will be the verdict.  I'll set off the fees, and enter judgment**."; and

- "If your verdict is for John Hancock, and it's high enough, **all I'm going to do is subtract that amount from your verdict to enter the judgment**."

Tr., May 5, at 114, 115; Tr. May 8, Jury & Verdict, at 5.

Thus, on at least three separate occasions, the Court stated, and Defendants (and the jury) relied upon, the promise that any verdict would be reduced by the $960,000 retained by John Hancock <u>before</u> judgment was entered.  The verdict and the judgment were considered separately.

John Hancock strives mightily to deflect attention away from the Court's statements by largely ignoring them.[1]  However, the plain language of the Court, which specifies that the $960,000 will be "set off" before any judgment is entered leads to the inescapable conclusion that the judgment must be for $1,680,000.  John Hancock provides absolutely no support for its recent (but never expressed at trial) interpretation of the Court's statements.

Relief or partial relief from a judgment may be granted to reflect payments that were made prior to entry of the final judgment, or even prior to the filing of suit.  *See, e.g., Johnson Waste Materials v. Secretary of Labor*, 611 F.2d 593, 599-600 (5th Cir. 1980) (finding partial satisfaction of a $104,204 judgment representing underpaid wages where it was demonstrated that more than half of the judgment had, in fact, been paid to employees in wages prior to the suit).  Similarly, in *Torres-Troche v. Municipality of Yauco*, 873 F.2d 499, 502 (1st Cir. 1989)**,** the court held that the plaintiff's $100,000 settlement with defendant's insurer prior to trial satisfied a subsequent $21,000 verdict against the defendant.

The present case provides an even stronger reason to find a partial satisfaction of the judgment because here the Court actually specified in explicit language that the $960,000 held by John Hancock since August 2005 "will be set off" against *any* verdict before entering judgment. This language by itself could not be clearer.  Accordingly, the Court's instructions to the jury were clearly intended to protect Defendants in the precise circumstances found here.

---

[1] In support of its Response, John Hancock submitted two proposed orders to the Court.  However, despite a request from Vesterra' counsel, it failed to include Vesterra's reply to these proposals.  Vesterra's attempts to resolve this issue are attached hereto as Exhibits A and B.

John Hancock complains that there can be "no compromise with these Defendants." Quite the contrary, "these Defendants" compromised their right to argue to the jury that John Hancock had their $960,000 without any right by agreeing to take that argument out of the case. No one can know what effect that argument would have had on the jury but we do know that the jury had very much in mind that any verdict amount they returned would be reduced by $960,000. There is no "compromise" – just fulfillment of the promised behavior. The Court declared, on the record, how judgment would be entered. Vesterra is simply asking the Court to amend the judgment to conform to the Court's instructions and the agreement between the parties.

Furthermore, John Hancock's proposed "compromise" would award it interest on money that it already had. This proposal by John Hancock ignores settled Massachusetts law that prejudgment interest is only due for the time for which a plaintiff was "actually deprived of use of its money." *Saint-Gobain Industrial Ceramics Inc. v. Wellons, Inc.*, 246 F.3d 64, 72 (quoting *Sterilite Corp. v. Continental Cas. Co.*, 397 Mass. 837, 842, 494 N.E.2d 1008, 1011 (1986)).[2] As the Supreme Judicial Court noted in *Sterilite*, the intent of the Massachusetts statute providing for prejudgment interest is "to avoid windfalls to plaintiffs to the extent they have not actually incurred a loss." *Saint-Gobain*, 246 F.3d at 71.

Here, John Hancock sought to recover the present value of its lost interest, calculated as of August 2005. Because John Hancock has had $960,000 of that sum since that same date, it was not deprived of the use of that amount of the verdict in its favor. Any award of additional interest to John Hancock for moneys that it has had in its possession since August 2005, to use however it saw fit, would indeed be the kind of windfall that the statute does not authorize.

