UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>VESTMONT LIMITED PARTNERSHIP, et al.,<br><br>            Defendants. | Civil Action No. 05-11614 WGY |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Plaintiff John Hancock Life Insurance Company ("John Hancock") has filed a motion seeking reimbursement of its legal expenses under Fed. R. Civ. P. 54(d), asserting that it has a right to such fees under a provision of the Loan Application/Commitment. John Hancock is simply wrong. There is no provision that John Hancock shall recover its attorneys' fees if the Loan failed to close.

John Hancock's request for attorneys' fees is based on its attorney's misrepresentation to this Court concerning the parties' agreement before trial. Contrary to John Hancock's assertion, the parties did not agree to submit "any and all issues pertaining to the recovery of attorneys' fees" to the Court for resolution, as John Hancock now mischaracterizes the agreement. (Plaintiff's Memorandum of Law in Support of Its Motion for Reimbursement of Legal Expenses ("Pl.'s Memo."), at 1.) Rather, as John Hancock's own counsel stated in a confirming email correspondence, the parties agreed that neither would "present evidence of the amount of fees

incurred by their attorneys in this matter" at trial, leaving the determination of such <u>amount</u> for the Court if this "becomes relevant for either party." (*See* Exhibit A (emphasis added).) An agreement to have the Court determine the <u>amount</u> of any attorneys' fees, <u>if</u> this became relevant, did not negate John Hancock's burden of proving at trial that it was entitled to recover such fees in the first place as part of its damages in this case for breach of contract. *See infra* pp. 11-14. Thus, John Hancock was required to submit the question of its <u>entitlement</u> to attorneys' fees to the jury, which it failed to do.

     Even if this Court could make such a substantive finding of entitlement by post-trial motion (which Rule 54(d) specifically prohibits), it is well established that Massachusetts follows the "American rule," and does not permit the recovery of attorneys' fees by the prevailing party in the absence of a specific contractual provision (or some other basis in statute, rule or caselaw). In the absence of an explicit "prevailing party" or attorneys' fees provision, John Hancock cannot recover the cost of this lawsuit as damages for breach of contract. That is, the costs and expenses resulting from failure of the loan to close do <u>not</u> include, under the American rule, the cost of recovering those costs through litigation.

     Therefore, for these two reasons, John Hancock cannot now claim that it is entitled to its attorneys' fees under Condition 30(d) on the ground that this provision allows for recovery of "all damages, losses, costs and expenses suffered or incurred by John Hancock" as a result of failure of the loan to close: First, under Massachusetts law, such general language does not entitle it to attorneys' fees. And second, it is too late to make this argument.

     At no time during the trial of this matter did John Hancock present either argument or evidence supporting its right to recover attorneys' fees. Having failed to present to the jury any claim that is entitled to such fees, John Hancock cannot now recover them by post-trial motion.

In fact, Rule 54(d)(2)(A) specifically <u>excludes</u> an award of attorneys' fees by post-trial motion in lawsuits such as this, where "the recovery of such fees [was] an element of damages to be proved at trial." Accordingly, as explained in more detail below, John Hancock's request for attorneys' fees must be denied.

**FACTUAL BACKGROUND**

**I.    PROCEDURAL HISTORY**

    **A.    The Categories Of Damages To Which John Hancock Was Entitled Under Condition 30(d) Was A Hotly Disputed Issue At Trial, But John Hancock Did Not Present Either Argument Or Evidence That These Damages Included Attorneys' Fees**

As the Court is well aware, John Hancock and Defendants executed a Loan Application in the summer of 2004. This Court ruled that this document constituted a valid contract (hereinafter the "Loan Commitment"), and that Vesterra breached it by not closing the mortgage loan in question. The Court also ruled that the issues for the jury included (1) whether John Hancock was "ready, willing and able" to perform the contract; and (2) if so, what, if any, damages John Hancock was entitled to recover for this breach.

