UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP,<br>VESTMONT LIMITED PARTNERSHIP II,<br>VESTMONT LIMITED PARTNERSHIP III,<br>and VESTERRA CORPORATION d/b/a<br>MONTGOMERY SQUARE PARTNERSHIP,<br><br>Defendants/Counterclaim Plaintiffs. | CIVIL ACTION NO. 05-11614-WGY |

## AFFIDAVIT OF PAUL D. POPEO, ESQ. IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO ITS MOTION FOR REIMBURSEMENT OF LEGAL EXPENSES

I, Paul D. Popeo, hereby state under oath:

1. I am a partner, through my professional corporation, in the law firm of Choate, Hall & Stewart LLP. I serve as co-counsel for plaintiff John Hancock Life Insurance Company ("John Hancock" or "Hancock") in the above-entitled action. This affidavit is offered in support of John Hancock's Reply in Response to Defendants' Memorandum of Law in Opposition to Hancock's Motion for Reimbursement of Legal Expenses, which is being filed herewith.

2. On May 1, 2006, following the jury empanelment for this case, I proposed to Howard Scher, lead counsel for defendants Vestmont Limited Partnership, *et al.* (collectively,

"Vestmont" or the "Defendants"), that the parties formally agree to reserve any and all questions relating to the potential recovery of fees and other legal expenses for the Court (specifically, Judge Young) to resolve after trial. At the time of my conversation with Attorney Scher, the Defendants had pending a counterclaim under M.G.L. c. 93A, and John Hancock had made known its intention to seek reimbursement of its legal expenses under the terms of the Loan Commitment. Given the limited amount of time available for testimony and the potential confusion that the issue of legal fees might cause for the jury, the proposal seemed mutually beneficial.

   3. Mr. Scher responded to my proposal by telling me, in court, that he agreed that "the jury should not hear any evidence about attorneys' fees."

   4. Later the same day after I returned to our offices, I sent Mr. Scher and his co-counsel, Brian McCormick, the e-mail message that is appended as Exhibit A to the Defendants' Memorandum of Law in Opposition to Hancock's Motion for Reimbursement of Legal Expenses. In that e-mail message, I expressly sought to confirm the parties' oral agreement that, "[t]o the extent the issue of recovery of fees becomes relevant for either party, we will put that issue to Judge Young." Mr. McCormick subsequently sent me a responsive e-mail message in which he stated, "[t]his will confirm our agreement as stated below." *Id.*

   5. Neither my discussion with Mr. Scher on May 1, 2006, nor the agreement that the parties reached that day concerning the presentation of evidence on the issue of legal expenses, was limited to evidence regarding the amount of attorneys' fees. I made it clear in my discussion with Mr. Scher that my proposal pertained to *any* evidence concerning the issue of fees, and Mr. Scher acknowledged his understanding of my proposal when he stated that the Defendants did not want the jury to "hear any evidence" on the issue.

6. I took the step of securing written proof of the parties' agreement concerning fees from the Defendants on May 1, 2006, because I knew that John Hancock would rely on the agreement in presenting its evidence at trial beginning on May 2. I felt that it was appropriate to rely on my written e-mail correspondence with Mr. Scher and Mr. McCormick to memorialize our agreement, rather than prepare a more formal document, because I believed that, as officers of the Court, they would live up to their word. Because that agreement was reached on May 1, John Hancock did not present any evidence regarding its right to recover attorneys' fees or other legal expenses from the Defendants at trial.

Signed under the pains and penalties of perjury this 6th day of June, 2006.

/s/ *Paul D. Popeo*
Paul D. Popeo

4088394.1