UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>VESTMONT LIMITED PARTNERSHIP,<br>VESTMONT LIMITED PARTNERSHIP II,<br>VESTMONT LIMITED PARTNERSHIP III,<br>and VESTERRA CORPORATION d/b/a<br>MONTGOMERY SQUARE PARTNERSHIP,<br><br>Defendants/Counterclaim Plaintiffs. | CIVIL ACTION NO. 05-11614-WGY |

**PLAINTIFF JOHN HANCOCK LIFE INSURANCE COMPANY'S
MOTION FOR RECONSIDERATION OR CLARIFICATION OF
THE COURT'S JUNE 7, 2006 ORDER REGARDING ATTORNEYS' FEES**

Plaintiff John Hancock Life Insurance Company ("John Hancock" or "Hancock") respectfully moves for reconsideration or clarification of that portion of the Court's Order issued on June 7, 2006 (the "June 7 Order") which found the existence of "factual issues ... with respect to whether there was an express agreement to try the issue of the amount of the attorneys' fees to the Court...." In fact, the parties' court submissions demonstrate that they are in complete agreement that, prior to trial, they pledged that neither would "present evidence of the <u>amount of fees</u> incurred in this matter" to the jury at trial, instead "leaving the determination of such <u>amount</u> for the Court if this 'becomes relevant for either party'" after trial. Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys'

- 2 -

Fees, dated June 1, 2006 ("Defendants' Opposition") at 1-2 (emphasis in original). Because there is no factual dispute between the parties as to whether they agreed to present the issue of the amount of attorney's fees to the Court after trial, John Hancock respectfully requests that the Court reconsider or clarify its June 7 Order, and award Hancock its attorneys' fees, costs and other legal expenses incurred in enforcing its contract rights in this action pursuant to the terms of the Loan Commitment.

The Court determined as a matter of law in its June 7 Order that "the underlying contract's reference to 'costs and expenses' include[d] attorneys fees and costs attendant on enforcing the contract rights." June 7 Order at 1. That determination was entirely proper. *See*, e.g., Teragram Corp. v. Marketwatch.com, Inc., 444 F.3d 1, 9 (1st Cir. 2006) (citations omitted) ("Under Massachusetts law, interpretation of a contract is ordinarily a question of law for the court …"); Edwin R. Sage Co. v. Foley, 12 Mass. App. Ct. 20, 28 (1981) ("It is settled that interpretation of unambiguous language in a written contract is a question of law for the court."). The Court's decision on this issue resolves the only dispute that existed between the parties concerning the recovery of legal fees; *i.e.*, whether Hancock was "entitled to recover such fees in the first place as part of its damages in this case for breach of contract." Defendants' Opposition at 2.

More specifically, defendants Vestmont Limited Partnership *et al.* (collectively, "Vestmont") *do not* dispute that they agreed with John Hancock, prior to trial, to reserve the question of the "amount of fees" to be paid by either side for resolution by the Court after trial, as appropriate. As admitted by Vestmont in its Opposition to John Hancock's Motion for Reimbursement of Legal Expenses, "the parties agreed that neither would 'present evidence of the amount of fees incurred by their attorneys in this matter' at trial, leaving the determination

of such amount for the Court if this 'becomes relevant for either party.'" Defendants' Opposition at 1-2 (emphasis and quotations in the original). In reaching that agreement, the parties voluntarily waived any right to a jury trial concerning the amount of costs and fees to be paid and agreed to submit the issue to the Court for determination after trial pursuant to Fed. R. Civ. P. 54(d).

### Conclusion

For the foregoing reasons, John Hancock respectfully requests that the Court reconsider or clarify its June 7 Order, and award Hancock its attorneys' fees, costs and other legal expenses incurred in this action, as set forth in its original motion papers, in accordance with Fed. R. Civ. P. 54(d).

> JOHN HANCOCK LIFE INSURANCE COMPANY
>
> By its attorneys,
>
> */s/ Brian A. Davis*
> Brian A. Davis (BBO No. 546462)
> Paul D. Popeo (BBO No. 567727)
> Meghan L. Rhatigan (BBO No. 663039)
> CHOATE, HALL & STEWART LLP
> Two International Place
> Boston, MA 02110
> Tele: 617-248-5000
> Fax: 617-248-4000

Date: June 9, 2006

4089584.2

## LOCAL RULE 7.1 AND 37.1 CERTIFICATION

Pursuant to Local Rule 7.1(A)(2) and 37.1(a), the undersigned counsel for the Plaintiff hereby certifies that he has conferred in good faith with counsel for the Defendants concerning the subject matter of this Motion. The parties were not able to resolve or narrow the issues raised therein.

/s/ *Brian A. Davis*
Brian A. Davis

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 9, 2006.

/s/ *Brian A. Davis*
Brian A. Davis

4089584.2