UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, | : : : : | |
| Plaintiff, | : : | |
| v. | : : : | Civil Action No. 05-11614 WGY |
| VESTMONT LIMITED PARTNERSHIP, et al., | : : : | |
| Defendants. | : : | |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF THE
COURT'S JUNE 7, 2006 ORDER CONCERNING
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

On June 7, 2006, this Court entered an Order concerning the motion of Plaintiff John Hancock Life Insurance Company ("John Hancock") pursuant to Fed. R. Civ. P. 54(d) to recover its attorneys' fees incurred in this action. In that Order, the Court ruled "that the underlying contract's reference to 'costs and expenses' includes attorneys fees and costs attendant on enforcing the contract rights." However, a determination on post-trial motion that John Hancock is entitled to recover these fees as part of its damages for breach of contract is expressly precluded by Rule 54(d).

Accordingly, Defendants respectfully move for reconsideration of this Order, as follows:

1.      Fed. R. Civ. P. 54(d), under which John Hancock filed its post-trial motion for attorneys' fees, <u>expressly precludes</u> a post-trial determination that the damages recoverable in this action pursuant to Condition 30(d) include attorneys' fees.

2. Specifically, Rule 54(d)(2)(A) provides that such claims for attorneys' fees may be made by motion after the judgment "**unless** the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." (emphasis added).

3. Here, the Court chose to interpret the language of the "underlying contract," and thus engaged in a substantive ruling of contract interpretation after the trial.[1]  As John Hancock stated in its recently-filed Motion for Reconsideration, the Court's Order, solely based on post-trial motion, decided the issue of "whether Hancock 'was entitled to recover such fees in the first place as part of its damages in this case for breach of contract.'"  Plaintiff's June 9, 2006 Motion for Reconsideration (citing Defendants' Memorandum in Opposition) (emphasis added).

4. However, this is precisely what Rule 54(d) does not allow.  Rule 54(d)(2)(A) provides that a determination that "such fees [are] an element of damages" pursuant to the substantive law of contracts must be proved at (or before) trial, not by post-trial motion.

5. As the advisory committee notes to Rule 54(d)(2) explain, Rule 54 permits the recovery of attorneys' fees by post-trial motion when there are "prevailing party" provisions.  It expressly does not include the post-trial recovery of fees where, as here, the Court must interpret the contract to determine the right to recover such fees.  *See* Fed. R. Civ. P. 54, advisory committee notes ("This new paragraph [Rule 54(d)(2)(A)] establishes a procedure for presenting claims for attorneys' fees, . . ..  As noted in subparagraph (A), **it does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract**; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury.") (emphasis added).

---

[1] For the reasons stated in Defendants' Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees, Defendants also respectfully submit that the Court's interpretation of the language of Condition 30(d) of the contract was incorrect.

6.      Whether or not the contract could be interpreted as a matter of law by the Court, as argued by John Hancock, or should have been submitted to the jury to resolve an ambiguity (as the Court did at the trial with Condition 30(d)), the determination that attorneys' fees are a recoverable element of damages for breach of the contract cannot now be made on post-trial motion.

7.      Finally, Defendants never agreed to reserve for a post-trial determination by the Court the issue of <u>entitlement</u> to attorneys' fees under the substantive law of contracts, which is precisely what the Court did here.  (In addition, as the Court pointed out in its June 7 Order, the parties did not request and the Court did not approve any such post-trial procedure.)

8.      Accordingly, Defendants respectfully request that this Court reconsider its Order of June 7, 2006, interpreting the language of Condition 30(d) of the contract to include attorneys' fees, on the grounds that such a ruling after the trial is contrary to the express provisions of Rule 54(d).

                                        Respectfully submitted,

Dated:  June 14, 2006                    /s/ Robert D. Hillman
                                        Steven J. Brooks (BBO # 059140)
                                        Robert D. Hillman (BBO # 552637)
                                        DEUTSCH WILLIAMS BROOKS
                                        DeRENSIS & HOLLAND, P.C.
                                        99 Summer Street
                                        Boston, MA 02110-1213
                                        Tele.:  617-951-2300

                                         /s/ Howard D. Scher
                                        Howard D. Scher (admitted *pro hac vice*)
                                        C. Randolph Ross (admitted *pro hac vice*)
                                        Brian J. McCormick, Jr.(admitted *pro hac vice*)
                                        BUCHANAN INGERSOLL PC
                                        1835 Market Street, Floor 14
                                        Philadelphia, PA 19103
                                        Tele.: 215-665-8700

                Attorneys for Defendants/Counterclaim Plaintiffs Vestmont Limited Partnership, Vestmont Limited Partnership II, Vestmont Limited Partnership III and Vesterra Corporation

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

  The undersigned conferred with counsel for all parties in a good faith effort to resolve or narrow the issues contained in this motion.

### CERTIFICATE OF SERVICE

  I hereby certify that the foregoing document has been filed electronically today, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and is available for viewing and downloading from the ECF system.

Dated:  June 14, 2006

                /s/ Brian J. McCormick, Jr.
                Brian J. McCormick, Jr. (admitted *pro hac vice*)

4