---

[2] The one case cited by John Hancock with respect to interest is an unpublished First Circuit opinion in which the parties only disputed the amount of pre-judgment interest. *Concrete Systems, Inc. v. Pavestone Co., L.P.*, 112 Fed. Appx. 67 (1st Cir. 2004) ("not for publication or to be cited as precedent").

For the foregoing reasons, Vesterra respectfully requests that the Court amend the May 11, 2006 Judgment by reducing it in the amount of $960,000 pursuant to Fed. R. Civ. P. 59 and 60.

Respectfully submitted,

Dated:  May 19, 2006

/s/ Robert D. Hillman
Steven J. Brooks (BBO # 059140)
Robert D. Hillman (BBO # 552637)
DEUTSCH WILLIAMS BROOKS
DeRENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
Tele.:  617-951-2300

/s/ Howard D. Scher
Howard D. Scher (admitted *pro hac vice*)
C. Randolph Ross (admitted *pro hac vice*)
Brian J. McCormick, Jr.(admitted *pro hac vice*)
BUCHANAN INGERSOLL PC
1835 Market Street, Floor 14
Philadelphia, PA 19103
Tele.: 215-665-8700

Attorneys for Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III and Vesterra Corporation

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed electronically today, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and is available for viewing and downloading from the ECF system.

Dated:  May 19, 2006

/s/ Brian J. McCormick, Jr.
Brian J. McCormick, Jr. (admitted *pro hac vice*)

# EXHIBIT A

# Buchanan Ingersoll PC
ATTORNEYS

Howard D. Scher
215 665 3920
scherhd@bipc.com

1835 Market Street, 14th Floor
Philadelphia, PA 19103-2985
T 215 665 8700
F 215 665 8760
www.buchananingersoll.com

May 15, 2006

**By Electronic Mail and Regular Mail**
Brian A. Davis, Esquire
Choate Hall & Stewart, LLP
Two International Place
Boston, MA 02110

Re: _John Hancock Life Ins. Co. v. Vestmont Limited Partnership, et al._

Dear Brian:

I enclose Defendants' proposed Amended Judgment in response to your email of earlier today. As you can see, we have simplified your draft Judgment to reflect Judge Young's instructions during the trial. (Tr., Day 5, at 11-13; Tr., Day 6, at 44-46; Tr., Day 6, Jury Question, at 4-5, 9). For example, during his charge to the jury, Judge Young stated as follows:

> If your verdict is for John Hancock, and it's high enough, **all I'm going to do is subtract that amount from your verdict to enter the judgment** . . . .

> [T]he second question is, are there any damages at all? If your answer to that is no, your verdict is for Vestmont. If your answer to that is yes, even if they're small or if they are large, you calculate the full amount of compensatory damages in the blank set forth. **I'll take care -- or rather, the parties have all agreed, and I'll just make sure it's done; I'll take care of the money that's already ruled [sic] from Vestmont to Hancock.**

Tr., Day 6, 45:5-8, 45:15-23 (emphasis added).

Judge Young then restated this in his answer to the jury's questions that afternoon:

> If your verdict is greater than, for John Hancock but greater than the application fees, **I'll subtract the application fees and John Hancock can only recover what's beyond the application fees** . . . . You don't have to calculate in the application fees. We know what they are. It's an arithmetic calculation. I'll take care of it.

Tr., Day 6, Jury Question, Tr. 5:1-7 (emphasis added).

Clearly, Judge Young intended simply to subtract from any verdict rendered by the jury the $960,000 that John Hancock has been holding since August 2005. Our

Pennsylvania :: New York :: Washington, DC :: Florida :: New Jersey :: Delaware :: California

Brian A. Davis, Esquire
May 15, 2006
Page 2

suggested Amended Judgment accomplishes that. We see no reason for any further explanation in the judgment itself.

Please let us know whether you agree with this proposed Amended Judgment.