In its Complaint, John Hancock pleaded that it was entitled to recover its damages for failure of the loan to close under Condition 30(d) of the Loan Commitment. (Complaint, ¶ 20.) Condition 30(d) provides, in relevant part, that "John Hancock shall be entitled to recover from Applicant and/or Borrower all damages, losses, costs and expenses suffered or incurred by John Hancock" as a result of failure of the loan to close. At trial, the parties agreed that Condition 30(d) governed the damages that John Hancock could recover, but vigorously disputed the meaning of this provision and the measure of damages that it supported.

John Hancock put on fact and expert witnesses at trial to establish the "damages, losses, costs and expenses" that it had incurred. These witnesses testified that John Hancock was

3

limiting its claim to "yield maintenance" damages -- that is, the present value of the interest it would have received, reduced by the value of interest from the $32 million invested ten-year treasury bills.[1]  John Hancock's damages expert, Simon Platt, presented three different totals for John Hancock's damages -- all of which were "yield maintenance" damages, calculated according to three different alternatives.  (May 4 Trial Tr., at 91.)  After hearing all the evidence, the jury awarded John Hancock $2.64 million, which was very close to the lowest of Mr. Platt's three calculations of $2.684 million.  (May 4 Trial Tr., at 99-100.)

Because the categories of damages and costs to which Condition 30(d) entitled John Hancock was an issue in sharp dispute during the trial, the Court submitted this question to the jury.  Nevertheless, John Hancock did <u>not</u> provide either witness testimony or documentary evidence to establish that its recoverable damages under Condition 30(d) included attorneys' fees -- or any other category of costs except for its loss of interest (yield maintenance) damages.  Having failed to prove to the jury that it was entitled to recover its legal fees as damages in this breach of contract action, John Hancock now seeks to recover its attorneys' fees <u>after</u> the trial by motion under Rule 54(d), even though that rule specifically does <u>not</u> allow recovery where, as here, "the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial."  Thus, John Hancock can only recover its fees at this juncture if it can point to a provision in the Loan Commitment that specifically entitles it to such fees in *addition* to the damages awarded at trial.  As explained in the next section, there is no such contractual provision for attorneys' fees.

---

[1] Joan Uzdavinis, John Hancock's Rule 30(b)(6) witness on damages, testified that she was not aware of any other losses, other than some hedge costs which John Hancock was not seeking to recover because they could not easily be traced to this particular loan application.  May 4, 2006 Trial Tr. at 66-67, 73-74.  (All trial transcript cites are to the rough transcript.)

4

## II.     THE PROVISIONS OF THE LOAN COMMITMENT CONCERNING ATTORNEYS' FEES

The Loan Commitment contains provisions for the recovery of attorneys' fees in two different situations -- neither of them present here. It specifically provides for the recovery of attorneys' fees incurred (1) <u>before</u> the Loan closed or the application was terminated; and (2) <u>after</u> the Loan closed, based on language that was to be included in the Loan Documents. There is no such provision for attorneys' fees in Condition 30(d), the condition which forms the basis of John Hancock's lawsuit because it specifies what "John Hancock shall be entitled to recover" in the event the Loan failed to close.

### A.     John Hancock Cannot Recover Its Attorneys' Fees In This Lawsuit As "Costs" Incurred Prior To Closing Or Termination

Condition 21 contains the provision, standard in such agreements, that the borrower is liable for certain defined "Costs" incurred by the lender prior to the closing date:

> Unless specifically stated to the contrary herein, whether or not the Loan closes, Applicant and Borrower shall be jointly and severally liable to pay on the earlier of the Closing date or termination of this Application all costs pertaining to the Loan and the Closing, including, without limitation, all Third Party Report Fees, all charges for title examination and title insurance and escrow, all survey costs, all recording and filing fees, all mortgage or similar taxes, and all attorneys' fees and costs of John Hancock (collectively "Costs").[2]

This language plainly makes Vesterra liable for any such "Costs," including attorneys' fees, as of "the <u>earlier</u> of the Closing date or termination of this Application" (emphasis added). The legal "costs" John Hancock is trying to recover were not even known or incurred on the termination of the Loan Application, which occurred in August 2005. The fact that Defendants remained liable for these pre-closing "Costs" under Condition 30(d) does not, as John Hancock now argues, expand the plain language of 30(d) to include lawyers' fees incurred <u>after</u> the termination of the

---

[2] In its Memorandum of Law, John Hancock only cites certain portions of this provision, and does so out of order so as to better control its argument.