Very truly yours,

Howard D. Scher, Esquire

Enclosure
cc:    Brian J. McCormick, Jr., Esquire
       C. Randolph Ross, Esquire
       Robert D. Hillman, Esquire (via electronic mail)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Civil Action No. 05-11614-WGY**

**JOHN HANCOCK LIFE INSURANCE COMPANY**

**Plaintiff,**

**v.**

**VESTMONT LIMITED PARTNERSHIP,** *et al.*

**Defendants.**

## AMENDED JUDGMENT

This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

IT IS ORDERED AND ADJUDGED JUDGMENT FOR THE PLAINTIFF JOHN HANCOCK LIFE INSURANCE COMPANY in the amount of $~~2,640~~1,680,000. ~~Upon issuance of an appropriate execution by the Clerk of Court, John Hancock shall apply the $960,000 in Application Fees and Commitment Fees previously received from defendants Vestmont Limited Partnership, et al. in partial payment of the total amount due thereunder.~~

Sarah A. Thornton
  Clerk

So Approved,

/s/ William G. Young
  U.S.D.J.

/s/ Elizabeth Smith
  Deputy Clerk

Date: May ___, 2006

To: All Counsel of Record

# EXHIBIT B

## McCormick, Brian

| | |
|---|---|
| **From:** | McCormick, Brian |
| **Sent:** | Thursday, May 18, 2006 4:30 PM |
| **To:** | Davis, Brian; Scher, Howard |
| **Cc:** | RHillman@dwboston.com; Popeo, Paul |
| **Subject:** | RE: John Hancock/Vesterra - Proposed Form of Amended Judgment |
| **Attachments:** | May 15 Letter.pdf |

Brian,

As we discussed, we believe the Court's instructions were very clear during trial that judgment would be entered for $1,680,000, not the $2.64 million. We quoted these statements in our motion. Your belatedly proposed Order does not address that issue. Further, you told me on Tuesday, and then again this morning, that John Hancock would not consider any amendment that included a judgment of less then $2.64 million.

Also, your proposed Order has other significant problems. First, as I am sure you must know, under Massachusetts law, John Hancock does not receive interest on money that it had already been paid. *See, e.g., Sterilite Corp. v. Continental Cas. Co.*, 397 Mass. 837, 842, 494 N.E.2d 1008, 1011 (1986) ("No interest is due on sums when Sterilite was not deprived of the use of those sums. Any other rule would result in a windfall for Sterilite, which the Legislature did not intend."). Second, if John Hancock was somehow permitted to receive prejudgment interest on the entire $2,6400,000 (rather than the $1.68 million) and credited Vesterra for "interest" of only $32,100, John Hancock would receive an undeserved windfall of more than $85,000.

During trial, Judge Young instructed the jury to pay no attention to the $960,000 because he stated that he would subtract it before entering judgment. You agreed. We are simply asking the Court to amend the judgment to conform to its instructions and our agreement.

I ask that you attach a copy of this email, as well as my May 15 letter and proposed Order (which are attached), to any Response that you ultimately choose to file that reference either of John Hancock's proposed draft orders.

**Brian J. McCormick, Jr.**
**Buchanan Ingersoll PC**
1835 Market Street, 14th Floor
Philadelphia, PA 19103

215-665-3957 (direct)
215-687-7965 (cell)
215-665-8760 (fax)
mccormickbj@bipc.com (e-mail)

**From:** Davis, Brian [mailto:BDavis@choate.com]
**Sent:** Thursday, May 18, 2006 1:08 PM
**To:** McCormick, Brian; Scher, Howard
**Cc:** RHillman@dwboston.com; Popeo, Paul
**Subject:** John Hancock/Vesterra - Proposed Form of Amended Judgment

Howard and Brian,

Per my prior discussion with Brian, attached is John Hancock's proposed form of Amended Judgment.  Please let me know if this form is acceptable to you and your clients.

Brian Davis

CHOATE
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tele: 617-248-5056
Fax: 617-248-4000
E-mail: bad@choate.com

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP.  The substance of this message, along with any attachments, may be confidential and legally privileged.  If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com