5

Loan Application.    At trial, witnesses for both sides testified that John Hancock was informed by June 2005, that Vesterra would not be closing the Loan. (*See, e.g.,* May 3 Trial Tr. at 40-41.) John Hancock's damages expert calculated its damages compared to an alternative commercial mortgage "based on rates in June 2005, which is when we understand Hancock was notified that the Defendants were unlikely to close the Loan." (*See* Amended Expert Report of Simon Platt, under "Hypothetical Commercial real Estate Loan" on the sixth (unnumbered) page.)

Thus, it appears that the Application was considered terminated by John Hancock at that time. However, even if John Hancock did not consider the application "terminated" in June 2005, it was without question "terminated" when the Loan failed to close by the closing date of August 1, 2005, with no extensions asked or granted, and John Hancock thereupon drew down the $960,000 in the two letters of credit. (*See* Conditions 30(b)(iv-v) and 30(c)(ii).) As John Hancock pleaded in its Complaint in this action, "[t]he terms of the Loan Commitment obligate Montgomery to close the Loan with John Hancock on or before August 1, 2005. . . . Notwithstanding the terms of the Loan Commitment, Montgomery did not close the Loan on or before the scheduled closing date of August 1, 2005 . . . [and] has no intention of closing the Loan with John Hancock now or in the future." (Complaint, ¶¶ 13, 16-17.)

Moreover, as noted, John Hancock specifically alleged in its Complaint (¶ 20) and at trial that it was seeking damages under Condition 30(d), for failure of the Loan to close. John Hancock never pleaded or argued that it was seeking to recover "Costs" as defined in Condition 21. Accordingly, for all these reasons, John Hancock may not now recover its attorneys' fees in this lawsuit as pre-closing "Costs" under Condition 21 and, as noted, Defendants' liability for any attorneys' fees incurred prior to closing or termination cannot be interpreted as a provision

6

for attorneys' fees incurred in the course of this lawsuit, after termination of the Loan Application.

      **B.    John Hancock Cannot Recover Its Attorneys' Fees Under Provisions That Would Only Have Come Into Effect If The Loan Had Closed And The Loan Documents Had been Executed By The Parties**

In addition to the defined "Costs" relating to the time period before closing or failure to close, attorneys' fees are also specifically included in several provisions concerning language that was required to be included in the "Loan Documents" -- i.e., the note and mortgage and related documents that would be executed in connection with the closing of the Loan. Of course, the Loan never closed, so the Loan Documents were never executed by the parties (or even prepared, for that matter). Thus, conditions such as 11(d)(ii)(cc) and 36(i), which specify that the <u>Loan Documents</u> would contain provisions allowing John Hancock to recover attorneys' fees in certain circumstances after the Loan was closed, are inapplicable to the present situation.

Accordingly, John Hancock could only recover its attorneys' fees if these were included in the damages awarded by the jury under Condition 30(d) for failure of the Loan to close. However, since that provision does not specifically provide for attorneys' fees, John Hancock would have had to prove its entitlement to such during the trial of this action, which it did not.

## ARGUMENT

**I.    MASSACHUSETTS LAW DOES NOT PERMIT THE AWARD OF ATTORNEYS' FEES FOR BREACH OF CONTRACT ABSENT A CONTRACTUAL PROVISION SPECIFICALLY PROVIDING FOR RECOVERY OF SUCH FEES**

Massachusetts follows "the traditional 'American Rule,' which teaches that attorney's fees are not ordinarily recoverable in the absence of statute, court rule, enforceable contract or stipulation providing therefore." *Bournewood Hospital, Inc. v. Massachusetts Comm'n Against Discrimination*, 371 Mass. 303, 308, 358 N.E.2d 235, 238 (1976) (s*ee* discussion at pages 311-

7

313). *See also, e.g., O'Brien v. New England Telephone & Telegraph Co.*, 422 Mass. 686, 696, 664 N.E.2d 843, 850 (1996) ("the general rule is that each litigant bears the cost of her own litigation") (citation omitted); *Coady v. Wellfleet Marine Corp.*, 62 Mass. App. Ct. 237, 242, 816 N.E.2d 124, 130 (2004) ("the general rule in Massachusetts is that each party is responsible for his own attorney's fees"); *Shorr v. Professional Photographers of America, Inc.*, 1997 Mass. App. Div. 61, 1997 WL 271757, *2 (1997) (citing *Bournewood*). "[T]he general principle has become firmly established in this Commonwealth that no recovery may be had for counsel fees in the very action to redress a plaintiff's wrong, as distinguished from other counsel fees which the plaintiff has been compelled to pay." *Donaldson v. Boston Herald Traveler Corp.*, 347 Mass. 274, 280-81, 197 N.E.2d 671, 676 (1964).

The First Circuit has concluded that it "must follow the rather clearly negative signals of the Massachusetts Supreme Judicial Court, which has taken a restrictive view of allowing attorney's fees." *Liberty Mut. Ins. Co. v. Continental Cas. Co.*, 771 F.2d 579, 587 (1st Cir. 1985) (discussing *Bournewood*). *See also Griefen v. Treasurer and Receiver-General*, 390 Mass. 674, 676, 459 N.E.2d 451 (1983) (attorney's fees are only recoverable if premised upon "specific affirmative authority"). The very limited circumstances in which a court may award attorneys' fees in the absence of a specific contractual provision for the recovery of such fees are not present here (such as a declaratory judgment action which establishes an insurer's obligation to defend an insured, or where the plaintiff had been forced by the defendant's wrong to incur attorneys' fees in litigation against a third party).[3]

---

[3] In *Carter v. Warren Five Cents Sav. Bank*, 409 Mass. 73, 564 N.E.2d 579 (1991), the sole case cited by John Hancock for this proposition, the court relied on a very clear provision in an employment agreement – the bank agreed to pay "[a]ny *legal expenses incurred by the Executive in enforcing his rights* (regardless of whether . . . the Executive prevails on the merits of his claim(s)) under this Agreement" – before awarding attorneys' fees. (emphasis added). Condition 30(d) contains no such provision.

8

Defendants are aware of no breach of contract cases in which Massachusetts courts have awarded attorneys' fees as general "damages, losses, costs and expenses."[4] The reason for this is clear: to do so would eviscerate the American rule that the Supreme Judicial Court of Massachusetts has strongly enforced. As the Superior Court recently stated, "A contract which includes a provision for the payment of legal expenses presents one of the exceptions to the general ('American') rule." *Sigma Systems, Inc. v. Rasamsetti*, 19 Mass. L. Rptr. 734, 2005 WL 2462009, *3 (Mass. Super. 2005) (emphasis added).[5] The well-established American Rule does not allow for the recovery of the cost of recovering "damages, losses, costs and expenses" -- which is what John Hancock seeks here.

Thus, John Hancock must show that the contract at issue here -- the Loan Commitment -- specifically provides that it may now recover its attorneys' fees in *addition* to other breach of

---

[4] It is striking that John Hancock was forced to rely on an unreported decision from the *Ohio* state Court of Appeals, Eighth Division (John Hancock erroneously cites the *Auber* case as a federal case from the U.S. Court of Appeals for the Eighth Circuit), a Seventh Circuit case interpreting a civil rights statute (*Littlefield*) and an inapposite Massachusetts opinion in order to support this position in its Memorandum of Law. (Pl.'s Memo., at 4).

In *Littlefield v. McGuifey*, 979 F.2d 101, 104 (7th Cir. 1992), the Court held that where there is a statutory award of fees and costs as part of the overall judgment, as with section 1988 cases, the American Rule is inapplicable. The court stated that "attorney fees and litigation expenses, while generally not recoverable as costs, can be recovered if provided for by statute or contract between the parties." *Id.* at 911. That is not the situation here.

Similarly, the sole Massachusetts cases cited by John Hancock is inapplicable. In *Black v. School Comm. of Malden*, 369 Mass. 657, 341 N.E.2d 896 (1976), the court held that attorneys' fees were "expenses" for purposes of a state statute (M.G.L.A. c. 71, § 43B) providing that a teacher who incurs "expenses" in defending himself against unwarranted removal or suspension shall be reimbursed for the expenses. The court examined the legislative history of the statute, and the statute's purposes. *Id.* at 901. The *Black* court stated that in "the absence of statutory authorization, generally, a litigant must bear his own counsel fees." *Id.*

Finally, in *Auber v. Marc Glassman, Inc.*, Cuyahoga County Case No. 80283, 2002 WL 1265589, *3-4 (Ohio App. 8th May 30, 2002), the court held that because the plaintiff did not present sufficient evidentiary support for its claim for attorneys' fees, the trial court's grant of attorneys' fees was improper and the appellate court reversed the award and remanded for further proof. In fact, *Auber* stands for the proposition a court must not be left to arbitrarily determine or speculate about appropriate attorneys' fees.

Thus, even the cases cited by John Hancock support the position that attorneys' fees can only be included in "costs" or "expenses" when explicitly provided for by statute or contract. Neither is present here.

[5] Even where (unlike here) there is an indemnification provision, this permits recovery for attorneys' fees incurred in litigation between indemnitor and indemnitee "only where the indemnity provision specifically expresses [such] intent." *Caldwell Tanks, Inc. v. Tnemec Co.*, 417 F. Supp. 2d 179, 182 (D. Mass. 2006) (quoting *Petit v. BASF Corp.*, 13 Mass. L. Rptr. 25, 2001 WL 410358, *3 (Mass. Super. 2001)) (emphasis added).

contract damages. It does not. Because it does not, Massachusetts law does not permit an award of such fees to John Hancock.

If John Hancock argues now that the ambiguous language of Condition 30(d) concerning "damages, losses, costs and expenses" should be construed to include attorneys' fees in <u>addition</u> to normal breach of contract damages,[6] this argument should be rejected for two reasons: First, this runs contrary to well-established Massachusetts law discussed above that restricts the recovery for attorneys' fees to breach of those contracts that specifically provide for the payment of such fees. And second, if John Hancock wished to have Condition 30(d) interpreted in this broad manner, it needed to make this argument during the trial of this case and present evidence for any such proposed interpretation before the jury decided what damages were encompassed by Condition 30(d). As explained in detail below, having failed to meet its burden at trial, it cannot now recover its attorneys' fees as additional damages by post-trial motion.

## II.  THE LOAN COMMITMENT DOES NOT PROVIDE FOR THE RECOVERY OF ATTORNEYS' FEES INCURRED AS A RESULT OF FAILURE OF THE LOAN TO CLOSE

As described in detail above, the Loan Commitment does not contain <u>any</u> provision that entitles John Hancock to recover its attorneys' fees in the event that the Loan failed to close. Rather, the recovery of attorneys' fees is only provided: (1) for the time period leading up to the closing of the Loan or the termination of the Application (which at the <u>latest</u> was August 1, 2005); and (2) in certain provisions that were to be included in the Loan Documents (which, of course, were never executed, since the Loan never closed). There is no provision stating that

---

[6] *Compare Summit Valley Industries, Inc. v. Local 112*, 456 U.S. 717, 722-23 (1982) ("Ordinarily a statutory right to 'damages' does not include an implicit authorization to award attorney's fees. Indeed, the American Rule presumes that the word 'damages' means damages exclusive of fees."); *McCarthy v. Wolfeboro Restaurant Services, Inc.*, 132 F.R.D. 613, 613 (D. Mass. 1990) ("[T]he Federal Rules of Civil Procedure are quite uniform in always following the word "expenses" or the word "costs" with the phrase "including attorney's fees" whenever the drafters intended that attorney's fees be recoverable.").

John Hancock is entitled to recover its attorneys' fees for failure of the Loan to close, the only breach of the Loan Commitment which is the subject of this lawsuit. The "Costs" that John Hancock is entitled to recover are specifically defined to include only attorneys' fees incurred prior to closing or termination of the Loan application.

**III.   EVEN IF JOHN HANCOCK'S ATTORNEYS' FEES WERE RECOVERABLE UNDER MASSACHUSETTS LAW, IT COULD NOT RECOVER SUCH FEES BY POST-TRIAL MOTION UNDER RULE 54(d) BECAUSE SUCH FEES WERE AN ELEMENT OF DAMAGES THAT JOHN HANCOCK WAS REQUIRED TO PROVE AT TRIAL**

As explained above, Massachusetts law does not permit the recovery of attorneys' fees for breach of contract where (as here) they are *not* specifically provided for in the contract. However, even if John Hancock *could* have recovered its attorneys' fees in this lawsuit, it cannot now do so by post-trial motion pursuant Rule 54(d)(2). Rule 54(d)(2)(A) provides that such claims for attorneys' fees may be made by motion after the judgment "**unless** the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." (emphasis added).

If John Hancock's fees were recoverable at all in this action, it could only be as an element of damages for Defendants' breach of the Loan Commitment. As discussed above, the parties agreed that the amount of any attorneys' fees, if that "becomes relevant for either party," would be determined by the Court. (*See* Exhibit A.) But that did not obviate John Hancock's responsibility to prove at trial its entitlement to attorneys' fees for breach of the contract.[7]

John Hancock argues that its attorneys' fees are encompassed by the language of Condition 30(d) and that it is entitled to recover "all damages, losses, costs and expenses." As

---

[7] *See, e.g., McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993) (where the contract "provides for an award of attorneys' fees, the jury is to decide at trial whether a party may recover such fees. If the jury decides that a party may recover attorneys' fees, then the judge is to determine a reasonable amount of fees"); *Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Assocs.*, No. 00-CV-2231, 2002 WL 32348506, *2 (E.D. Pa. Mar. 6, 2002) (court may determine "amount of attorneys' fees and costs to be awarded pursuant to indemnification agreement . . . *after* a jury has determined that party may recover such an award") (noting this procedure is commonly used in other circuits as well).

11

Case 1:05-cv-11614-WGY    Document 100    Filed 06/01/2006    Page 12 of 16

noted, this does not contain the specific provision for legal expenses or attorneys' fees that is required by Massachusetts law. But even if Condition 30(d) could nonetheless have been construed at trial to allow John Hancock to recover its attorneys' fees, this provision cannot be the basis for the recovery of such fees at this stage in the proceeding. John Hancock knew that the jury was going to be asked to determine both the meaning of this language in Condition 30(d), and the amount of any damages encompassed by this meaning. Nonetheless, John Hancock did <u>not</u> provide either witness testimony or documentary evidence to establish that any costs -- or categories of costs -- other than the "yield maintenance" loss of interest were included in "all damages, losses, costs and expenses." Having failed its burden to prove (or even argue) its entitlement to its attorneys' fees at trial, John Hancock cannot now recover such fees by post-trial motion under Rule 54(d), which specifically excludes fees that that were "an element of damages to be proved at trial."

The advisory committee notes to Rule 54(d)(2) explain that this provision was intended to address "disputes over the amount of attorneys' fees to be awarded in the large number of actions in which prevailing parties may be entitled to such awards . . . ." However, while there are many litigated contracts that include such "prevailing party" clauses, the Loan Application is not one of them. Therefore, the contract here, and John Hancock's request for attorneys' fees, is covered by a subsequent portion of the advisory committee notes, which points out that this post-trial motion procedure does <u>not</u> "apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury."

In the many "prevailing party" cases, the underlying contract specifically provides that the prevailing party in a lawsuit for breach of that contract may recover attorneys' fees.


Consequently, entitlement to such fees is resolved by the outcome of the trial, and the court need only then determine the amount of such fees. The post-trial motion procedure of Rule 54(d) is appropriate in such cases and, as noted, the advisory committee specifically anticipated that this procedure would apply to such actions.

However, where there is no "prevailing party" clause contained in the contract, and no other equally explicit provision for attorneys' fees, a breach of contract plaintiff must prove its entitlement to attorneys' fees at trial. Just last year, another District Court in this Circuit considered this same issue at length. In *Pride Hyundai, Inc. v. Chrysler Financial Co., LLC*, 355 F. Supp. 2d 600 (D.R.I. 2005), the contracts at issue contained a provision for attorneys' fees in case of "default," but it was not clear whether the counterclaim plaintiff had a right to recover attorneys' fees in the particular circumstances. Thus, in *Pride Hyundai*, as in the case at bar, the Court was confronted with an "ambiguous" contract provision. Likewise, in *Pride Hyundai* the District Court was confronted with a post-trial motion for attorneys' fees. Based on strikingly similar facts, the Court denied that motion.

The *Pride Hyundai* Court held: "It was CFC's burden to prove its entitlement to attorneys' fees in this case. It submitted no evidence on this point at trial other than a copy of the [contracts]. Given the ambiguity of Section 6.0, and the lack of record evidence on point," the Court ruled that it "cannot conclude" that the contracts entitled CFC to attorneys' fees for that lawsuit. *Id.* at 605. The Court added that CFC's argument that the attorneys' fees it sought were related to the other party's default "should have been made at trial." *Id.*

The Court also rejected CFC's argument that the issue of attorneys' fees could not have been addressed until after the trial, specifically distinguishing this kind of claim for attorneys' fees as contract damages from the "prevailing party" disputes that Rule 54(d) was adopted to

13

address: "[T]his is not a typical "prevailing party" case, where the only issue to be resolved as to entitlement to attorneys' fees is who prevails at trial. . . . Because the attorneys' fees in this case were in the nature of damages, CFC had the burden of proving at trial that it was contractually entitled to those fees it sought in its counterclaim."[8]  *Id*. at 605-06.

In sum, the Court concluded that because it was CFC's "responsibility to prove its contractual entitlement to attorneys' fees at trial," and because "*the Court heard no evidence or argument on this issue at trial*," CFC "did not carry its burden at trial," and its request for attorneys' fees was denied.  *Id*. at 606-07 (emphasis in original).  The situation for John Hancock in this lawsuit is no different.  It was also required "to prove its contractual entitlement to attorneys' fees at trial," and -- like CFC -- presented no evidence or argument on this issue.  Accordingly, its request for attorneys' fees should also be denied.[9]

Therefore, under the explicit language of Rule 54(d)(2)(A), John Hancock may not recover by post-trial motion its attorneys' fees in this lawsuit it brought for Defendants' breach of the contract, as any such fees were "an element of damages to be proved at trial."

---

[8] The Court also addressed numerous cases cited by CFC to support its claim "that it could wait until after trial to pursue the issue of attorneys' fees," but found that none of them addressed the issue in dispute.  Most of them were distinguishable as "prevailing party" cases.  *Id.* at 606.

[9] *See also Lynch v. Sease*, No. 6: 03-479-DCR, 2006 WL 1206472, *5 (E.D. Ky. May 2, 2006) (denying post-trial motion for attorneys' fees where contract specifically provided for attorneys' fees for breach of certain provisions, as opposed to "prevailing party" clause, because parties requesting fees "failed to present any evidence or testimony at trial establishing that they were entitled to fees"); *In re Crown Vantage, Inc.*, No. C-02-3838 MMC, 2006 WL 680557 (N.D. Cal. Mar. 31, 2006) (allowing amendment of pleading to add claims for attorneys' fees for breach of contract based on Rule 54(d)(2)(A) exemption from post-trial motion procedure for those fees that "are an element of damages to be proved at trial"); *Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1995 WL 493453, *6 (N.D. Ill. Aug. 16, 1995) (attorneys' fees sought as a measure of damages for breach of contract must be proved at trial, as opposed to fees sought under "prevailing party" provision); *Scherman v. Kansas City Aviation Center, Inc.,* No. 92-2211-GTV, 1994 WL 675323 (D. Kan. Nov. 17, 1994) (where contracts at issue contained no explicit provision for payment of attorneys' fees, court denied post-trial claim for fees under implied contractual indemnity as an element of damages that needed to be proved at trial).

## **CONCLUSION**

For the foregoing reasons, John Hancock's post-trial motion for reimbursement of "its costs and expenses, including its attorneys' fees", pursuant to Rule 54(d)(2) should be denied.

Respectfully submitted,

Dated:  June 1, 2006

 /s/ Robert D. Hillman
Steven J. Brooks (BBO # 059140)
Robert D. Hillman (BBO # 552637)
DEUTSCH WILLIAMS BROOKS
DeRENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
Tele.:  617-951-2300

 /s/ Howard D. Scher
Howard D. Scher (admitted *pro hac vice*)
C. Randolph Ross (admitted *pro hac vice*)
Brian J. McCormick, Jr.(admitted *pro hac vice*)
BUCHANAN INGERSOLL PC
1835 Market Street, Floor 14
Philadelphia, PA 19103
Tele.: 215-665-8700

Attorneys for Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III and Vesterra Corporation

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document has been filed electronically today, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and is available for viewing and downloading from the ECF system.

Dated:  June 1, 2006

                                            /s/ Brian J. McCormick, Jr.
                                            Brian J. McCormick, Jr. (admitted *pro hac vice*)

# EXHIBIT A

**From:** McCormick, Brian
**Sent:** Monday, May 01, 2006 9:46 PM
**To:** 'Popeo, Paul'
**Subject:** RE: Attorney Fees Issue

Paul,

This will confirm our agreement as stated below.

Brian

---

**From:** Popeo, Paul [mailto:PPopeo@choate.com]
**Sent:** Monday, May 01, 2006 9:26 PM
**To:** McCormick, Brian
**Subject:** RE: Attorney Fees Issue

Brian: not that none of us are busy ... I want to cross this off my list. Please clear this through Howard and send me a confirmation. Thanks.


Paul D. Popeo

CHOATE

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4074
f 617-248-4000
ppopeo@choate.com
www.choate.com

-----Original Message-----
**From:** McCormick, Brian [mailto:mccormickbj@bipc.com]
**Sent:** Monday, May 01, 2006 12:59 PM
**To:** Popeo, Paul
**Subject:** RE: Attorney Fees Issue

Paul,

I will speak to Howard about this issue  We intend to file 3 motions in limine today  Should I speak to you or Brian @ meet-and-confer?

Brian

---

**From:** Popeo, Paul [mailto:PPopeo@choate.com]
**Sent:** Monday, May 01, 2006 12:46 PM
**To:** McCormick, Brian; Scher, Howard
**Subject:** Attorney Fees Issue

6/1/2006

Howard and Brian:

I am writing to follow up the discussion we had in Court today, and to confirm our agreement that neither Hancock nor Vesterra will present evidence of the amount of fees incurred by their attorneys in this matter.

To the extent the issue of recovery of fees becomes relevant for either party, we will put that issue to Judge Young. Please send me a reply to this email to confirm your agreement. Thanks,

Paul D. Popeo

C H O A T E

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4074
f 617-248-4000
ppopeo@choate.com
www.choate.com

---

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

TAX ADVICE DISCLAIMER: Any federal tax advice contained in this communication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein. If you would like such advice, please contact us.

Above email is for intended recipient only and may be confidential and protected by attorney/client privilege.
If you are not the intended recipient, please advise the sender immediately.
Unauthorized use or distribution is prohibited and may be unlawful.

---

Confidentiality Statement:

6/1/2006

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com